[Doc. No. 113]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ACCESS 4 ALL, INC., et al., | |
| Plaintiffs, | |
| v. | Civil No. 08-3817(RMB/JS) |
| BOARDWALK REGENCY CORPORATION d/b/a CAESAR'S ATLANTIC CITY HOTEL AND CASINO, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**
**REGARDING PLAINTIFFS' APPLICATION [MOTION]**
**FOR ATTORNEY'S FEES AND COSTS AND EXPERT FEES, WITH APPENDICES**

This matter is before the Court on "Plaintiffs' Verified Application [Motion] for Attorney's Fees and Costs and Expert Fees" [Doc. No. 113].[1]  The Court received defendants' opposition [Doc. No. 124] and plaintiffs' reply [Doc. No. 125].  The Court also held oral argument.  This Report and Recommendation is issued pursuant to 28 U.S.C. §636(b).  For the reasons to be discussed, the Court

---

[1]On July 31, 2008, plaintiffs filed their complaint against Boardwalk Regency Corporation d/b/a Caesar's Atlantic City Hotel and Casino ("Caesar's") [C.A. No. 08-3817].  On September 18, 2008, plaintiffs filed their complaint against Bally's Park Place ("Bally's) [C.A. No. 08-4679]. (Caesar's and Bally's will be collectively referred to as "defendants".)  The same plaintiffs filed both cases.  Counsel for the plaintiffs and defendants are the same in both cases.  On November 9, 2010, the Honorable Renée Marie Bumb consolidated the cases for all purposes and designated C.A. No. 08-3817 as the lead case [Doc. No. 59].  Thus, although there is now only one case, the litigation concerns two separate properties.

respectfully recommends that plaintiffs' application be GRANTED in part and DENIED in part. Plaintiffs' request a total award of $515,479.60. As discussed in detail herein, the Court recommends an award of $295,802.25 in attorney's fees,[2] $92,800.00 in expert fees, and $2,760.87 in costs. The total recommended award is $391,363.12.[3]

**BACKGROUND**

At all relevant times defendants owned and/or operated casino/hotels in Atlantic City, New Jersey. Plaintiffs are disabled individuals within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181 et seq. Plaintiffs' allege defendants violated Title III of the ADA. The gravamen of plaintiffs' complaint is that defendants' facilities violated ADA regulations and guidelines and thereby set up architectural barriers that prevented plaintiffs' full access and enjoyment of defendants' properties.[4]

_____

[2]This includes paralegal fees.

[3]On April 6, 2009, the Court consolidated eight (8) separate ADA actions, including this action, for discovery and case management purposes. [Doc. No. 24]. All of the cases involved hotel/casinos in Atlantic City, NJ. All of the cases except this action proceeded relatively smoothly. See C.A. No. 08-5145 (Showboat), C.A. No. 08-5237 (Harrah's), C.A. No. 08-5238 (Bally's Park Place), C.A. No. 08-5240 (Tropicana), C.A. No. 08-5243 (Showboat), and C.A. No. 08-5244 (Caesar's).

[4]For example, plaintiffs allege, inter alia, that defendants' parking lots, routes from the streets and sidewalks, guest rooms and bathrooms did not comply with applicable ADA standards and guidelines.

2

As will be set forth in more detail herein, the parties vigorously prosecuted, defended and litigated the case. On the eve of the scheduled August 2, 2011 trial, the parties informed the Court that the case settled. On July 29, 2011, an Order of Dismissal was entered [Doc. No. 105]. The final Order approving and entering the parties' consent decrees was entered on October 4, 2011 [Doc. No. 112]. Plaintiffs filed the present motion after the parties' unsuccessfully attempted to mediate a resolution of their attorney's fee claim.

Plaintiffs' lead counsel is Fuller, Fuller & Associates, P. A. ("Fuller") from Florida. At different times John Fuller, Esquire, and then Lawrence Fuller, Esquire, was lead counsel. Plaintiffs' local New Jersey counsel is Alan R. Ackerman, Esquire ("Ackerman"). Plaintiffs' total claim is $515,479.60, broken down as follows:

A.   Attorney's Fees

    1.   Fuller -                    $380,353.15

    2.   Ackerman -                  $13,132.50

    SUBTOTAL                         $393,485.65

B.   Expert Fees                       $92,800.00

C.   Costs                             $29,193.95

    TOTAL for Attorney's Fees,
    Expert Fees and Costs            $515,479.60

Broken down by property, plaintiffs' claim is as follows:

I.   Caesar's

6/25/08 - 1/12/12                 Hours        Amount

3

|                     |        |              |
|---------------------|--------|--------------|
| John Fuller         | 222.45 | $83,658.75   |
| Lawrence Fuller     | 204.10 | $86,742.50   |
| Paralegal           | 30.33  | $3,487.95    |
|                     |        | $173,889.00  |
| Experts             |        | $42,400.00   |
| Costs               |        | $13,268.90   |
| TOTAL               |        | $229,558.10  |

II.  Bally's

| 8/07/08 - 1/12/12   | Hours  | Amount       |
|---------------------|--------|--------------|
| John Fuller         | 242.85 | $96,908.75   |
| Lawrence Fuller     | 247.50 | $105,187.50  |
| Paralegal           | 37.98  | $4,367.00    |
|                     |        | $206,463.95  |
| Experts             |        | $50,400.00   |
| Costs               |        | $14,178.41   |
| TOTAL               |        | $271,042.36  |

III. Alan Ackerman

| 7/31/08 - 7/20/11   | Hours  | Amount       |
|---------------------|--------|--------------|
|                     | 30.90  | $13,132.50   |
| Costs               |        | $1,746.64    |
| TOTAL               |        | $14,879.14[5] |

COMBINED TOTAL:

---

[5]Ackerman submitted one combined bill for Caesar's and Bally's.  Albeit, defendants separated his time on Appendices 1 and 2.

4

| | |
|---|---|
| Caesar's | $229,558.10 |
| Bally's | $271,042.36 |
| Ackerman | <u>$14,879.14</u> |
| | $515,479.60[6] |

To put the present application in context, a discussion of the history of the litigation is appropriate.  The Court has managed the case from its inception and is intimately familiar with all relevant proceedings.

The original named plaintiffs in the case were Peter Spalluto ("Spalluto"), individually, and Access4All, Inc.[7]  Shortly after the complaint was filed Spalluto died.  On May 18, 2009, plaintiffs amended their complaint to substitute Ronald Moore as the named plaintiff [Doc. No. 29].

Throughout the case defendants focused their defense strategy on standing issues.  On February 26, 2009, defendants' motions to dismiss filed on October 30, 2008 [C.A. No. 08-2817, Doc. No. 11; C.A. No. 08-4679, Doc. No. 8] were denied without prejudice.  On May 28, 2010, defendants filed their motion for summary judgment. The motion was denied without prejudice on November 23, 2010 [Doc.

---

[6]This total figure was primarily obtained from the up-to-date bills plaintiffs attached to their Reply Brief [Doc. No. 125].  The Court also examined plaintiffs' "Itemization of Attorney's Fees, Expert Fees and Costs." [Doc. No. 126].

[7]Access4All is a not-for-profit Florida Corporation that attempts to assure that "places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities." Complaint ¶7.

5

No. 69].[8]  Thereafter, an evidentiary hearing was held on February 24, 2011, to address defendants' standing defense.  On March 28, 2011 [Doc. No. 77], defendants' motions for summary judgment were denied.  On May 13, 2011, Judge Bumb scheduled the jury trial to start on August 1, 2011 [Doc. No. 84].

At the same time that the parties litigated defendants' standing defense, the parties conducted "merits" discovery.  After an extended period, fact discovery was completed and expert reports were produced.  After extended "haggling," the Joint Final Pretrial Order was entered on July 7, 2011 [Doc. No. 98].

As noted, the "Final Order Approving and Entering Consent Decrees and Dismissing the Cases" was entered on October 4, 2011. As to Caesar's, the settlement required it to complete the modifications and alterations noted in Caesar's expert report (John Salmen ("Salmen") of Universal Design and Consultants, Inc., dated March 9, 2010), by December 31, 2014.[9]  As to Bally's, by December 31, 2014, it was required to complete the modifications and alterations in Salmen's April 21, 2010 report.[10]

The parties' settlement required Caesar's and Bally's to take

---

[8]In the same Order Judge Bumb dismissed with prejudice plaintiffs' claims "insofar as they allege[d] injury under the ADA, which do not affect mobility--impaired individuals such as Plaintiff Moore."

[9]See Doc. No. 111-2.

[10]See Doc. No. 111-4.

6

substantial corrective actions. See Plaintiffs' Exhibit ("PExh.") B1 (Caesar's) and B2 (Bally's); see also Defendants' Expert Report PExh. H1. Without getting into great detail, remedial work had to be done on defendants' garages, public restrooms, interior paths of travel and common areas, casino floor areas, other gaming areas, baths and spas, access to restaurants, clubs and lounges, and other miscellaneous areas. The work was necessary to meet applicable ADA regulations or guidelines.

The Court's overview of the background of the case does not tell the whole story. Thus far, the Court has not mentioned that the litigation was plagued by regular discovery disputes, frequently on trivial issues. The litigation was also plagued by a lack of cooperation of counsel. Although neither side was free from blame, defense counsel shoulders the brunt of responsibility. It appeared to the Court that the initial defense attorney assigned responsibility for the file had little experience in this area of the law and was often times unprepared. This led to numerous unnecessary discovery disputes, scheduling problems, and requests for extensions of time.[11] By way of example only, see, e.g., Doc. Nos. 6, 40, 42, 50, 59, 88, 91. In addition, the Court was required to intercede in the parties' numerous disputes because defense counsel inexplicably ignored plaintiffs' letters, e-mails

---

[11]For example, defendants repeatedly refused to inform plaintiffs if they were pursuing an undue financial hardship defense. See 42 U.S.C. §12111.

7

and telephone calls.

On May 11, 2010, plaintiffs informed defendants they agreed to settle based on the "findings and comments of Defendants' expert." See May 11, 2010 letter of J. Fuller, Plaintiffs' Reply Brief ("Reply") Exhibit 2, Doc. No. 125-2.   Plaintiffs also sent defendants proposed Consent Decrees to sign.   It appears that defendants did not respond to plaintiffs' settlement overture. This accounts for the fact that the parties did not inform the Court that they reached an agreement in principal to settle until late July, 2011, and the final Consent Decrees were not entered until October 4, 2011.   It was not until the eve of the scheduled August 1, 2011 trial that the parties finally confirmed in writing that the trial could be postponed and the case dismissed.

The Court's experience in the case leads it to conclude that needless litigation took place because the parties did not cooperate.   Not only was there unnecessary bickering, but it appears that the parties wasted an opportunity to settle the case in May, 2010, or shortly thereafter, for essentially the same terms approved on October 4, 2011.   This caused the needless expenditure of time and money.   The parties' clients were shortchanged given that substantial transaction costs were wasted and the litigation was unreasonably protracted.   The Court will take this into consideration when it analyzes plaintiffs' application.   Plaintiffs should not be penalized because defendants put off meaningful

8

settlement negotiations. For example, even though the case did not go to trial, plaintiffs had to prepare as though this would occur. Until defendants finally confirmed they agreed to settle, plaintiffs had no choice but to prepare for the scheduled August 1, 2011 trial.[12]

**DISCUSSION**

Plaintiffs seek attorney's fees pursuant to 42 U.S.C. §12205 which states:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, ....

---

[12]It is noteworthy that defendants' challenges to plaintiffs' application are directed more to individual time entries than blocks of time. Had counsel timely produced relevant discovery and responded to plaintiffs' calls, e-mails and letters, numerous discovery and scheduling disputes would have been avoided. The time spent on these unnecessary disputes was substantial. In addition, as noted, had defendants pursued serious settlement negotiations with plaintiffs in May 2010, substantial transaction costs would have been saved. Nonetheless, defendants will not be penalized for waiting until after the trial date was set to conduct settlement negotiations. Defendants had a right to pursue their standing defense which was ultimately unsuccessful. The Court's analysis of defendants' objections to plaintiffs' application, therefore, will not penalize defendants for pursuing their standing defense. However, the Court will also not penalize plaintiffs for preparing for a trial that did not occur. Accordingly, as is noted on the attached Appendices, the Court overruled defendants' objections to the time plaintiffs spent preparing for a trial that did not occur. The Court is aware that it was not until the eve of the scheduled trial that defendants agreed to settle. Plaintiffs had to prepare for trial because they were informed that the trial date would not be changed absent written confirmation that both parties agreed to settle.

In order to recover attorney's fees pursuant to this statute, a plaintiff must be a prevailing party.  See Buckhannon Bd. v. West Virginia D.H.H.R., 532 U.S. 598 (2001).  A plaintiff is a prevailing party if it is "awarded some relief" by the court and it "achieved an alteration in the legal relationship of the parties."  Id. at 603-05. "Enforceable judgments" on the merits in court-ordered consent decrees create the "material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees."  Id. at 605.  In view of the fact that the Court approved the parties' consent decrees on October 4, 2011, defendants do not contest that plaintiffs are prevailing parties.

Defendants argue plaintiffs are not entitled to attorney's fees because they are "professional litigants" and they "failed to give Defendants notice of, and an opportunity to remedy, any alleged ADA violations before instituting these actions." See Defendants' Brief ("Deft. Brief") in Opposition at 7, 9. Defendants cite no case law defining the term "professional plaintiff."  They also cite no case law, and none has been uncovered, to support the argument that a plaintiff who files multiple ADA cases is not entitled to attorney's fees.  In addition, even defendants admit there is no case law to support their argument that pre-suit notice is required under the ADA. ("Defendants acknowledge that notice and an opportunity to remedy are not legal prerequisites to the institution of an ADA Title III

action." Id. at 9.)

Plaintiffs' reliance on Association of Disabled Americans v.
Neptune Designs, Inc. ("Neptune Designs"), 469 F.3d 1357 (11th.
Cir. 2006), is misplaced. In that case, the plaintiffs appealed
from a final Order of the District Court adopting the Magistrate
Judge's Report and Recommendation which reduced the award of legal
fees and expert costs on the ground that the plaintiffs failed to
provide pre-suit notice of the alleged ADA violations to defendant.
In its decision, the Eleventh Circuit specifically noted "the ADA
does not require pre-suit notice for claims filed against private
public accommodations." Id. at 1359-60. The Court further stated,
"[a] person may file a suit seeking relief under the ADA without
ever notifying the defendant of his intent to do so, and the
district court may not dismiss the suit for lack of pre-suit
notice." Id. at 1360. The Court also stated, "[w]e stress that
pre-suit notice is not required to commence suit under the ADA and
lack of pre-suit notice does not compel a reduction of the
requested fee award." Id. at 1360.

The Court agrees, as noted in Neptune Designs, that in
awarding attorney's fees the District Court has discretion to
consider whether the litigation is frivolous or whether the
plaintiffs failed to settle after receiving a fair offer. Id. at
1360. The Court also agrees that "where the factual record
supports a finding that the plaintiffs filed or maintained a suit

11

unnecessarily, a district court may properly consider such a finding in setting the amount of attorney's fees." Id. at 1360. Nevertheless, there are no facts of record to support an argument that plaintiffs rejected a reasonable settlement offer, unnecessarily prolonged the litigation, or proceeded with litigation in bad faith. To the contrary, throughout the history of the case defendants ignored plaintiffs' repeated efforts to engage in meaningful settlement negotiations. In fact, even after plaintiffs informed defendants they agreed to settle on the basis of defendants' expert reports, defendants steadfastly refused to enter into meaningful settlement negotiations. Defendants' argument that plaintiffs should be denied fees because they did not give defendants "notice of an opportunity to remedy any alleged ADA violations before instituting these actions" (Deft. Brief at 9), is frivolous. Even if such notice had been given, it would have been fruitless because of defendants' litigation strategy. It was only the specter of an imminent inflexible trial date that finally motivated defendants to enter into settlement discussions.

Having determined that plaintiffs are prevailing parties, the Court turns to the issue of what fees and costs are recoverable. Reasonable attorney's fees are computed by multiplying the reasonable hourly rate by the reasonable number of hours expended. This amount is the lodestar. In calculating the lodestar formula, the Court must "carefully and critically evaluate the hours and the

hourly rate put forth by counsel." <u>Blakey v. Continental Airlines,</u>
<u>Inc.</u>, 2 F. Supp. 2d 598, 602 (D.N.J. 1998)(quotation omitted); <u>see</u>
<u>also</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).   The party
seeking a fee is required to submit evidence to support the
reasonableness of its request.  <u>Id.</u>  Plaintiffs have the burden of
proof as to the reasonableness of their claimed hourly rate.
<u>Interfaith Comm. Org. v. Honeywell Intern., Inc.</u>, 426 F.3d 694, 703
n.5 (3d Cir. 2005).  "It is the general rule that a reasonable
hourly rate is calculated according to the prevailing market rates
in the community." <u>P.N. v. Clementon Bd. of Educ.</u>, 2007 WL
1186552, at *2 (D.N.J. April 20, 2007).  This burden is normally
addressed by affidavits prepared by other attorneys in the relevant
legal community. <u>Id</u>  The relevant market is what attorneys with
comparable experience bill per hour in Southern New Jersey.  <u>See</u>
<u>L.J. ex rel. V.J. v. Audobon Bd. of Educ.</u>, 2009 WL 995458, at *11
(D.N.J. April 13, 2009)(citations omitted)(rejecting an affidavit
from a Philadelphia attorney because the rates charged in a large
metropolitan area are likely to be higher than those charged by
attorneys practicing in Southern New Jersey).[13]

[13]Relying upon <u>Public Interest Research Group of New Jersey,</u>
<u>Inc. v. Windall</u>, 51 F.3d 1179 (3d Cir. 1995), the Court disagrees
with plaintiffs' argument that the entire State of New Jersey,
rather than Southern New Jersey, is the relevant legal market.
The <u>Windall</u> decision focused on the issue whether the rates in
the forum state (New Jersey) should be used rather than the rates
where the plaintiff's attorneys were located (Washington, DC).
<u>Id.</u> at 1186-1188.  In addition, plaintiffs have not argued that
few South Jersey law firms were available to represent them.  <u>Id.</u>

After the Court decides the appropriate hourly rate to award, the Court then must decide whether hours were "reasonably expended." To do this the Court must examine the record to determine that the hours billed are not "unreasonable for the work performed." <u>Washington v. Philadelphia County Court of Common Pleas</u>, 89 F.3d 1031, 1037 (3d Cir. 1996). The higher the hourly rate charged by an attorney based upon his or her skill and experience, the shorter the time it should take the attorney to perform a particular task. <u>Apple Corps. Ltd. v. International Collectors Soc.</u>, 25 F. Supp. 2d 480, 490-91 (D.N.J. 1998)(citation omitted); <u>Deptford Township School District v. H.B. ex rel. E.B. ("Deptford Township")</u>, 2006 WL 3779820, at *5 (D.N.J. Dec. 21, 2006); <u>P.N.</u>, <u>supra</u>, at *2. General education or background research should not be charged to the client. <u>Spectrum Produce Distributing, Inc. v. Fresh Marketing, Inc. ("Spectrum Produce")</u>, 2012 WL 2369367 (D.N.J. June 20, 2012)(citation omitted). Further, time to perform clerical work should not be billed at an attorney's hourly rate. <u>Id.</u> at *8.

As noted by the Third Circuit, "the burden remains on the party requesting the fee to prove its reasonableness, and the court has a positive and affirmative function in the fee fixing process, not merely a passive role." <u>Interfaith Comm. Org.</u>, 426 F.3d at 713 (internal quotations and citations omitted); <u>Loughner v. Univ. of</u>

at 1187.

Pittsburgh, 260 F.3d 173, 178 (3d Cir. 2001) (internal quotation omitted). To the extent there is a doubt as to the amount of fees to be awarded, the doubts should be resolved against an award of fees. Spectrum Produce, supra, at *8. "This is because the party seeking to recover attorney's fees bears the burden of establishing its right to them." Veneziano v. Long Island Pipe Fabrication & Supply Corp., 238 F. Supp.2d 683, 695 (D.N.J. 2012). Attorneys requesting fees must document with specificity the hours for which reimbursement is sought. Washington, supra, at 1037; Deptford Township, supra, at *4. The burden is on the attorney to maintain records that permit the reviewing court to assess their recoverability. Hensley, supra, at 437. If the documentation of hours is inadequate, the court may reduce the award. Id. A court must do more than a cursory review of billing records and must "go line, by line" through the billing records supporting the fee request. P.N., supra, at *2 (citation omitted).

Although the Court "cannot decrease a fee award based on factors not raised at all by the adverse party," the opposing party's challenge need only be sufficiently specific to place the moving party on notice as to the grounds for the challenge. Rode v. Dellarciprete, 892 F.2d 1177, 1184 (3d Cir. 1990)(internal quotation omitted); see also Loughner, supra, at 178. Additionally, the opposing party's obligation to challenge the fee application does not eliminate the Court's obligation to determine whether the fee application is facially reasonable. Id. at 178-180

(outlining the proper standards and procedures relating to the fee application process).

Turning to the specifics of plaintiffs' application, plaintiffs seek the following hourly rates:

Lawrence A. Fuller -    $375

John P. Fuller -        $375

Alan R. Ackerman -      $425

Paralegal -             $115

Lawrence Fuller was admitted to the Florida Bar in 1974. PExh. C1. John Fuller was admitted to the Florida Bar in 1979. PExh. C2. Ackerman was admitted to the New Jersey Bar in 1974. Plaintiffs argue in support of their proposed rates:

> [c]ourt holdings in the past few years in the District of New Jersey provide evidence of the going rate in the community. Rates ranging from $425 to $600 per hour have been found by the District Court of New Jersey to be reasonable in similar types of litigation over the past few years for attorneys, like Lawrence Fuller and John Fuller and Alan Ackerman, each of whom have more than 25 years of legal experience.

Plaintiffs' Memorandum of Law ("Memo of Law") at 5. However, the cases plaintiffs rely on are inapposite. See Illinois National Insurance Company v. Wyndham Worldwide Operations, Inc. ("Illinois National"), 2011 WL 2293334 (D.N.J. June 7, 2011); Gary S. Wade v. State Trooper Michael Colaner ("Wade"), 2010 WL 5479625 (D.N.J. Dec. 28, 2010). Neither of these cases was filed in the Camden vicinage. The cases also did not address ADA issues. Illinois National involved a complex insurance coverage dispute and

16

Wade involved an action filed pursuant to 42 U.S.C. §1983. Furthermore, simply because plaintiffs legal team was admitted to the bar more than 25 years ago does not necessarily guarantee them a high hourly rate. While this is a factor the Court considers, not all attorneys graduating the same year from law school are in lockstep. Unlike other reported cases, plaintiffs' attorneys simply included their resumes in the record and did not properly substantiate their experience in ADA cases.[14]

In support of their claimed hourly rates, plaintiffs rely upon the affidavits of Jonathan L. Albert, Esquire ("Albert")(PExh. I), and Anthony J. Brady, Esquire ("Brady")(PExh. I2). Neither of the affidavits is helpful. Mr. Albert is not a member of the New Jersey bar and has not submitted any evidence that he ever practiced in South Jersey.[15] Nor did Albert identify with any specificity his experience litigating ADA cases. As to Brady, although he opines that plaintiffs' proposed rates are reasonable (Certification ¶5), he does not cite one New Jersey case where plaintiffs' proposed rates were awarded in an ADA case. Accordingly, the Court finds that plaintiffs have not satisfied their burden of proving that their proposed rates are reasonable

---

[14]The Court will not consider plaintiffs' unsubstantiated averments of fact (Memo. of Law at 17-18) that are not supported by an affidavit/certification.

[15]Mr. Albert appears to have been admitted pro hac vice in one New Jersey case pending in Newark. Certification ¶3.

and appropriate.[16]

Having determined that plaintiffs did not satisfy their burden as to their proposed rates, the question becomes what rates are appropriate. To answer this question the Court must use its discretion to determine the market rate. Washington, 89 F.3d at 1036; Loughner, 260 F.3d at 180 ("Having rejected the prevailing party's evidence of rates, the District Court was free to affix an adjusted rate."). To answer this question the Court looks to defendants' Opposition Brief [Doc. No. 124]. With regard to L. Fuller and A. Ackerman's pre-settlement work, defendants concede $360 per hour rate is a reasonable rate. Deft. Brief at 10. Defendants base this figure on the $325 per hour the Court approved for L. Fuller in Access4All v. AAMJ, LLC, 2007 WL 655491 (D.N.J. Feb. 27, 2007), plus a 9.4 inflation rate. Id. at 10-11. The Court agrees this is a reasonable rate for Messrs. Fuller and Ackerman and will award this rate. Although defendants propose $330 per hour for J. Fuller, the Court does not approve this lower rate. J. Fuller appears to have comparable experience and expertise to L. Fuller and Ackerman and there does not appear to be a principled reason to distinguish amongst them.

The Court declines defendants' proposal to approve a lower hourly rate for defense counsel ($120) based on the nature of the

---

[16]Although the Court agrees it is efficient to use a paralegal for certain tasks, plaintiffs did not produce any evidence to justify the proposed $115 per hour rate.

18

work they did.  Defendants propose that the rate for plaintiffs'
counsel  be reduced to $120 per hour for work done after the case
settled, e.g., preparation of plaintiffs' fee application.  Deft.
Brief at 10 n. 6.  The Court rejects this argument.  A party
entitled to a fee award is also entitled to reimbursement for the
time spent to prepare a fee application.  Planned Parenthood of
Cent. New Jersey v. Attorney General of State of New Jersey, 297
F.3d 253, 268 (3d Cir. 2002).  Defendants cite no binding authority
for their proposal that the time spent to prepare a fee application
should be billed at a lower rate than other work on the case.
However, when evaluating the hours spent on plaintiffs' fee
application the Court will consider the routine nature of the work
along with counsel's experience.  In addition, the higher the
billing rate the more efficient the work should be performed.
Glass v. Snellbaker, 2008 WL 4416450 (D.N.J. Sept. 23, 2008)("[A]
significant [billing] rate buys a client the efficiency, experience
and expertise of an attorney practiced at representing clients in
just this type of litigation.").

     As to the proposed paralegal rate, plaintiffs did not submit
any proof to justify an award of $115 per hour.  The Court will
only award the $75 per hour rate conceded by defendants.  Deft.
Brief at 10.

     Plaintiffs' request for an enhancement or multiplier on their

19

lodestar is denied.[17]  Plaintiffs' do not discuss the Supreme
Court's decision in <u>Perdue v. Kenny A. ex rel. Winn</u>, __ U.S. __,
130 S. Ct. 1662 (2010).   In that case the Court ruled that
enhancements may only be awarded in "rare" and "exceptional
circumstances."  <u>Id.</u> at 1673.  This conclusion derives from the
notion that the lodestar figure already includes most, if not all,
of the relevant factors constituting a reasonable attorney's fee.
<u>Id.</u>  The burden  of proving that an enhancement is necessary is on
the fee applicant.  <u>Id.</u>   The lodestar fee is "presumptively
sufficient" to achieve its objective.  <u>Id.</u>

    Plaintiffs have not satisfied their burden of demonstrating
that this is a "rare" and "exceptional" case where an enhancement
is necessary.  Insofar as the merits of the case are concerned,
this was a fairly straightforward ADA case.  Although defendants'
facilities were not small, they were not enormous.  Further, the
case did not present any especially difficult or novel legal
issues. The standing issue addressed by Judge Bumb was not unusual
or novel and had already been addressed in other New Jersey cases.
In addition, the case was not extraordinarily lengthy and
plaintiffs did not outlay an exorbitant amount of out-of-pocket
expenses.  It is true that discovery in the case was lengthy.
However, this was due more to the parties' failure to cooperate
than the complexity of the litigated issues.  A good indication

---

[17]<u>See</u> Certification of J. Albert ¶17 (opining that a
multiplier of 1.7 to 2.2 is appropriate).

that an enhancement is inappropriate is the fact that it appears
none was granted or agreed upon in any of the other similar
consolidated cases.  See n.3, infra.

Having determined the appropriate hourly rate to apply, the
next issue to address is whether plaintiffs' claimed hours were
reasonably spent.   In this regard, the defendants prepared
spreadsheets listing all of plaintiffs' time entries with hundreds
of objections.  Defendants' objections fit into the following main
categories:

1.  Duplicate entries of attorney hours.
2.  Attorney hours and costs where description lacks
    sufficient information for fee award.[18]
3.  Attorney hours for conduct unrelated to this
    action.[19]
4.  Attorney hours and costs resulting from the long
    distance travel of plaintiffs' pro hac vice counsel
    and undocumented travel expenses.[20]

---

[18]Attorneys seeking fees must document the hours for which
compensation is requested "with sufficient specificity....
[W]here the documentation of hours is inadequate, the district
court may reduce the award accordingly."  Washington, 89 F.3d at
1031.  Generally speaking, plaintiffs' descriptions are adequate
and provide sufficient detail to identify the specific work done.

[19]Defendants argue that because Spalluto died during the
litigation, all communications with him are immaterial.  Deft.
Brief at 17 n. 13.  The Court disagrees.  The Court also
disagrees with defendants' argument that all pre-complaint
communications with Moore are immaterial.  Id. at n. 22.  The
fact that Spalluto died was not expected and was not plaintiffs'
fault.  The work counsel did with Spalluto contributed to the
final result and should be compensated.  Similarly, counsel's
work with Moore in connection with the case, but before the
complaint was formally amended, also contributed to the final
outcome and should be compensated.

[20]As to travel time, it is generally compensable if legal
work is being performed during the travel.  Glass, 2008 WL
4416450, at *9.  However, the Court has discretion to reduce the

5.  Attorney hours and costs related to the admission, and electronic noticing, of pro hac vice counsel.[21]
6.  Attorney hours spent on unnecessary tasks.
7.  Attorney hours relating to Lawrence D. Fuller's preparation for and appearance at the evidentiary hearing.[22]
8.  Attorney hours conducting post-complaint legal research on the issue of plaintiffs' standing in these actions.[23]

---

claimed travel time to one-half of counsel's rate if there is no indication that legal services were rendered en route. Id. at *10. Counsels' travel time will be reduced by one-half because there is no indication they performed legal work while they traveled.

[21]To the extent the argument is made, the Court rejects the notion that none of the time spent by local New Jersey counsel is reimbursable. Courts in the District have historically compensated local counsel's time. See Perez v. Midland Funding LLC, 2011 WL 5156869, at *5 n.6 (D.N.J. Aug. 11, 2011), adopted 2011 WL 5127767 (D.N.J. Oct. 27, 2011); Employers Ins. Co. of Wausau v. Harleysville Inc., 2008 WL 5046838, at *2-3 (D.N.J. Nov. 20, 2008). Nevertheless, the Court will reduce excessive time spent on pro hac vice applications (id.), and otherwise deduct time and costs not reasonably spent or documented.

[22]The Court rejects this argument. It was not unreasonable for J. Fuller and L. Fuller to both attend the February 2011 evidentiary hearing. The hearing was held in connection with defendants' key defense and was case dispositive. The plaintiffs were justified in arranging for their key counsel to prepare for and attend the hearing.

[23]To the extent defendants argue that no post-complaint standing research should be compensated, the argument is rejected. Even experienced attorneys are not expected to know the nuances of all relevant standing law, and all relevant recent developments. Further, the Court believes it is unreasonable to expect plaintiffs' attorneys to respond to defendants' motions and arguments and not research the relevant law. Indeed, if the plaintiffs did not do research they could be accused of violating the Rules of Professional Conduct and Fed R. Civ. P. 11. Nevertheless, the Court closely analyzed the hours spent on plaintiffs' standing legal research to assure that only time reasonably spent is compensated. The Court's analysis identified the time spent related to specific issues, motions and briefs. While in toto the time spent may seem high, when the time is categorized it appears to the Court that most of the research

9.  Attorney hours responding to defendants' standing-based dispositive motions.[24]
10. Excessive attorney hours for the tasks completed.
11. Attorney hours for tasks which could, and should have, been performed by legal staff.
12. Attorney hours for tasks which could, and should have, been performed by a paralegal.
13. Paralegal hours for tasks which could, and should have, been performed by legal staff.
14. Excessive paralegal hours for the tasks completed.

In addition to what has already been set forth, the following discussion summarizes the legal principles the Court will apply to determine if plaintiffs' claimed hours were reasonably spent.

A prevailing party is not automatically entitled to compensation for all the time spent working on a case. The burden of establishing the reasonableness of the number of hours spent on a case is on plaintiffs, the party requesting an award. S.A. v. Riverside Delanco School Dist. Bd. of Educ., 2006 WL 827798, at *5 (D.N.J. March 30, 2006). A court may reduce hours if the attorney's time records are sloppy and imprecise and "fail to document adequately how he or she utilized large blocks of time." L.J. ex rel. V.J., 2009 WL 995458, at *17. Hours spent that are excessive, redundant and otherwise unnecessary are not compensable. Interfaith, 426 F.3d at 711. For example, "the wasteful use of highly skilled and highly priced talent for matters easily delegable to non-professionals or less experienced associates will not be tolerated." Microsoft Corp. v. United Computer Resources of

---

time was reasonably spent. Albeit, some deductions were made.

[24]See discussion in n. 23, infra.

New Jersey, Inc., 216 F. Supp. 2d 383, 391 (D.N.J. 2002)(citation and quotation omitted).   Further, the higher the allowed rate commanded based upon skill and experience the shorter the time it should take an attorney to perform a particular task.   Employers Ins. Co. of Wausau, supra, at *4 (citation and quotation omitted). As noted in Perez, supra, at *5, "[the] Court will not allow an award of fees based on attorneys unreasonably performing the same work, the performance of unnecessary work, or expending an unreasonable number of hours on simple straightforward tasks." The Court will also exclude hours that are not reasonably expended because of excessiveness, redundancy or lack of necessity.   Mosaid Tech. Inc. v. Samsung Elecs. Co., 224 F.R.D. 595, 597 (D.N.J. 2004).

As to time claimed by experts, the moving attorney also bears the burden to justify the time claimed.   Interfaith Comm. Org., 426 F.3d at 714.   "[T]he district court has the obligation to conduct a thorough and searching review of the time claimed by a prevailing party's experts." Id. at 714.   The Court will apply the same legal principles discussed above to the claimed hourly rate and hours requested by plaintiffs' expert.

Having set forth the applicable legal principles, the Court reviewed in detail all of plaintiffs' claimed time and costs.  This is consistent with the Court's obligation to "go line, by line, by line" through the billing records supporting the fee request. Evans v. Port Authority of New York and New Jersey, 273 F.3d 346,

362 (3d Cir. 2001). Attached as Appendix 1 is the Court's analysis
of plaintiffs' billing for the Caesar's claim through October 14,
2011.   Attached as Appendix 2 is the Court's analysis of
plaintiffs' billing for the Bally's claim through October 14, 2011.
The Court addressed all of defendants' objections.   In the
"footnote" column, the Court indicated if defendants' objection was
sustained ("S") or overruled ("O"). If the objection was sustained
in toto, all claimed time will be deducted, and the time to be
deducted noted.   If there is no indication work was conducted
during travel, and as noted herein, one-half of the time will be
deducted. This will be designated with a "T" with the hours to be
deducted listed. If the Court sustained in part and overruled in
part defendants' objection, and disallowed some but not all of the
claimed hours and charges, this is indicated by "SIP" with a
notation of the amount of time deducted.   All hours to prepare
plaintiffs' fee application are designated with an "F." The Court
will separately address these hours. Defendants' spreadsheet for
Caesar's (Appendix 1) runs from June 25, 2008 to October 14, 2011.
Attached as Appendix 3 is the analysis of the time and costs spent
on Caesar's from October 15, 2011 to January 12, 2012.   The
spreadsheet for Bally's (Appendix 2) runs from August 7, 2008
through October 14, 2011. Attached as Appendix 4 is the analysis
of the time and costs spent on Bally's from October 15, 2011 to
January 12, 2012.   Several of the entries on Appendices 1 and 2
include footnotes.   The notes are included as Appendix 5 and

25

provide further explanation for the Court's rulings on defendants'
objections.

As noted, plaintiffs are entitled to reimbursement for the
time spent to prepare their fee application. However, the time
will be scrutinized to the same extent as the other time
plaintiffs' attorneys are claiming. According to the Court's
analysis, the Fuller firm spent a total of 109.4 hours preparing
their fee application, broken down as follows:

Hours Spent on Fee Application[25]

|  | Caesar's | Bally's | Totals |
|---|---|---|---|
| John Fuller | 4.2 | 29.7 | 33.9 |
| Lawrence Fuller | 51.8 | 23.7 | 75.5 |
|  | 56.0 | 53.4 | 109.4 |

This summary includes the 8.4 hours J. Fuller spent on September 23
and 24, 2009, and plaintiffs' estimate of 9.0 hours to attend the
fee hearing on January 12, 2009. The dollar value of plaintiffs'
fee application claim is $39,384.00 (109.4 x $360).

Ordinarily the Court would have no hesitation in ruling that
109.4 hours to prepare a fee application is excessive. After all,
the Fullers are experienced ADA litigators and have undoubtedly
filed numerous fee applications. By now plaintiffs should be
familiar with the applicable law and the necessity to submit
descriptive time bills. Therefore, a fee application should be a

---

[25]All fee application work is designated with an "F" in
Appendices 1, 2, 3 and 4.

fairly straightforward matter that does not necessitate an inordinate amount of time. This case is a little different, however, because plaintiffs had to spend an excessive amount of time responding to numerous meritless objections.[26] The Court will take this into account in its analysis. Plaintiffs should not be penalized because they were compelled to research and respond to defendants' meritless objections. In addition, the Court will take into account the fact that defendants filed an 83 page Brief, and voluminous attachments, in response to plaintiffs' fee application [Doc. No. 120 (1-21)]. The Court struck the Brief on the ground that its length exceeded the page limitation in the Local Rules of Procedure. See December 8, 2011 Order, Doc. No. 123. Plaintiffs should not be penalized for the time they spent to review plaintiffs' Brief that was eventually struck.

Having reviewed plaintiffs' fee application closely, the Court will deduct 10 hours from J. Fuller's hours and 25 hours from L. Fuller's hours. Thus, the net hours plaintiffs may recover for their fee application is 74.4 (109.4 - 35.0). The Court's deduction is a little less than one-third of the time spent on plaintiffs'

---

[26] These objections include, but are not limited to, the arguments that (1) plaintiffs are not entitled to fees because they are "professional plaintiffs"; (2) plaintiffs should have given defendants an "opportunity to cure" before they filed their lawsuit; (3) trial preparation work should not be compensated because the case settled; (4) communications with plaintiff Peter Spalluto should be deducted because he died; and (5) plaintiffs' expert fees are not recoverable because plaintiffs used "professional experts."

fee application.[27] The Court's analysis accounted for the fact that L. Fuller estimated he would spend 9.0 hours traveling to and attending the hearing on plaintiffs' fee application.

The following chart summarizes the Court's final computation of the number of billable hours recoverable by plaintiffs' attorneys. These totals include plaintiffs' fee application hours.

### Caesar's

|  | Hours Claimed | Total Hours Deducted | Net Hours | Dollar Value Recoverable |
|---|---|---|---|---|
| J. Fuller ($360) | 222.45 | 19.65 | 202.80 | $73,008.00 |
| L. Fuller ($360) | 204.10 | 23.45 | 180.65 | $65,034.00 |
| Paralegal ($75) | 30.33 | 1.0 | 29.33 | $2,199.75 |
| Total |  |  |  | $140,241.75 |

### Bally's

|  | Hours Claimed | Total Hours Deducted | Net Hours | Dollar Value Recoverable |
|---|---|---|---|---|
| J. Fuller ($360) | 242.85 | 34.15 | 208.70 | $75,132.00 |
| L. Fuller ($360) | 247.50 | 54.95 | 192.55 | $69,318.00 |
| Paralegal ($75) | 37.98 | 0 | 24.78 | $1,858.50 |
| Total |  |  |  | $146,308.50 |

### Alan A. Ackerman, Esquire

|  | Hours Claimed | Total Hours Deducted | Net Hours | Dollar Value Recoverable |
|---|---|---|---|---|
| A. Ackerman ($360) | 30.90 | 5.20 | 25.70 | $9,252.00 |

---

[27]For the sake of expediency, all the hours will be deducted from the totals for Bally's.

28

                    TOTAL FEES          $295,802.25
                    RECOVERABLE

     With regard to expert fees, plaintiffs claim $42,400.00 (212
hours) for Caesar's and $50,400.00 (252 hours) for Bally's, for a
total expert fee of $92,800.00. The expert's bills are attached as
PExh. F1, 2. The expert's reports are attached as PExh. E1, 2, 3,
4. The expert's billable rate is $200.00 per hour.[28]

     Although defendants argue the time spent by plaintiffs' expert
was excessive, the Court disagrees. The expert conducted
comprehensive inspections of defendants' large facilities and
prepared detailed reports. The complexity, length and level of
detail in the expert's reports evidences the substantial time it
took to complete the work. Further, substantial time had to be
spent to prepare for trial. The effort was a necessity given the
inflexible August 1, 2011 trial date. Thus, the Court will award
plaintiffs the full amount of their expert's bills or $92,400.[29]

     The authority to award reasonable attorney's fees "includes
the authority to award reasonable out-of-pocket expenses ...
normally charged to a fee-paying client in the course of providing
legal services." Planned Parenthood, 297 F.3d at 267 (citation

---

     [28]The Court finds that $200 for plaintiffs' expert is a
reasonable rate for the work performed. Defendants do not object
to the rate.

     [29]Defendants argue plaintiffs' expert fees should not be
reimbursed because the experts are professional ADA litigators.
Deft. Brief at 50. The argument is rejected for the same reasons
defendants' similar argument regarding attorney's fees was
rejected.

omitted). Nonetheless, plaintiffs cost claim documentation is deficient. Plaintiffs only provided a minimal number of receipts for significant out-of-pocket costs such as travel expenses. Plaintiffs did not even serve an affidavit averring that the listed costs were actually incurred and paid, and that they only billed for the actual costs incurred. Plaintiffs also did not provide an explanation of how they computed their copying and postage charges. As such, plaintiffs' cost claim will be significantly reduced. See Port Drivers Federation 18, Inc. v. All Saints, 2011 WL 3610100, at *10 (D.N.J. Aug. 16, 2011)(declining to reimburse undocumented costs). With regard to all claimed costs above $50.00, the Court will only grant reimbursement if a receipt was provided. The Court will not require this level of documentation for cost claims below $50.00. The Court's rulings on plaintiffs' claimed costs are included in Appendices 1, 2, 3, 4.

For two reasons the Court will reject any suggestion that plaintiffs should be given an opportunity to supplement their submission to supply the missing documentation. One, plaintiffs are experienced ADA litigators who have undoubtedly served numerous fee applications in their careers. Plaintiffs know or should know that they have the burden to show the reasonableness of their claimed fees and costs. Interfaith Comm. Org., 426 F.3d at 712. Second, plaintiffs have already been given an opportunity to address defendants' objections. Defendants detailed spreadsheets (Addendums 1 and 2) objected to many of plaintiffs' claimed costs

30

on the ground that plaintiffs' costs were "undocumented." <u>See</u> <u>also</u> Deft. Brief at 53-56. When plaintiffs filed their Reply Brief they did not take advantage of the opportunity they had to submit their missing documentation. "[A] fee request is not the opening salvo in a back and forth negotiation with the court. The request is not the sticker price on a used car that all parties understand is the starting point for spirited dickering." <u>M.G. v. Eastern</u> <u>Regional High School Dist.</u>, 2009 WL 3489358, at *11 (D.N.J. Oct. 21, 2009), <u>vacated</u> <u>and</u> <u>remanded</u> <u>on</u> <u>other</u> <u>grounds</u>, 386 Fed. Appx. 186 (3d Cir. 2010).

In sum, the Court finds that the following amounts are recoverable:

<u>Caesar's</u>

|  |  |
|---|---|
| Attorney's Fees - | $140,241.75 |
| Expert Fees - | $42,400.00 |
| Costs - | $886.77 |
| | $183,528.52 |

<u>Bally's</u>

|  |  |
|---|---|
| Attorney's Fees - | $146,308.50 |
| Expert Fees - | $50,400.00 |
| Costs - | $1,874.10 |
| | $198,582.60 |
| A. Ackerman Fees- | $9,252.00 |
| TOTAL | $391,363.12 |

Stated another way, the following amounts are recoverable:

31

```
        Attorney's Fees  -  $295,802.25
        Expert Fees      -   $92,800.00
        Costs            -    $2,760.87
 TOTAL                      $391,363.12
```

## CONCLUSION

In conclusion, and for all of the foregoing reasons, it is respectfully recommended that plaintiffs' "Verified Application [Motion] for Attorneys Fees and Costs and Expert Fees" be GRANTED in part and DENIED in part. The Court recommends that plaintiffs be awarded a total of $391,363.12. This is comprised of $295,802.25 in attorney's fees, $92,800.00 in expert fees, and $2,760.87 in costs. Pursuant to Fed. R. Civ. P. 72 and L. Civ. R. 72.1(c)(2), the parties shall have fourteen (14) days from the date of service of this Order in which to file their objections with the Court.[30]

                                    s/Joel Schneider
                                    JOEL SCHNEIDER
                                    United State Magistrate Judge

DATED: June 28, 2012

---

[30]According to the Court's calculation, a total of $124,116.48 ($515,479.60 - $391,363.12) was deducted from plaintiffs' total claim. This results in a net reduction of approximately 24% of plaintiffs' claim.

# APPENDIX 1

Access 4 All, Inc., et. al. v. Boardwalk Regency Corporation, Case No. 1:08-cv-03817-RMB-JS

Itemization of Attorney Hours and Costs Billed to Plaintiffs, Defendant's Objections Thereto, and Defendant's Proposed Hourly Rates for the Work Performed

COOPER LEVENSON APRIL,
NIEDELMAN & WAGENHEIM, P.A.

By: Kurt David Raatzs, Esquire (KR1140)
1125 Atlantic Avenue
Third Floor
Atlantic City, NJ 08401
(609) 344-3161
File Nos. 52228.72 and 52226.108
Attorneys for Defendants

| | A Date | B Description of activity as contained in fee application (with typographical errors as in original). | C Footnote | D Hours billed | E Hourly rate proposed by Plaintiffs | F Fee proposed by Plaintiffs | G Basis for objection to specific entry | H Rate proposed by Defendants | I Hours Proposed by Defendants | Red Hou Prop Defe |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | |
| 2 | | | | | | | | | | |
| 3 | | John P. Fuller, Esquire | | | | | | | | |
| 4 | | | | | | | | | | |
| 5 | 6/25/2008 | conference with Pater Spalluto to discuss matter of ADA violations at Caeser's Hotel | O | 1.30 | $375 | $487.50 | Because initial Plaintiff Spalluto died during the litigation, this conduct is immaterial to these actions. | $0 | 0.00 | |
| 6 | 7/5/2008 | Reviewed initial reports from Herb Neff & Assoc | | 1.20 | $375 | $450.00 | | $330 | 1.20 | |
| 7 | 7/16/2008 | Research into ownership of facility with accunit, and general internet search and property search | O | 1.20 | $375 | $450.00 | Time spent on research into ownership of property excessive - research could have been conducted through New Jersey Business Gateway. Remainder of entry lacks sufficient information for fee award | $0 | 0.00 | |
| 8 | 7/17/2008 | Reviewed agreement between Boardwalk Regency and Ceaser's Atlantic City as part of researching ownership of facility | O | 1.30 | $375 | $487.50 | Unnecessary to action. Research could have been conducted through New Jersey Business Gateway. | $0 | 0.00 | |
| 9 | 7/18/2008 | prepared complaint and summons | O | 2.80 | $375 | $1,050.00 | Because initial Plaintiff Spalluto died during the litigation, this conduct is immaterial to this actions. The time spent on these tasks is excessive. Complaint is form complaint. As of 2007, Plaintiff Access 4 All had filed in excess of 350 ADA actions across the United States | $0 | 0.00 | |
| 10 | 7/18/2008 | Prepared letter to Mr. Dipalma with proposed complaint, fee agreement. | | 0.40 | $375 | $150.00 | Because initial Plaintiff Spalluto died during the litigation, this conduct is immaterial to these actions. | $0 | 0.40 | |
| 11 | 7/18/2008 | prepared letter to Mr. Ackerman with proposed documents for review | | 0.40 | $375 | $150.00 | Because initial Plaintiff Spalluto died during the litigation, this conduct is immaterial to these actions. | $0 | 0.00 | |
| 12 | 7/21/2008 | prepared letter to Mr. Ackerman with proposed statement of client's rights and execution | | 0.30 | $375 | $112.50 | | $330 | 0.30 | |
| 13 | 8/20/2008 | reviewed emails from Mr. Ackerman's office in conjunction with Def's request for 60 day extension, responded thereto | | 0.20 | $375 | $75.00 | | $330 | 0.20 | |
| 14 | 8/20/2008 | phone call to Laureen of Cooper Levenson/left message for attorney to call me | | 0.10 | $375 | $37.50 | | $330 | 0.10 | |
| 15 | 8/20/2008 | phone conversation with Russell L. Lichtenstein, Esq., attorney for Defendant concerning request for 60 day extension to answer and my proposal for prompt rule 34 inspection | | 0.20 | $375 | $75.00 | | $330 | 0.20 | |
| 16 | 8/20/2008 | prepared email to Mr. Lichtenstein concerning offer for prompt inspection | | 0.10 | $375 | $37.50 | | $330 | 0.10 | |
| 17 | 8/20/2008 | prepared notes to file concerning phone conversation with Mr. Lichtenstein | | 0.10 | $375 | $37.50 | | $330 | 0.10 | |
| 18 | 8/20/2008 | phone conversation with Mr. Spalluto regarding phone conversation with | O | 0.20 | $375 | $75.00 | Because initial Plaintiff Spalluto died during the litigation, this conduct is immaterial to these actions. | $0 | 0.00 | |

Access 4 All, Inc. et al. v. Boardwalk Regency Corporation, Case No. 1:08-cv-03817-RMB-JS
Itemization of billed attorney hours and costs Defendant's objection(s) thereto, if any, and Defendant's proposed hourly rate for the work performed

1

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants |
| 19 | 8/20/2008 | reviewed email from Mr. Lichtenstein concerning request for name of Plaintiff's expert and responded thereto | | 0.10 | $375 | $37.50 | | $330 | 0.10 |
| 20 | 8/25/2008 | reviewed proposed stipulation extending time to answer, and proposed consent order; phone conversation with Alan Ackerman, Esq. concerning same | | 0.30 | $375 | $112.50 | | $330 | 0.30 |
| 21 | 9/2/2008 | prepared email to Alan Ackerman concerning comments on proposed consent order | | 0.30 | $375 | $112.50 | | $330 | 0.30 |
| 22 | 9/10/2008 | phone call to Russel Lichtenstein/left message/regarding filing stipulation for extension of time to answer | | 0.20 | $375 | $75.00 | | $330 | 0.20 |
| 23 | 9/10/2008 | reviewed pacer regarding status of Defendant filing a motion for extension of time | | 0.10 | $375 | $37.50 | | $330 | 0.10 |
| 24 | 9/10/2008 | reviewed file, prepared email to Mr. Lichtenstein regarding status of request for prompt inspection and status of answer with citations of authority from the recent ninth circuit opinion on issues of number of lawsuits. | | 0.40 | $375 | $150.00 | | $330 | 0.40 |
| 25 | 9/10/2008 | phone conversation with Alan Ackerman concerning status of matters with opposing counsel | O | 0.30 | $375 | $112.50 | Result of Plaintiffs' hiring of foreign counsel | $0 | 0.00 |
| 26 | 9/12/2008 | phone call to Mr. Lichtenstein, and email requesting call | | 0.20 | $375 | $75.00 | | $330 | 0.20 |
| 27 | 9/24/2008 | reviewed file, prepared letter to Judge Schneider regarding status of matter and uncertainty as to where the posture of the case stands | | 0.60 | $375 | $225.00 | | $330 | 0.60 |
| 28 | 9/25/2008 | reviewed letter/order from Judge Schneider and prepared notes to file to initiate further action | | 0.20 | $375 | $75.00 | | $330 | 0.20 |
| 29 | 9/28/2008 | reviewed records with gateway services on fictitious name filings for caesar's atlantic city | | 0.30 | $375 | $112.50 | | $330 | 0.30 |
| 30 | 9/28/2008 | prepared email to Russel Lichtenstein notifying of intent to file for default on Monday | | 0.20 | $375 | $75.00 | | $330 | 0.20 |
| 31 | 9/29/2008 | reviewed email from Mr. Lichtenstein on request for additional day to file answer | | 0.10 | $375 | $37.50 | | $330 | 0.10 |
| 32 | 10/6/2008 | reviewed def's answer in conjunction with Def's demand for a written statement of damages claimed, and researched basis of request including reviewing local and federal rules, reviewed local rule 8.1 | SIP.4 | 0.80 | $375 | $300.00 | Result of Plaintiffs' hiring of foreign counsel | $0 | 0.00 |
| 33 | 10/7/2008 | As per demand in def's answer for a written statement of damages, prepared comprehensive response setting forth basis of injunctive relief sought | | 0.80 | $375 | $300.00 | | $330 | 0.80 |
| 34 | 10/8/2008 | prepared motion to strike demand for Jury trial and forwarded same to Mr. Lichtenstein before filing-requesting him to voluntarily withdraw claim for jury trial | | 0.70 | $375 | $262.50 | | $330 | 0.70 |
| 35 | 10/8/2008 | prepared email to Mr. Lichtenstein again making final request for prompt inspection to avoid protracted litigation | | 0.20 | $375 | $75.00 | | $330 | 0.20 |
| 36 | 10/30/2008 | Reviewed Memo of Law of defendant in support of Motion to Dismiss | | 1.50 | $375 | $562.50 | | $330 | 1.50 |
| 37 | 11/8/2008 | reviewed case law on the issue of propriety of attaching Plaintiff's affidavit to civil procedure on issue of standing and reviewed federal rules of civil procedure in respond to motion to dismiss | O | 2.70 | $375 | $1,012.50 | Attorney hours researching standing of Plaintiffs | $0 | 0.00 |

| # | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendant |
|---|---|---|---|---|---|---|---|---|---|
| 38 | 1/19/2008 | reviewed cases on difference between factual and facial attacks on standing, and differences with motion to dismiss under fed r civ p 12 a 1 or 12 b6 researched whether a supporting affidavit is permitted or appropriate. further review of Defendant's Motion to determine if filed under 12b1 or 12b6 | O | 1.50 | $375 | $562.50 | Attorney hours researching standing of Plaintiffs. | $0 | 0.00 |
| 39 | 1/19/2008 | research law on standard to dismiss under frcp 12b6 | O 4 | 0.50 | $375 | $187.50 | Attorney hours responding to Defendants' standing-based dispositive motions. | $330 | 0.30 |
| 40 | 1/19/2008 | initial preparation of response to defendant's motion to dismiss | C | 3.50 | $375 | $1,312.50 | Attorney hours responding to Defendants' standing-based dispositive motions. | $330 | 1.70 |
| 41 | 1/11/2008 | further preparation of reply brief | C | 3.90 | $375 | $1,462.50 | Attorney hours responding to Defendants' standing-based dispositive motions. | $330 | 2.00 |
| 42 | 1/11/2008 | prepared email to Russel Lichtenstein re joint scheduling report | \| | 0.10 | $375 | $37.50 | Because initial Plaintiff Spalluto died during the litigation, this conduct is immaterial to these actions. | $330 | 0.10 |
| 43 | 1/11/2008 | conference with Pete Spalluto concerning past patronage at caesars and more specific information on barriers encountered | O | 0.80 | $375 | $300.00 | Because initial Plaintiff Spalluto died during the litigation, this conduct is immaterial to these actions. | $0 | 0.00 |
| 44 | 1/12/2008 | further preparation of response to motion to dismiss | O | 3.50 | $375 | $1,312.50 | Attorney hours responding to Defendants' standing dispositive motions. | $330 | 1.70 |
| 45 | 1/12/2008 | reviewed order of court rescheduling initial conference | \|O | 0.20 | $375 | $75.00 | Attorney hours responding to Defendants' standing dispositive motions. | $330 | 0.20 |
| 46 | 1/13/2008 | further work on brief | \|O | 3.50 | $375 | $1,312.50 | Attorney hours responding to Defendants' standing dispositive motions. | $330 | 1.70 |
| 47 | 1/13/2008 | research on 3rd circuit opinions for brief | O O | 1.00 | $375 | $375.00 | Attorney hours researching standing of Plaintiffs | $0 | 0.00 |
| 48 | 1/13/2008 | further work on brief, further reserch on issue of pleading requirements, | O | 5.00 | $375 | $1,875.00 | Attorney hours responding to Defendants' standing-based dispositive motions. | $330 | 2.50 |
| 49 | 1/14/2008 | revised complaint, further draft | \| | 0.10 | $375 | $37.50 | Attorney hours responding to Defendants' standing-based dispositive motions. | $330 | 0.10 |
| 50 | 1/14/2008 | reviewed letter order from court denying request for telephonic hearing | O | 1.00 | $375 | $375.00 | Attorney hours researching standing of Plaintiffs. | $0 | 0.00 |
| 51 | 1/18/2008 | further work on brief -research cites - cases on prima facie requirements for title III | \|/ | 0.60 | $375 | $225.00 | | $0 | 0.00 |
| 52 | 1/23/2008 | reviewed letter response to Motion to Dismiss by Defendant reviewed and revised proposed scheduling order and converted and edited same into proposed Unilateral Rule 26f scheduling report | SIP.6 | 1.20 | $375 | $450.00 | Excessive. | $330 | 0.50 |
| 53 | 1/24/2008 | Prepared letter to Judge Schneider with proposed unilateral proposed scheduling Order | \| | 0.20 | $375 | $75.00 | | $330 | 0.20 |
| 54 | 1/25/2008 | Reviewed file and outlined position in preparation of initial planning conference | O | 1.20 | $375 | $450.00 | Excessive. | $330 | 0.50 |
| 55 | 11/25/2008 | phone conversation with Mr. Spalluto concerning initial scheduling conference and issues at hotel | O | 0.40 | $375 | $150.00 | Because initial Plaintiff Spalluto died during the litigation. this conduct is immaterial to these actions. | $0 | 0.00 |
| 56 | 11/26/2008 | Travel to and from initial scheduling conference (divided with Ballys) | 13.5 | 5.00 | $375 | $1,875.00 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel | $0 | 0.00 |
| 57 | 11/26/2008 | Schneider attending at initial scheduling conference in Camden before Judge | \| | 1.00 | $375 | $375.00 | | $330 | 1.00 |
| 58 | 11/26/2008 | prepared notes to file concerning courts instructions at hearing and matters discussed | \| | 0.30 | $375 | $112.50 | | $330 | 0.30 |

Access 4 All, Inc. et. al. v. Boardwalk Regency Corporation, Case No. 1:08-cv-03817-RMB-JS

Itemization of billed attorney hours and costs Defendant's objection(s) thereto, if any, and Defendant's proposed hourly rate for the work performed

3

| | A | B | C | D | E | F | G | H | I | |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants | Redu Hour Prop Defe |
| 59 | 11/26/2008 | phone conversation with Peter Spalluto re: rests of initial scheduling hearing and court's request for written protocol for rule 34 inspection | O | 0.40 | $375 | $150.00 | Because initial Plaintiff Spalluto died during the litigation, this conduct is immaterial to these actions. | $0 | 0.00 | |
| 60 | 11/26/2008 | phone conversation with Gino Matta concerning rule 34 property inspection | / | 0.40 | $375 | $150.00 | | $330 | 0.40 | |
| 61 | 11/28/2008 | began preparation of outline for protocol for inspection, reviewed file in conjunction therewith | / | 1.70 | $375 | $637.50 | Excessive | $330 | 0.90 | |
| 62 | 11/30/2008 | further preparation of protocol for inspection-reviewed forms provided by Dept. of Justice | SIP 1.2.5 | 2.50 | $375 | $937.50 | Excessive | $330 | 1.20 | |
| 63 | 12/2/2008 | reviewed Scheduling Order of Court | SIP.I | 0.30 | $375 | $112.50 | Excessive | $330 | 0.20 | |
| 64 | 12/9/2008 12/1/08 | reviewed and instructed staff to task court's scheduling order dated | S.3 | 0.30 | $375 | $112.50 | Duplicative. | $0 | 0.00 | |
| 65 | 12/29/2008 | reviewed various checklists promulgated by the dept. of justice and general accounting office to begin process of preparing a protocol for property inspection for submission to the court | O | 1.00 | $375 | $375.00 | Excessive. | $330 | 0.50 | |
| 66 | 12/15/2008 | prepared plaintiffs first set of interrogatories, request for production and request for admissions | / | 2.70 | $375 | $1,012.50 | | $330 | 2.70 | |
| 67 | 12/15/2008 | phone conversation with Herb Neff and Gino Mattera concerning additional information needed in regard to rule 34 inspection as ordered by Judge Schneider | / | 0.40 | $375 | $150.00 | | $330 | 0.40 | |
| 68 | 12/15/2008 | conference with Pete Spalluto concerning plan to comply with protocol established by Judge Schneider | O | 0.30 | $375 | $112.50 | Because initial Plaintiff Spalluto died during the litigation, this conduct is immaterial to these actions | $0 | 0.00 | |
| 69 | 12/27/2008 | reviewed draft of inspection protocol prepared by expert, and compared to general checklist and ADA Checklist for Lodging Facilities | O | 1.00 | $375 | $375.00 | Excessive | $330 | 0.50 | |
| 70 | 12/29/2008 | conference with Peter Spalluto, Gina Mattera, Herb Neff and John Fuller to review draft of expert as to specific designation of inspection areas, and consenses on appropriate terminology | O | 3.20 | $375 | $1,200.00 | Because initial Plaintiff Spalluto died during the litigation, this conduct is immaterial to these actions. | $0 | 0.00 | |
| 71 | 12/30/2008 | phone conversation with Pablo Baez concerning inspection measurement tools | D | 0.20 | $375 | $75.00 | Insufficient description provided | $330 | 0.20 | |
| 72 | 12/30/2008 | several phone conversations with Gina Mattera, expert concerning protocol and proposed area of inspection and relationship to general areas required for inspection such as accessible route to transportation area, guestrooms, etc. | O | 0.60 | $375 | $225.00 | Excessive | $330 | 0.30 | |
| 73 | 12/30/2008 | reviewed department of Justice Technical Assitance Manual for applicable operative dates for involving respective standards to be used for property inspection and case law | O | 0.50 | $375 | $187.50 | Excessive | $330 | 0.20 | |
| 74 | 12/30/2008 | Prepared final draft of proposed inspection protocol with exhibits including DOJ checklist, measuring devices and Map of facility | / | 3.40 | $375 | $1,275.00 | | $330 | 3.40 | |
| 75 | 1/22/2009 | reviewed Defendant's response and objection to plaintiff's proposed inspection | O | 0.40 | $375 | $150.00 | Excessive | $330 | 0.20 | |
| 76 | 1/22/2009 | reviewed file in conjunction with responding to Def's response and objection to plaintiff's proposed inspection protocol and also confirmed response date and tasked same | / | 0.30 | $375 | $112.50 | | $330 | 0.30 | |
| 77 | 1/26/2009 | reviewed Def's response to Plaintiff's Request for Admissions | / | 0.30 | $375 | $112.50 | | $330 | 0.30 | |

Access 4 All, Inc. et. al. v. Boardwalk Regency Corporation, Case No. 1:08-cv-03817-RMB-JS

Itemization of billed attorney hours and costs Defendants' objection(s) thereto, if any, and Defendants' proposed hourly rate for the work performed

4

| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants | Re... Ho... Pro... Def... |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | |
| 78 | 2/17/2009 | Outlined position as set forth in Def's Objection to Plaintiff's Protocol for inspection | O | 0.30 | $375 | $112.50 | Excessive | $330 | 0.10 | |
| 79 | 2/17/2009 | Reviewed Plaintiff's Complaint to check Plaintiff's allegations in light of Defendant's Response to Plaintiff's Proposed Inspection Protocol | O | 0.20 | $375 | $75.00 | Excessive | $330 | 0.10 | |
| 80 | 2/17/2009 | prepared letter to Judge Schneider addressing the issues in dispute regarding Plaintiff's proposed inspection protocol, per Order of the Court dated Dec. 1, 2008, with supporting authority | O | 2.00 | $375 | $750.00 | Excessive | $330 | 1.00 | |
| 81 | 2/17/2009 | reviewed file, prepared letter to Judge Schneider regarding Def's failure to reply to Plaintiff's Request for Production or to Answer Plaintiff's interrogatories | / | 0.40 | $375 | $150.00 | | $330 | 0.40 | |
| 82 | 2/10/2009 | reviewed letter and order in discovery motion to compel | / | 0.20 | $375 | $75.00 | | $330 | 0.20 | |
| 83 | 2/17/2009 | reviewed letter order of Judge Schneider regarding status conference on scope of discovery and reviewed in conjunction therewith opinion of court in Dempsey v. Atlantic City Operating Co., LLC and new dates for court in Dempsey | | 0.50 | $375 | $187.50 | | $330 | 0.50 | |
| 84 | 2/18/2009 | Defendant to file the objections to Plaintiff's proposed inspection protocol reviewed letter order from Judge Schneider denying Plaintiff's Request to Compel Discovery from Defendant, prepared email to Russel Lichtenstein requesting date for compliance | | 0.30 | $375 | $112.50 | | $330 | 0.30 | |
| 85 | 2/23/2009 | preparation for 2/26/09 hearing on protocol for inspection | | 1.00 | $375 | $375.00 | | $330 | 1.00 | |
| 86 | 2/25/2009 | Travel to hearing on protocol on 2/26/09 (divided with Bally's) | ↑2.0 | 4.00 | $375 | $1,500.00 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel | $0 | 0.00 | |
| 87 | 2/26/2009 | Bally's accounted death of co-plaintiff, Spatuto attendance at hearing on protocol 2/26/09 (divided with conference with Peter DiPalma of Access 4 All concerning Ronald Moore and the issue of his stepping forward on behalf of the association in pending group litigation in New Jersey at facilities where he visits and has standing (divided with Bally's) | | 0.50 | $375 | $187.50 | Discussions re: Ronald Moore prior to Mmore's substitution as individual plaintiff immaterial to actions as then constituted | $330 | 0.50 | |
| 88 | 3/3/2009 | preparation for hearing on Protocol to coordinate same with Attorney for Lee Dempsey--hearing on 4/6/09 | O' | 0.90 | $375 | $337.50 | | $0 | 0.00 | |
| 89 | 3/31/2009 | conference with Ron Moore at his home in New Jersey to discuss compliance issues at Caeser's (divided with Bally's) | O' | 0.50 | $375 | $187.50 | Immaterial to action. | $0 | 0.00 | |
| 90 | 4/1/2009 | Local travel time to attend hearing on protocol to coordinate with Lee Dempsey case (divided with Bally's) | O | 1.00 | $375 | $375.00 | Immaterial to actions as then constituted | $0 | 0.00 | |
| 91 | 4/2/2009 | attendance at hearing on protocol to coordinate with Dempsey Files (divided with Bally's) | 1.5 | 1.00 | $375 | $375.00 | Immaterial to action. Excessive | $0 | 0.00 | |
| 92 | 4/2/2009 | phone conversation with Robert Mirel, attorney for Mr. Dempsey, concerning protocol to follow as ordered by court-instructed staff to email protocols to Mr. Mirel | O' | 1.00 | $375 | $375.00 | Immaterial to action. | $0 | 0.00 | |
| 93 | 4/6/2009 | reviewed revised scheduling order and instructed assistants to task dates | O' | 0.20 | $375 | $75.00 | Immaterial to action. | $0 | 0.00 | |
| 94 | 4/6/2009 | phone conversation with Robert Mirel concerning protocol for inspection | | 0.40 | $375 | $150.00 | | $330 | 0.40 | |
| 95 | 4/6/2009 | as per order of Judge Schneider | O' | 0.20 | $375 | $75.00 | Immaterial to action. | $0 | 0.00 | |
| 96 | 4/7/2009 | reviewed settlement proposal forwarded by Robert Mirel, attorney for Dempsey | O' | 0.20 | $375 | $75.00 | Immaterial to action. | $0 | 0.00 | |

| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants | Reduction Hours Proposed Defendant |
|---|---|---|---|---|---|---|---|---|---|---|
| 97 | 4/15/2009 | preparation for hearing on status conference(divided with 3976) | | 0.30 | $375 | $112.50 | Immaterial to actions as then constituted | $330 | 0.30 | 0.00 |
| 98 | 4/15/2009 | reviewed comments of Mr. Moore concerning treatment at Ceaser's | | 0.30 | $375 | $112.50 | Immaterial to actions as then constituted | $0 | 0.00 | 0.30 |
| 99 | 4/16/2009 | attendance at hearing on status conference (divided with Bally's) | | 0.30 | $375 | $112.50 | Immaterial to actions as then constituted. | $330 | 0.30 | 0.00 |
| 100 | 5/12/2009 | prepared proposed supplemental complaint for review of Mr. Moore | | 1.50 | $375 | $562.50 | Immaterial to actions as then constituted | $0 | 0.00 | 1.50 |
| 101 | 5/12/2009 | phone conversation with Ronald Moore to review complaint and discuss same | O | 0.30 | $375 | $112.50 | Immaterial to actions as then constituted | $0 | 0.00 | 0.30 |
| 102 | 5/12/2009 | prepared letter to russel Lichenstein concerning change of inspectors for rule 34 inspection | | 0.20 | $375 | $75.00 | | $330 | 0.20 | 0.00 |
| 103 | 6/10/2009 | received phone call from attorney Mirel concerning mechanics of inspection and his request to our expert to perform inspection | O | 0.30 | $375 | $112.50 | Immaterial to action. | $0 | 0.00 | 0.30 |
| 104 | 6/10/2009 | preparation for hearing to establish protocol before Judge Schneider on 6/25/09(split with Bally's) | | 0.80 | $375 | $300.00 | | $330 | 0.80 | 0.00 |
| 105 | 6/23/2009 | local travel time to attend hearing on establishing protocol before Judge Schneider (divided with Bally's) | | 1.00 | $375 | $375.00 | | $330 | 1.00 | 0.00 |
| 106 | 6/25/2009 | attendance at hearing before Judge Schneider to establish protocol for property inspection (divided with Bally's) | O | 1.00 | $375 | $375.00 | Excessive | $330 | 0.50 | 0.50 |
| 107 | 6/25/2009 | prepared notes to file as to hearing on July 25, 2009 | | 0.30 | $375 | $112.50 | | $330 | 0.30 | 0.00 |
| 108 | 6/29/2009 | phone conversation with Ronald Moore concerning date set by the court for his deposition on sept 9, 2009 and prepared email to Mr. Moore confirming same | | 0.20 | $375 | $75.00 | | $330 | 0.20 | 0.00 |
| 109 | 6/29/2009 | prepared response to Mr. Lichenstein concerning occupancy of facilities and demand to follow the protocol approved by the court | | 0.20 | $375 | $75.00 | | $330 | 0.20 | 0.00 |
| 110 | 6/29/2009 | reviewed scheduling order and tasked dates for property inspection. | | 0.20 | $375 | $75.00 | | $330 | 0.20 | 0.00 |
| 111 | 7/10/2009 | reviewed further email from Mr. Lichenstein re refusal to "lock out rooms" | | 0.30 | $375 | $112.50 | | $330 | 0.30 | 0.00 |
| 112 | 7/15/2010 | discovery, settlement proposals, future conferences. | | 1.00 | $375 | $375.00 | | $330 | 1.00 | 0.00 |
| 113 | 7/25/2009 | reviewed answer and affirmative defenses to supplemental complaint | | 0.20 | $375 | $75.00 | | $330 | 0.20 | 0.00 |
| 114 | 7/25/2009 | reviewed email from Russel Lichenstein re occupancy of facilities | | 0.20 | $375 | $75.00 | | $330 | 0.20 | 0.00 |
| 115 | 7/26/2009 | prepared email to Larry Fuller to verify deadline for filing Motion to Compel | | 0.30 | $375 | $112.50 | | $330 | 0.30 | 0.00 |
| 116 | 7/28/2009 | prepared email to Russel Lichenstein replying to his email suggesting all disabled rooms occupied, and set forth proposals to commence room inspection through provision of inspecting representative samples of rooms by category | O | 0.30 | $375 | $112.50 | | $330 | 0.30 | 0.00 |
| 117 | 7/28/2009 | prepared email to Larry Fuller to prepare letter requesting court intervention in view of lack of cooperation from opposing counsel | O | 0.20 | $375 | $75.00 | Unnecessary | $0 | 0.00 | 0.20 |
| 118 | 7/29/2009 | prepared email to Russel Lichenstein requesting a list of disabled rooms by category | | 0.20 | $375 | $75.00 | | $330 | 0.20 | 0.00 |
| 119 | 8/10/2009 | reviewed responsive email from Russel Lichenstein advising that he has requested dispersement list from client | | 0.10 | $375 | $37.50 | Unnecessary | $0 | 0.00 | 0.10 |
| 120 | 8/10/2009 | prepared email to Russel Lichtenstein re location to commence inspection and confirming arrangements to inspectit all disabled rooms | | 0.30 | $375 | $112.50 | | $330 | 0.30 | 0.00 |
| | 8/13/2009 | in preparation for upcoming property inspection, reviewed and outlined protocal approved by the Court | | 1.40 | $375 | $525.00 | Excessive | $330 | 0.70 | 0.70 |

Access 4 All, Inc. et al. v. Boardwalk Regency Corporation, Case No. 1:08-cv-03817-RMB-JS

Itemization of billed attorney hours and costs Defendant's objection(s) thereto, if any, and Defendant's proposed hourly rate for the work performed.

6

| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants | Reduced Hours Proposed by Defend... |
|---|---|---|---|---|---|---|---|---|---|---|
| 121 | 8/14/2009 | phone conversation with Robert Meril concerning his attendance at inspection | O | 0.20 | $375 | $75.00 | Immaterial to action. | $0 | 0.00 | 0 |
| 122 | 8/14/2009 | Reviewed email from Russel Lichtenstein Esq. (sent 3:30 Friday afternoon) setting arbitrarily dates for each inspection and meeting place | 1 | 0.20 | $375 | $75.00 | | $330 | 0.20 | 0 |
| 123 | 8/14/2009 | Reviewed protocal with expert Mattera in light of memo from Russel | 1 | 0.40 | $375 | $150.00 | | $330 | 0.40 | 0 |
| 124 | 8/14/2009 | Lichtenstein arbitrarily dates for each inspection and meeting place prepared response to Russel Lichtenstein Esq to Friday afternoon email | 1 | 0.30 | $375 | $112.50 | | $330 | 0.30 | 0 |
| 125 | 8/16/2009 | arbitrarily setting inspections on dates certain for easer's and Bally's travel to atlantic city to attend property inspection (divided with Bally's) | 1.75 / 1 | 1.50 | $375 | $562.50 | Attorney hours resulting from long distance travel of Plaintiffs pro hac vice counsel | $0 | 0.00 | 1 |
| 126 | 8/16/2009 | reviewed file in further preparation for tomorrow's property inspection | 1 | 0.50 | $375 | $187.50 | There are numerous hotels in Atlantic City at which John P. Fuller could have stayed, minimizing the travel time required to attend and return from the inspections of Defendants' | $330 | 0.50 | 0 |
| 127 | 8/17/2009 Bally's | local travel tie to attend and return from property inspection (divided with | 7.4 | 0.80 | $375 | $300.00 | properties. | $330 | 0.40 | 0 |
| 128 | 8/17/2009 | attendance at property inspection (divided with Bally's) | O | 4.75 | $375 | $1,781.25 | Unnecessary.  See Association for Disabled Americans, Inc. v. Integra Resort Management, Americans, Inc. v. Integra Resort Management, 385 F. Supp. 2d 1272, 1298, 1300-01 (M.D. Fla 2005) (noting that the plaintiffs' expert in that matter was 'a registered sex offender who has been convicted of attempted sexual battery on a victim under age of 12' and deducting all time that plaintiffs attorney had billed to the inspection of the defendant premises, holding that '[h]ad [counsel] used a competent expert who was not a felon, there would have been no reason for [counsel] to drive . . . to personally observe the alleged violations.') (emphasis added) | $0 | 0.00 | 4 |
| 129 | 8/17/2009 | tomorrow's property inspection for the subject property reviewed file with expert Mattera to discuss to map out plan for | 1 | 0.70 | $375 | $262.50 | | $330 | 0.70 | 0 |
| 130 | 8/17/2009 | tomorrow's property inspection for the subject property | 5.7 | 0.70 | $375 | $262.50 | Duplicative. There are numerous hotels in Atlantic City at which John P. Fuller could have stayed, minimizing the travel time required to attend and return from the inspections of Defendants. | $0 | 0.00 | 0 |
| 131 | 8/18/2009 Bally's | local travel time to attend and return from inspection (divided with | 7.4 | 0.80 | $375 | $300.00 | properties. | $330 | 0.40 | 0 |

| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants | Reduced Hours Propos Defend |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Date | | | | | | | | | |
| 132 | 8/18/2009 | attendance at property inspection (divided with Bally's) post inspection confrence with expert Mattera to discuss protocol for | O | 4.75 | $375 | $1,781.25 | Unnecessary. See Association for Disabled Americans, Inc. v. Integra Resort Management, 385 F. Supp. 2d 1272, 1298, 1300-01 (M.D. Fla 2005) (noting that the plaintiffs' expert in that matter was 'a registered sex offender who has been convicted of attempted sexual battery on a victim under age of 12' and deducting all time that plaintiffs' attorney had billed to the inspection of the defendant premises, holding that '[h]ad [counsel] used a competent expert who was not a felon, there would have been no reason for [counsel] to drive . . . to personally observe the [property] . ' ) (emphasis added). | $0 | 0.00 | 4 |
| 133 | 8/18/2009 | tomorrow's inspection for the subject property | \| | 0.70 | $375 | $262.50 | There are numerous hotels in Atlantic City at which John P. Fuller could have stayed, minimizing the travel time required to attend and return from the inspections of Defendants' properties. | $330 | 0.70 | 0 |
| 134 | 8/19/2009 Bally's) | local travel time to attend and return from inspection (divided with | T.35 | 0.70 | $375 | $262.50 | Unnecessary. See Association for Disabled Americans, Inc. v. Integra Resort Management, 385 F. Supp. 2d 1272, 1298, 1300-01 (M.D. Fla 2005) (noting that the plaintiffs' expert in that matter was 'a registered sex offender who has been convicted of attempted sexual battery on a victim under age of 12' and deducting all time that plaintiffs' attorney had billed to the inspection of the defendant premises, holding that '[h]ad [counsel] used a competent expert who was not a felon, there would have been no reason for [counsel] to drive . . . to personally observe the | $330 | 0.40 | 0 |
| 135 | 8/19/2009 | attendance at property inspection (divided with Bally's), conference with expert Mattera to prepare protocol for tomorrow's | O | 4.75 | $375 | $1,781.25 | Unnecessary. See Association for Disabled Americans, Inc. v. Integra Resort Management, 385 F. Supp. 2d 1272, 1298, 1300-01 (M.D. Fla 2005) (noting that the plaintiffs' expert in that matter was 'a registered sex offender who has been convicted of attempted sexual battery on a victim under age of 12' and deducting all time that plaintiffs' attorney had billed to the inspection of the defendant premises, holding that '[h]ad [counsel] used a competent expert who was not a felon, there would have been no reason for [counsel] to drive . . . to personally observe the [alleged violations].') (emphasis added). | $0 | 0.00 | 4 |
| 136 | 8/19/2009 | inspection re subject property | \| | 0.70 | $375 | $262.50 | There are numerous hotels in Atlantic City at which John P. Fuller could have stayed, minimizing the travel time required to attend and return from the inspections of Defendants' properties. | $330 | 0.70 | 0 |
| 137 | 8/20/2009 (divided with Bally's) | local travel time to attend property inspection and return therefrom (divided with Bally's) | T.35 | 0.70 | $375 | $262.50 | There are numerous hotels in Atlantic City at which John P. Fuller could have stayed, minimizing the travel time required to attend and return from the inspections of Defendants' properties. | $330 | 0.40 | 0 |

| | A Date | B Description of activity as contained in fee application (with typographical errors as in original). | C Footnote | D Hours billed | E Hourly rate proposed by Plaintiffs | F Fee proposed by Plaintiffs | G Basis for objection to specific entry | H Rate proposed by Defendants | I Hours Proposed by Defendants |
|---|---|---|---|---|---|---|---|---|---|
| 138 | 8/20/2009 | attendance at property inspection (divided with Bally's) post inspection conference with expert Mattera to review matters covered and develop a suggested plan for tomorrow's inspection for the subject property | O | 4.75 | $375 | $1,781.25 | Unnecessary. See Association for Disabled Americans, Inc. v. Integra Resort Management, 385 F. Supp. 2d 1272, 1298, 1300-01 (M.D. Fla 2005) (noting that the plaintiffs expert in that matter was 'a registered sex offender who has been convicted of attempted sexual battery on a victim under age of 12' and deducting all time that plaintiffs attorney had billed to the inspection of the defendant premises, holding that '[h]ad [counsel] used a competent expert who was not a felon, there would have been no reason for [counsel] to . . . to personally observe the alleged violations.') (emphasis added) | $0 | 0.00 |
| 139 | 8/20/2009 | | I | 0.70 | $375 | $262.50 | There are numerous hotels in Atlantic City at which John P. Fuller could have stayed, minimizing the travel time required to attend and return from the inspections of Defendants' properties. | $330 | 0.70 |
| 140 | 8/21/2009 | local travel time to attend and return from inspection (divided with Bally's) | T.35 | 0.70 | $375 | $262.50 | Unnecessary. See Association for Disabled Americans, Inc. v. Integra Resort Management, 385 F. Supp. 2d 1272, 1298, 1300-01 (M.D. Fla. 2005) (noting that the plaintiffs expert in that matter was 'a registered sex offender who has been convicted of attempted sexual battery on a victim under age of 12' and deducting all time of the defendant premises, holding that '[h]ad [counsel] used a competent expert who was not a felon, there would have been no reason for [counsel] to drive . . . to personally observe the alleged violations.') (emphasis added) | $330 | 0.40 |
| 141 | 8/21/2009 | attendance at property inspection (divided with Bally's) post inspection conference with expert Mattera for general review of | O | 4.75 | $375 | $1,781.25 | | $0 | 0.00 |
| 142 | 8/21/2009 | inspection and discuss areas including rooms unable to inspect | I | 0.50 | $375 | $187.50 | | $330 | 0.50 |
| 143 | 8/22/2009 | travel from atlantic city to Ft. Lauderdale (divided with Bally's) | T.1.0 | 2.00 | $375 | $750.00 | Attorney hours resulting from long distance travel of Plaintiffs pro hac vice counsel | $0 | 0.00 |
| 144 | 8/23/2009 | reviewed notes of inspection as part of further proceedings | I | 1.50 | $375 | $562.50 | | $330 | 1.50 |
| 145 | 8/23/2009 | reviewed notes re number and types of existing disabled rooms and reviewed def's answers to interrogatories and ADDAG | I | 0.80 | $375 | $300.00 | | $330 | 0.80 |

Access 4 All, Inc. et al. v. Boardwalk Regency Corporation, Case No. 1:08-cv-03817-RMB-JS
Itemization of billed attorney hours and costs Defendant's objection(s) thereto, if any, and Defendant's proposed hourly rate for the work performed

9

| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants | Reduc Hours Propo Defen |
|---|---|---|---|---|---|---|---|---|---|---|
| A | | B | C | D | E | F | G | H | I | |
| 1 | | | | | | | | | | |
| 146 | 8/24/2009 | phone conversation with Mr. Lichenstein depo scheduling secty and provided further date for depo of Mr. Moore-awaiting response | | | 0.20 | $375 | $75.00 | | $330 | 0.20 | 0 |
| 147 | 8/24/2009 | phone call to Judge Schneiders chambers to determine procedure to request extension of time for submission for expert report | | | 0.20 | $375 | $75.00 | | $330 | 0.20 | 0 |
| 148 | 8/24/2009 | prepared email to Russel Lichenstein for consent to extend time for plaintiffs submission of expert report and to establish dates to review | | | 0.20 | $375 | $75.00 | | $330 | 0.20 | 0 |
| 149 | 8/24/2009 | phone conversation with Gene Mattera concerning number of days required to complete inspection and available dates | | | 0.20 | $375 | $75.00 | | $330 | 0.20 | 0 |
| 150 | 8/25/2009 | prepared email to Russel Lichenstein offering dates to continue the properly inspection | | | 0.20 | $375 | $75.00 | | $330 | 0.20 | 0 |
| 151 | 8/26/2009 | extensive review of def's answers to interrogatories in order to prepare letter to Mr. Lichenstein concerning inadequacy of answers and to be followed up with letter to the court | | | 1.50 | $375 | $562.50 | Excessive. | $330 | 0.90 | 0 |
| 152 | 8/26/2009 | further review of response to request for production to prepare request for better responses from Mr. Lichenstein | | | 0.50 | $375 | $187.50 | | $330 | 0.50 | 0 |
| 153 | 8/26/2009 | extensive phone conversation with Nancy Valentino concerning request for response to plaintiff's request to continue inspection, examine documents, set plaintiff's depo, and obtain list of produced documents | | | 0.30 | $375 | $112.50 | | $330 | 0.30 | 0 |
| 154 | 8/26/2009 | prepared comprehensive request to Russel Lichenstein with supporting reasoning for better answers to certain interrogatories (divided with Bally's) | O | | 1.40 | $375 | $525.00 | Excessive | $330 | 0.80 | 0 |
| 155 | 8/27/2009 | further review of Defendants responses to request for production, and preparation of comprehensive email to opposing counsel, Russel Lichenstien, Esq. requesting better responses to request for production with supporting reasoning why information requested is likely to lead to admissible evidence (divided with 3976) | | | 0.80 | $375 | $300.00 | | $330 | 0.80 | 0 |
| 156 | 8/27/2009 | Reviewing defendants extensive first set of interrogatories, and request for production | | | 1.00 | $375 | $375.00 | | $330 | 1.00 | 0 |
| 157 | 8/27/2009 | prepared initial outline to review with Ronald Moore in answers to interrogatories and request for production | | | 1.30 | $375 | $487.50 | | $330 | 1.30 | 0 |
| 158 | 8/27/2009 | reviewed feeral rules of civil procedure in regard to responding to defs interrogatories and request for production (divided with Bally's) | SIP. 2. | | 0.40 | $375 | $150.00 | Unnecessary to action. | $0 | 0.00 | 0 |
| 159 | 8/28/2009 | phone conversation with Gene Mattera concerning issues at inspection to discuss with Ron Moore re settlement | | | 0.40 | $375 | $150.00 | | $330 | 0.40 | 0 |
| 160 | 8/28/2009 | phone conversation with Ron Moore concerning issues at inspection | | | 0.30 | $375 | $112.50 | | $330 | 0.30 | 0 |
| 161 | 8/28/2009 | phone call to Nancy Valentino concerning Def's position on date and time for depo, review documents, complete inspection (left message) and sent email | | | 0.30 | $375 | $112.50 | | $330 | 0.30 | 0 |
| 162 | 8/28/2009 | phone conversation with Nancy Valentino concerning defendants response to request to extend time for submission of expert report, response for confirmation date to review documents allegedly available, response for confirmation to continue inspection (divided with Bally/s) | | | 0.40 | $375 | $150.00 | | $330 | 0.40 | 0 |

| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants | Reduced Hours Propo Defen |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | |
| 163 | 8/29/2009 | prepared follow up email to Nancy Valentino confirming def's position that opposed to additional time for expert report, that ask what documents we want to see, and lack of response to continue inspection | | 0.30 | $375 | $112.50 | | $330 | 0.30 | 0 |
| 164 | 8/30/2009 | Travel to Newark to meet and confer with Ron Moore-stayed overnight at Best Western to meet on 8/31/09 with Mr. Moore to review answers to interrogatories and visit subject property | T2.5 | 5.00 | $375 | $1,875.00 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel | $0 | 0.00 | 5 |
| 165 | 8/31/2009 | conference with Ron Moore (4.0) Traveled to Atlantic City to review facility in preparation for deposition and to discuss issues re submission of proposed settlement agreement (2.0) and review Defendant's extensive first set of interrogatories and request for production (2.0) | T1.0 | 8.00 | $375 | $3,000.00 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel | $330 | 6.00 | 2 |
| 166 | 9/1/2009 | Further preparation of letter - very complex (divided with Bally's) | SIP.5 | 1.50 | $375 | $562.50 | Excessive | $330 | 0.50 | |
| 167 | 9/2/2009 | Preparing draft of Response to Defendant's First Request for Production and interrogatories | | 2.40 | $375 | $900.00 | | $330 | 2.40 | |
| 168 | 9/2/2009 | prepared detailed letter to Judge Schneider detailing essence of non-compliance (divided with Bally's | SIP1.0 | 1.50 | $375 | $562.50 | Excessive | $330 | 0.50 | 1 |
| 169 | 9/3/2009 | phone conversation with Ronald Moore | | 0.30 | $375 | $112.50 | | $330 | 0.30 | |
| 170 | 9/4/2009 | reviewed federal rules of civil procedure re interrogatories and request for production directed at plaintiffs as opposed to a specific plaintiff (divided with Bally's) | SIP.2 | 0.40 | $375 | $150.00 | Unnecessary to action. | $0 | 0.00 | |
| 171 | 9/11/2009 | prepared letter to Judge Schneider in response to letter dated Sept. 11 | SIP.5 | 0.50 | $375 | $187.50 | | $330 | 0.50 | 0 |
| 172 | 9/15/2009 | prepared letter to Judge Schneider from Nancy Valentino | | 1.50 | $375 | $562.50 | Excessive | $330 | 0.50 | 1 |
| 173 | 9/16/2009 | conference with ronald Moore to discuss matter | | 0.50 | $375 | $187.50 | | $330 | 0.50 | |
| 174 | 9/20/2009 | Reviewed lengthy letter to Judge Schneider dated September 17, 2009 | | 0.40 | $375 | $150.00 | | $330 | 0.40 | |
| 175 | 9/20/2009 | Reviewed file and notes to form response to Ms. Valentino's letter | SIP.6 | 1.20 | $375 | $450.00 | Excessive | $330 | 0.40 | |
| 176 | 9/20/2009 | reviewed file in preparation of hearing before Judge Schneider on issues raised in plaintiff's 9/209 letter and prepared notes therefor | O | 1.50 | $375 | $562.50 | Excessive | $330 | 0.70 | |
| 177 | 9/21/2009 | preparation for hearing on discovery issues | O | 2.00 | $375 | $750.00 | Excessive | $330 | 1.80 | |
| 178 | 9/21/2009 | telephone attendance at hearing on discovery issues | O | 1.50 | $375 | $562.50 | Excessive | $330 | 1.50 | |
| 179 | 9/21/2009 | prepared notes to file concerning court proceedings and instructed staff to task dates set by court | O | 0.80 | $375 | $300.00 | Excessive | $330 | 0.50 | |
| 180 | 9/21/2009 | prepared email to Nancy Valentino to set depo of Ronald Moore in the afternoon and reviewed response deciding such request | | 0.20 | $375 | $75.00 | | $330 | 0.20 | 0 |
| 181 | 9/21/2009 12:30 depo | prepared proposed lettr. Judge Schneider concerning dispute over time of depo and further conversation with nancy valentino where agreed on | | 0.30 | $375 | $112.50 | | $330 | 0.30 | |
| 182 | 9/23/2009 | initial preparation of request for payment of reasonable fees (divided with Bally's) | F | 2.50 | $375 | $937.50 | Attorney hours devoted to fee application | $110 | 2.50 | 0 |
| 183 | 9/24/2009 | Further preparation of request for payment of reasonable fees (divided with Bally's) | F | 1.70 | $375 | $637.50 | Attorney hours devoted to fee application | $110 | 1.70 | |
| 184 | 9/25/2009 | reviewing list of facilities for which information is needed in terms of alterations and new construction --forwarded by Mr. Mattera | | 0.30 | $375 | $112.50 | | $330 | 0.30 | 0 |

Access 4 All, Inc. et al. v. Boardwalk Regency Corporation, Case No. 1:08-cv-03817-RMB-JS

Itemization of billed attorney hours and costs Defendant's objection(s) thereto, if any, and Defendant's proposed hourly rate for the work performed

11

| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants | Reduc Hours Propo Defen |
|---|---|---|---|---|---|---|---|---|---|---|
| 185 | 9/25/2009 | prepared letter to Nancy Valentino with list of facilities where information is needed in terms of new construction and alterations and confirmed | O | 0.80 | $375 | $300.00 | Excessive | $330 | 0.50 | |
| 186 | 9/26/2009 | other information to be provided per court order travel to conference with Peter DiPalma to review interrogatories | T.2 | 2.00 | $375 | $750.00 | Excessive | $330 | 1.00 | |
| 187 | 9/26/2009 | conference with Peter DiPalma to review and obtain answers to interrogatories | T.2 | 1.20 | $375 | $450.00 | | $330 | 1.20 | |
| 188 | 9/27/2009 | Further preparation of responses to interrogatories | T.10 | 1.50 | $375 | $562.50 | Excessive | $330 | 0.80 | |
| 189 | 9/27/2009 | began process of preparing Mr. Moore for his deposition on Oct. 16 | T.10 | 1.20 | $375 | $450.00 | | $330 | 1.20 | |
| 190 | 10/3/2009 | further preparation of responses to interrogatories and request for production directed at both Plaintiffs | O | 2.70 | $375 | $1,012.50 | Excessive | $330 | 1.30 | |
| 191 | 10/3/2009 | further preparation of dep of Ronald Moore | O | 2.00 | $375 | $750.00 | | $330 | 2.00 | |
| 192 | 10/3/2009 | conference with Peter DiPalma to obtain answers to interrogatories and request for production | O | 2.50 | $375 | $937.50 | Duplicative | $0 | 0.00 | |
| 193 | 10/3/2009 | preparing responses to request for production for Access 4 All and Ronald Moore | T.5 | 2.50 | $375 | $937.50 | Excessive | $330 | 1.30 | |
| 194 | 10/3/2009 | preparing documents for review by Ronald Moore in preparation of his depo | O | 0.90 | $375 | $337.50 | Insufficient description provided. | $0 | 0.00 | |
| 195 | 10/3/2009 | finalizing answers to request for production and interrogatories and compiling and arranging all exhibits | T.8 | 2.80 | $375 | $1,050.00 | Excessive | $330 | 1.40 | |
| 196 | 10/4/2009 | travel to home of Ron Moore to prepare for deposition | T.a.o | 4.00 | $375 | $1,500.00 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel | $0 | 0.00 | |
| 197 | 10/5/2009 | attendance at home of Ronald Moore to prepare for depo | O | 3.00 | $375 | $1,125.00 | | $330 | 3.00 | |
| 198 | 10/7/2009 | further preparation of responses to request for production | O | 0.50 | $375 | $187.50 | Excessive | $330 | 0.30 | |
| 199 | 10/7/2009 | finalizing interrogatories and request for production | T.5 | 2.50 | $375 | $937.50 | Excessive | $330 | 1.20 | |
| 200 | 10/27/2009 | reviewed Amended Scheduling Order re hearing on Novembe 12, 2009 | I | 0.30 | $375 | $112.50 | | $330 | 0.30 | |
| 201 | 11/10/2010 | Reviewed Order of Consolidation, instructed staff | I | 0.30 | $375 | $112.50 | | $330 | 0.30 | |
| 202 | 12/27/2010 | Preparing for evidentiary hearing by reviewing opinion of court on Defendant's Motion for summary Judgment reviewing affidavit of Ronald Moore and reviewing case law on standing | O | 1.50 | $375 | $562.50 | Attorney hours researching standing of Plaintiffs | $0 | 0.00 | |
| 203 | 12/27/2010 | Preparing for evidentiary hearing - reviewing dep of Ronald Moore | I | 0.70 | $375 | $262.50 | | $330 | 0.70 | |
| 204 | 1/10/2011 | phone conversation with Ronald Moore in preparation for evidentiary hearing | I | 0.30 | $375 | $112.50 | | $330 | 0.30 | |
| 205 | 1/12/2011 | Further preparation for evidentiary hearing by rereading and outlining decision of the court denying summary Judgment and rereading testimony of Ronald Moore | I | 1.20 | $375 | $450.00 | | $330 | 1.20 | |
| 206 | 1/24/2011 | Research law on standing based on single act of discrimination and prepared memo to file | O 3 | 1.30 | $375 | $487.50 | Attorney hours researching standing of Plaintiffs | $0 | 0.00 | |
| 207 | 7/22/2011 | Conference with Mr. Mattera and Larry Fuller preparing case for trial | O 3 | 5.00 | $375 | $1,875.00 | Immaterial to action. Matter never tried. | $0 | 0.00 | |
| 208 | | | | | | | | | | |

Access 4 All Inc. et al. v. Boardwalk Regency Corporation, Case No. 1:08-cv-03817-RMB-JS

Itemization of billed attorney hours and costs Defendants objections thereto, if any, and Defendant's proposed hourly rate for the work performed.

12

| Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants |
|---|---|---|---|---|---|---|---|---|
| | | | | **Total Attorney's Fee Propose for Plaintiffs John P. Fuller, Esquire** $83,793.75 | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| **Lawrence A. Fuller, Esquire** | | | | | | | | |
| | | | | | | | | |
| 8/5/2009 | Reviewing Letter Order dated 8/4/09 (.3) | — | 0.60 | $425 | $255.00 | Attorney hours resulting from long distance | $360 | 0.60 |
| 10/13/2009 | Travel to Atlantic City for Rule 34 Inspection (6.0 hours divided by 2 files = 3.0 hours) | T.1.5 | 3.00 | $425 | $1,275.00 Travel of Plaintiffs pro hac vice counsel | Attorney hours resulting from long distance | $0 | 0.00 |
| 10/15/2009 | Returning to airport and return flight to Florida (6.0 hours divided by 2 files) | T1.5 | 3.00 | $425 | $1,275.00 travel of Plaintiffs pro hac vice counsel | Attorney hours resulting from long distance | $0 | 0.00 |
| 10/15/2009 | Inspection at Boardwalk Regency | O | 8.00 | $425 | $3,400.00 | Unnecessary. See Association for Disabled Americans, Inc. v. Integra Resort Management, 385 F. Supp. 2d 1272, 1298, 1300-01 (M.D. Fla. 2005) (noting that the plaintiffs expert in that matter was 'a registered sex offender who has been convicted of attempted sexual battery on a victim under age of 12' and deducting all time that plaintiffs attorney had billed to the inspection of the defendant premises, holding that '[h]ad [counsel] used a competent expert who was not a felon, there would have been no reason for [counsel] to drive . . . to personally observe the alleged violations.') (emphasis added) | $0 | 0.00 |
| 10/29/2009 | Travel to and from New York City and attendance at Conference with Mr. Moore and Mr. Ackermann [2.0 hours divided by 2 files] Preparing letter to opposing counsel regarding outstanding discovery issues that have to be submitted to the Court prior to the next Court Conference | T.5 | 1.00 | $425 | $425.00 travel of Plaintiffs pro hac vice counsel | Attorney hours resulting from long distance | $0 | 0.00 |
| 11/4/2009 | Preparing letter to opposing counsel | — | 0.50 | $425 | $212.50 | Insufficient description provided | $360 | 0.50 |
| 11/12/2009 | Preparing Caesar's More Specific Answers to Interrogatories (.6); Phone call(s) with opposing counsel (.6) | O | 0.60 | $425 | $255.00 | Insufficient description provided | $0 | 0.00 |
| 11/4/2009 | Reviewing letter from opposing counsel (.4); Reviewing letter from opposing counsel dated 4/4/09 (.3) | — | 1.30 | $425 | $552.50 | | $360 | 1.30 |
| 11/5/2009 | Phone call(s) with opposing counsel | O | 0.50 | $425 | $212.50 | Insufficient description provided | $0 | 0.00 |

| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants | Reduct Hours Propos Defend |
|---|---|---|---|---|---|---|---|---|---|---|
| 223 | 11/6/2009 | Continuing Review of Defendant Caesar's updated responses to discovery and comparing Defendant's responses to expert's list of Facilities | — | 1.00 | $425 | $425.00 | | $360 | 1.00 | 0.0 |
| 224 | 11/12/2009 | Telephonic status conference (.6 divided with Bally's) | 1 | 0.30 | $425 | $127.50 | | $360 | 0.30 | 0.0 |
| 225 | 11/13/2009 | Phone call(s) with client (.5); Telephone status conference Court (.4) | 1 | 0.90 | $425 | $382.50 | | $360 | 0.90 | 0.0 |
| 226 | 11/20/2009 | Phone call(s) with client regarding time, place and date of his deposition (.4); Phone call(s) with opposing counsel regarding time, date and place of Mr. Moore's deposition (.3) | $1P.35 | 0.70 | $425 | $297.50 | Task could have been conducted by legal staff | $0 | 0.00 | 0.7 |
| 227 | 12/3/2009 | Reviewing 165 page report of Access Solutions regarding Caesar's Hotel | O | 3.40 | $425 | $1,445.00 | Excessive | $360 | 2.80 | 0.6 |
| 228 | 12/14/2009 | Attendance Conference with Client | / | 0.40 | $425 | $170.00 | | $360 | 0.40 | 0.0 |
| 229 | 12/17/2009 | Travel to Atlantic City for deposition of plaintiff set for 12/18/09 (5 hours divided by 2 files = 2.5 hours) | T1.25 | 2.50 | $425 | $1,062.50 | Attorney hours resulting from long distance travel of Plaintiffs pro hac vice counsel | $0 | 0.00 | 2.5 |
| 230 | 12/17/2009 | Attending predeposition Conference with client | — | 0.40 | $425 | $170.00 | | $360 | 0.40 | 0.0 |
| 231 | 12/18/2009 | Predeposition conference with client (.5); Attending deposition of client (8.0); Post deposition conference with client (.5); Return flight from New Jersey to Florida (8.0). (17 total hours divided by 2 = 8.5 hours per file) | T+.0 | 8.50 | $425 | $3,612.50 | Attorney hours resulting from long distance travel of Plaintiffs pro hac vice counsel | $360 | 4.50 | 4.0 |
| 232 | 12/30/2009 | Reviewing Supplemental Report of Expert describing needed modifications and cost estimates to make the modifications | — | 3.50 | $425 | $1,487.50 | | $360 | 3.50 | 0.0 |
| 233 | 12/31/2009 | Preparing letter to opposing counsel regarding supplemental report (.5); Preparing letter to opposing counsel regarding deposition of financial representative of Defendant's (.6) | 1 | 1.10 | $425 | $467.50 | | $360 | 1.10 | 0.0 |
| 234 | 1/26/2010 | Telephone conference with court (time divided with Bally's case) | 1 | 0.30 | $425 | $127.50 | | $360 | 0.30 | 0.0 |
| 235 | 2/12/2010 | Preparing proposed Consent Decree and Stipulation and proposed Order (3.2); Preparing letter to opposing counsel (.6) | 1 | 3.80 | $425 | $1,615.00 | | $360 | 3.80 | 0.0 |
| 236 | 2/12/2010 | Phone call(s) with Mr. DiPalma about proposed Consent Decree (.3); Phone call(s) with Mr. Moore concerning expert report and proposed Consent Decree (.4) | 1 | 0.70 | $425 | $297.50 | | $360 | 0.70 | 0.0 |
| 237 | 2/12/2010 | Reviewing transcript of deposition of Mr. Moore (62 pages) | 1 | 0.90 | $425 | $382.50 | | $360 | 0.90 | 0.0 |
| 238 | 2/17/2010 | Preparing for status hearing (.5); Attending telephonic status hearing (.5) | 1 | 1.00 | $425 | $425.00 | | $360 | 1.00 | 0.0 |
| 239 | 3/4/2010 | Reviewing supplemental report of Plaintiff's expert providing projected costs to make repairs of ADA violations (1.0); Preparing letter to opposing counsel (.2) | 1 | 1.20 | $425 | $510.00 | | $360 | 1.20 | 0.0 |
| 240 | 4/9/2010 | Preparing letter to opposing counsel (.4) | O | 0.40 | $425 | $170.00 | Insufficient description provided | $0 | 0.00 | 0.4 |
| 241 | 4/19/2010 | Phone call(s) with Mr. Matters (.2); Phone call(s) with opposing counsel (left message for Ms. Valentino (.1) | 1 | 0.30 | $425 | $127.50 | | $360 | 0.30 | 0.0 |
| 242 | 4/22/2010 | Phone call(s) with Mr. Valentino regarding Defendant's expert and dates for depositions of experts | 1 | 0.40 | $425 | $170.00 | | $360 | 0.40 | 0.0 |
| 243 | 4/30/2010 | Reviewing Mr. Salmen's two page response to Plaintiffs expert report concerning concerning Caesar's Hotel | — | 0.30 | $425 | $127.50 | | $360 | 0.30 | 0 |

| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants | Reduc Hours Propos Defen |
|---|---|---|---|---|---|---|---|---|---|---|
| 244 | 5/2/2010 | Reviewing 88 page report of expert John Salmen regarding Caesar's Hotel (4.1); Comparing findings of expert Salmen and expert Matters (1.4) | O | 5.50 | $425 | $2,337.50 | Time spent reviewing Salmen report excessive. | $360 | 2.90 | 2 |
| 245 | 5/18/2010 | Reviewing Amended Scheduling Order of 5/17/10 (.3); Phone call(s) with Mr Mattera (.3) | | 0.60 | $425 | $255.00 | | $360 | 0.60 | 0 |
| 246 | 5/25/2010 | Reviewing letter from opposing counsel to Court dated 5/24/10 | | 0.30 | $425 | $127.50 | | $360 | 0.30 | 0 |
| 247 | 5/31/2010 | Reviewing Defendant's Motion For Summary Judgment And Statement Of Facts (4.0); Reviewing deposition testimony of Moore cited in Exhibits A & B (1.7); Reviewing Exhibits C,D,E, and F to Motion for Summary Judgment (.3); Readings cases of Dempsey, 539 Absecon, and Esposito attached as Exhibit G to Motion For Summary Judgment (1.4); (NOTE: Total time is 6.6 which has been divided by 2 files Bally's Park Place and Caesars Hotel and Casino) | O | 3.30 | $425 | $1,402.50 | Attorney hours researching standing of Plaintiffs | $360 | 1.90 | 1 |
| 248 | 6/1/2010 | Reviewing 7 cases cited in Defendant's Motion For Summary Judgment (4.8) (NOTE: Total time is 4.8 which has been divided by 2 files Bally's Park Place and Caesars Hotel and Casino) | ↑2.0 | 4.80 | $425 | $2,040.00 | Attorney hours researching standing of Plaintiffs | $0 | 0.00 | 4 |
| 249 | 6/2/2010 | Legal research into issue of standing, and review of decisions of Access v. Trump and Disabled in Action v. Trump (2.2) (NOTE: Total time is 2.2 which has been divided by 2 files Bally's Park Place and Caesars Hotel and Casino) | O | 1.10 | $425 | $467.50 | Attorney hours researching standing of Plaintiffs | $0 | 0.00 | 1 |
| 250 | 6/2/2010 | Legal research into issue of standing, and review of decisions of Access v. Trump and Disabled in Action v. Trump (2.2) (NOTE: Total time is 2.2 which has been divided by 2 files Bally's Park Place and Caesars Hotel and Casino) | S1.1 | 1.10 | $425 | $467.50 | Duplicative | $0 | 0.00 | 1 |
| 251 | 6/3/2010 | Reviewing Picken decision (.5); Reviewing Stieger decision (.6); Reviewing Parr decision (.4); Reviewing DL decision (.5) (NOTE: Total time is 2.0 which has been divided by 2 files Bally's Park Place and Casino) | O | 1.00 | $425 | $425.00 | Attorney hours researching standing of Plaintiffs | $0 | 0.00 | 1 |
| 252 | 6/4/2010 | Starting to prepare Plaintiffs Response To Motion For Summary Judgment (4.4)(NOTE: Total time is 4.4 which has been divided by 2 files Bally's Park Place and Casino) | O | 2.20 | $425 | $935.00 | Attorney hours responding to Defendants' dispositive motions. | $360 | 1.10 | 1 |
| 253 | 6/5/2010 | Continuing preparation of Response to Motion For Summary Judgement (3.2)(NOTE: Total time is 3.2 which has been divided by 2 files Bally's Park Place and Casino) | O | 1.60 | $425 | $680.00 | Attorney hours responding to Defendants' dispositive motions. | $360 | 0.80 | |
| 254 | 6/7/2010 | Phone call(s) with Mr. Moore (.5); Preparing Affidavit of Mr. Moore (2.1) (NOTE: Total time is 2.6, which has been divided by 2 files Bally's Park Place and Casino) | O | 1.30 | $425 | $552.50 | Attorney hours responding to Defendants' dispositive motions. | $360 | 0.70 | |
| 255 | 6/8/2010 | Phone call(s) with Mr. DiPalma (.5); Preparing Affidavit of Mr. DiPalma (.7) (NOTE: Total time is 1.20 which has been divided by 2 files Bally's Park Place and Casino) | O | 0.60 | $425 | $255.00 | Attorney hours responding to Defendants' dispositive motions. | $360 | 0.30 | |

Access 4 All, Inc. et al. v. Boardwalk Regency Corporation, Case No. 1:08-cv-03817-RMB-JS
Itemization of billed attorney hours and costs Defendant's objection(s) thereto, if any, and Defendant's proposed hourly rate for the work performed

15

| # | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants | Reduc Hours Propo Defen |
|---|---|---|---|---|---|---|---|---|---|---|
| 256 | 6/9/2010 | Preparing Plaintiff's Response and Statement Of Material Facts (2.8); Preparing Supplemental Statements of Disputed Facts in Opposition To Motion For Summary Judgment (3.2)(NOTE: Total time is 6.0 which has been divided by 2 files Bally's Park Place and Caesars Hotel and Casino) | O | 3.00 | $425 | $1,275.00 | Attorney hours responding to Defendants' standing-based dispositive motions | $360 | 1.50 | |
| 257 | 6/12/2010 | Continuing to prepare responsive brief and distinguish cases cited by Defendant (1.8)(NOTE: Total time is 1.8 which has been divided by 2 files Bally's Park Place and Caesars Hotel and Casino) | O | 0.90 | $425 | $382.50 | Attorney hours responding to Defendants' standing-based dispositive motions | $360 | 0.40 | |
| 258 | 6/14/2010 | Preparing proposed Order Denying Summary Judgment (.60); Making final revisions to Response To Motion For Summary Judgment (2.40); (NOTE: Total time is 3.0 which has been divided by 2 files Bally's Park Place and Caesars Hotel and Casino) | O | 1.50 | $425 | $637.50 | Attorney hours responding to Defendants' standing-based dispositive motions | $360 | 0.70 | |
| 259 | 6/16/2010 | Starting to prepare proposed Joint Final Pretrial Order (4.6)(NOTE: Total time is 4.60 which has been divided by 2 files Bally's Park Place and Caesars Hotel and Casino) | f | 2.30 | $425 | $977.50 | Attorney hours responding to Defendants' standing-based dispositive motions | $360 | 2.30 | |
| 260 | 6/17/2010 | Continuing to prepare proposed Joint Final Pretrial Order, (including witness and exhibit list)(2.2)(NOTE: Total time is 2.20 which has been divided by 2 files Bally's Park Place and Caesars Hotel and Casino) | / | 1.10 | $425 | $467.50 | | $360 | 1.10 | |
| 261 | 6/17/2010 | Preparing final draft of pretrial order for review by Defendant (2.0)(NOTE: Total time is 2.0 which has been divided by 2 files Bally's Park Place and Caesars Hotel and Casino) | / | 1.00 | $425 | $425.00 | | $360 | 1.00 | |
| 262 | 6/21/2010 | Preparing Responses to Order to Show Cause (2.7 Hours) | / | 2.70 | $425 | $1,147.50 | | $360 | 2.70 | |
| 263 | 6/22/2010 | Phone call(2) with Ace/Ackmant (.4); Preparing revisions to final draft of Response To Orders to Show Cause (.8) | \| | 1.20 | $425 | $510.00 | | $360 | 1.20 | |
| 264 | 6/22/2010 | Reviewing Amended Scheduling Order of 6/21/10 | \| | 0.20 | $425 | $85.00 | | $360 | 0.20 | |
| 265 | 7/8/2010 | Reviewing Defendant Boardwalk's Reply Brief | \| | 1.00 | $425 | $425.00 | | $360 | 1.00 | |
| 266 | 6/6/2011 | Preparing letter to Court in response to Defendant's letter of 6/2/11 | \| | 1.30 | $425 | $552.50 | | $360 | 1.30 | |
| 267 | 6/7/2011 | Telephone conference with Court (1.0); Preparing letter to Court along with proposed Order (1.2); Preparing letter to opposing counsel along with revised Joint Pretrial Order (.8) | O | 3.00 | $425 | $1,275.00 | Time spent on letters excessive | $360 | 2.00 | |
| 268 | 6/9/2011 | Preparing letter to opposing counsel (.5); Reviewing Order of 6/8/11 (.3) | O | 0.80 | $425 | $340.00 | Insufficient description provided | $360 | 0.30 | |
| 269 | 6/21/2011 | Phone call(s) with opposing counsel (left message)X.1); Preparing letter to Court (0.6) | O | 0.70 | $425 | $297.50 | Time spent on letter excessive | $360 | 0.40 | |
| 270 | 6/22/2011 | Preparing for & attending telephone status conference with judge Schneider | \| | 0.80 | $425 | $340.00 | | $360 | 0.80 | |
| 271 | 7/1/2011 | Reviewing defendant's additional changes of 7/1/11 to joint final pretrial order ( .4) | \| | 0.40 | $425 | $170.00 | Notices of depositions could have been prepared by legal staff. Time spent preparing notices of depositions excessive. Time spent preparing letter containing proposed stipulation of Mr. DiParna excessive | $360 | 0.40 | |
| 272 | 7/13/2011 | Phone call(s) with opposing counsel (.6); Preparing Notice of Depositions of Defendants representatives (1.0); Reviewing Text Order of 7/17/11 (.3); Preparing letter to opposing counsel containing proposed Stipulation in lieu of live testimony of Mr. DiPama (.8); Preparing second stipulation for opposing counsel to sign (.4) | 5|7|.0 | 3.10 | $425 | $1,317.50 | DiParna excessive | $360 | 1.70 | |

| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants | Redu Hour Prop Defe |
|---|---|---|---|---|---|---|---|---|---|---|
| 273 | 7/14/2011 | Final Preparation of direct examination of Boardwalk's representatives set for deposition on July 19, 2011. | I | 2.80 | $425 | $1,190.00 | | $360 | 2.80 | |
| 274 | 7/17/2011 | Phone call(s) with Mr. Moore (.4). Phone call(s) with Mr. Mattera about recent observations at Bally's & Caesars (.8) | I | 1.20 | $425 | $510.00 | | $360 | 1.20 | |
| 275 | 7/18/2011 | Preparing proposed Final Judgment Against Caesar's | I | 2.50 | $425 | $1,062.50 | | $360 | 2.50 | |
| 276 | 7/19/2011 | Phone calls with Mr. DiParma (.4); Phone call(s) with Mr. Mattera (.4); Preparing letter to Court (.8); Preparing list of policies and procedures to implement at Bally's & Caesars (3.2) | I | 4.80 | $425 | $2,040.00 | | $360 | 4.80 | |
| 277 | 7/20/2011 | Phone call(s) with opposing counsel (.3); Preparing modified letter to Court (.4); Phone call(s) with Mr. Mattera regarding direct exam at trial (1.0) | O | 1.70 | $425 | $722.50 | Insufficient description provided | $360 | 1.70 | |
| 278 | 7/22/2011 | Trial preparation, including conference with John Fuller and Mr. Mattera and preparing cross examination of Defendants expert | O 3 | 5.00 | $425 | $2,125.00 | Immaterial to action. Matter not tried | $0 | 0.00 | |
| 279 | 7/22/2011 | Phone call(s) with Mr. Moore preparing direct examination (.7); revising proposed memorandum and Final Judgment (2.0) | O 3 | 2.70 | $425 | $1,147.50 | Immaterial to action. Trial preparation. Matter not tried | $0 | 0.00 | |
| 280 | 7/25/2011 | Reviewing deposition transcript of testimony of Mr. Moore | O 3 | 1.00 | $425 | $425.00 | Immaterial to action. Matter not tried | $0 | 0.00 | |
| 281 | 7/25/2011 | Preparing direct exam of expert Mattera (3.5); Continuing preparation of direct exam of Mr. Moore (2.5) | O 3 | 6.00 | $425 | $2,550.00 | Immaterial to action. Matter not tried | $0 | 0.00 | |
| 282 | 7/26/2011 | Reviewing amendment to final pretrial Order | O | 0.40 | $425 | $170.00 | Immaterial to action. Matter not tried | $360 | 0.40 | |
| 283 | 7/14/2011 | Preparing letter to opposing counsel | O | 0.70 | $425 | $297.50 | Insufficient description provided | $0 | 0.00 | |
| 284 | 8/14/2011 | Legal Research of NJ case law regarding reasonable attorney fees and hourly award for attorney fees (2.6 hrs/2 files=1.3hrs) | SIP.3 | 1.30 | $425 | $552.50 | Attorney hours devoted to fee application | $120 | 1.30 | |
| 285 | 9/15/2011 | Preparing letter to opposing counsel regarding deadline of Sept 27 2011, for filing Consent Decree (.7); Reviewing letter from opposing counsel dated 9/15/11 (.4); Reviewing file in preparation for settlement conference on 9/23/11 (.7); Phone call(s) with client (.3) (1.0hrs/2 files=.5) | SIP.6 | 0.50 | $425 | $212.50 | Time spent drafting letter excessive. | $360 | 0.30 | |
| 286 | 9/19/2011 | Preparing letter to opposing counsel | O | 0.60 | $425 | $255.00 | Insufficient description provided | $0 | 0.00 | |
| 287 | 9/20/2011 | Phone call(s) with mediator (.3); Preparing letter to Court (.6); Phone call(s) with Mr. Ackerman (.4); Phone call(s) with opposing counsel (.4) | SIP.3 | 1.70 | $425 | $722.50 | Time spent drafting letter to Court excessive. | $360 | 1.40 | |
| 288 | 9/23/2011 | Travel time to get from Florida to Atlantic City (4.0hrs/2 files 2 hrs) | — | 2.00 | $425 | $850.00 | Attorney hours resulting from long distance travel of Plaintiffs pro hac vice counsel | $0 | 0.00 | |
| 289 | 9/23/2011 | Attending Settlement Conference (4.0hrs/2 files=2.0 hrs) | — | 2.00 | $425 | $850.00 | Attorney hours resulting from long distance | $360 | 2.00 | |
| 290 | 9/25/2011 | Travel time to return to Florida from after Settlement Conference on 9/23/11 (4hrs/2 files=2.0 hrs) | TI.0 | 2.00 | $425 | $850.00 | Attorney hours resulting from long distance travel of Plaintiffs pro hac vice counsel | $0 | 0.00 | |
| 291 | 9/26/2011 | 9/26/2011 Starting to prepare Statement of Facts for fee application (2hrs/2 files 1.0 hr) | F | 1.00 | $425 | $425.00 | Attorney hours devoted to fee application. | $120 | 1.00 | |
| 292 | 9/27/2011 | Reviewing Lanni v. State of NJ; Reviewing Truesdell v. The Philadelphia Housing Authority (2.0hrs/2 files=1.0) | F | 1.00 | $425 | $425.00 | Attorney hours devoted to fee application. | $120 | 1.00 | |
| 293 | 9/28/2011 | Reviewing Ellis v. Ethicon; Reviewing Illinois National V. Wyndham (1.6hrs/2 files= 8) | F | 0.80 | $425 | $340.00 | Attorney hours devoted to fee application. | $120 | 0.80 | |

| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants | Reduced Fee |
|---|---|---|---|---|---|---|---|---|---|---|
| 294 | 9/29/2011 | Research v. Windall (1.0hr/2 files=.5); Reviewing Public Interest | F | 0.50 | $425 | $212.50 | Attorney hours devoted to fee application. | $120 | 0.50 | 0 |
| 295 | 9/30/2011 | Preparing discussions in fee application concerning corrective measures to be undertaken (2.0hrs/2 files=1.0) | F | 1.00 | $425 | $425.00 | Attorney hours devoted to fee application. | $120 | 1.00 | 0 |
| 296 | 10/3/2011 | Continuing to prepare Fee Application (4.0hrs/2 files 2.0) | F | 2.00 | $425 | $850.00 | Attorney hours devoted to fee application. | $120 | 2.00 | 0 |
| 2997 | 10/4/2011 | Phone call(s) with expert Jonathan Alpert (.3); Preparing discussion in brief and demonstrate time required in consolidated dates (1.1) (1.4hrs/2 files=.7) | F | 0.70 | $425 | $297.50 | Attorney hours devoted to fee application | $120 | 0.70 | |
| 298 | 10/5/2011 | Preparing discussions in fee application concerning time & labor required; Reviewing Prandini v. National Tea Company (2.0hrs/2 files=1.0) | F | 1.00 | $425 | $425.00 | Attorney hours devoted to fee application | $120 | 1.00 | |
| 299 | 10/10/2011 | Conference with expert Mr. Alpert (2.0); Phone call(s) with Mr. Brady (.5); Preparing Certificate of Mr. Brady (.7) (3.2hrs/2 files=1.6hrs) | F | 1.60 | $425 | $680.00 | Attorney hours devoted to fee application. | $120 | 1.60 | |
| 300 | 10/11/2011 | Preparing listing of injunction relief obtained at Caesars Hotel & Casino (6.0hrs/2 files=3.0) | F | 3.00 | $425 | $1,275.00 | Attorney hours devoted to fee application | $120 | 3.00 | |
| 301 | 10/12/2011 | Preparing listing of injunction relief obtained at Bally's Hotel & Casino (3.8hrs/2 files=1.9) | F | 1.90 | $425 | $807.50 | Attorney hours devoted to fee application | $120 | 1.90 | |
| 302 | 10/13/2011 | Conference with expert Mattera for discussions regarding expert services rendered (1.6hrs/2= 8) | F | 0.80 | $425 | $340.00 | Attorney hours devoted to fee application | $120 | 0.80 | |
| 303 | 10/13/2011 | Phone call(s) with Mr. Alpert (.4hrs/2= 2) | F | 0.20 | $425 | $85.00 | Attorney hours devoted to fee application | $120 | 0.20 | |
| 304 | 10/14/2011 | Making final revisions to application for fees and costs (3.0hrs/2 1.5) | F | 1.50 | $425 | $637.50 | Attorney hours devoted to fee application. | $120 | 1.50 | |
| 305 | | | | | | | | | | |
| 306 | | | | | Total Attorney's Fee Plaintiffs Propose for Lawrence A. Fuller, Esquire | $65,790.00 | | | | |
| 307 | | | | | | | | | | |
| 308 | | | | | | | | | | |
| 309 | **Alan R. Ackerman, Esquire** | | | | | | | | | |
| 310 | | | | | | | | | | |
| 311 | 7/31/2008 | Receipt and review of Complaint against Boardwalk Regency and supporting documents. 1.0 hour | O | 1.00 | $425 | $425.00 | Unnecessary. | $0 | 0.00 | |
| 312 | 8/13/2008 | Correspondence to process server to serve Defendant Boardwalk Regency's registered agent with Summons, Complaint and pro hac vice motion. 0.6 hours | S | 0.60 | $425 | $255.00 | Task could have been conducted by legal staff. Excessive. | $0 | 0.00 | |
| 313 | 8/20/2008 | Telephone communication with Lichtenstein, 0.3 hours. Telephone communication with co-counsel. 0.3 hours Receipt and review of Stipulation Extending Time to Answer; attendance to execution of same and transmittal to adversary. 0.3 hours | I | 0.90 | $425 | $382.50 | | $360 | 0.90 | |

| | A | B | C | D | E | F | G | H | I | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants | Redu... Hours Prop... Defen... |
| 314 | 8/21/2008 | Receipt and review of Return of Service from process server on Defendant Boardwalk Regency and attendance to filing same with the Court, 0.3 hours; Preparation of Affidavit of Alan R. Ackerman, Esq.; 0.6Review of pleadings and attendance to filing motion to admit John P. Fuller, Esq., to appear pro hac vice and its supporting documents; 0.5 hours | SIP.4 | 1.40 | $425 | $595.00 | Attorney hours related to the admission, and electronic noticing, of pro hac vice counsel | $360 | 0.30 | 1 |
| 315 | 10/9/2008 | Conference with adversary, 0.3 hours Correspondence to Court 0.4 hours | 1 | 0.70 | $425 | $297.50 | | $360 | 0.70 | 0 |
| 316 | 10/13/2008 | Receipt and review of motion to strike Defendant's Demand for jury trial, 0.5 hours | O | 0.50 | $425 | $212.50 Unnecessary. | $360 | 0.00 | 0 |
| 316 | 10/21/2008 | Review of file; 1.2 hours Correspondence to Court, 0.5 hours | | 1.70 | $425 | $722.50 | | $360 | 1.70 | 0 |
| 317 | 10/30/2008 | Receipt and review of Defendant's Motion to Dismiss and its supporting pleadings; 0.5 hours | | 0.50 | $425 | $212.50 | | $360 | 0.50 | 0 |
| 318 | | | | | | | | | | |
| 319 | 1/6/2008 | Preparation of Request by Local Counsel for Pro Hac Vice Attorney, John P. Fuller, Esq., to Receive Electronic Notification and attendance to filing same. 0.5 hours | SIP. 2 | 0.50 | $425 | $212.50 | Attorney hours related to the admission, and electronic noticing, of pro hac vice counsel | $0 | 0.00 | 0 |
| | | | | | | | Mr. Ackerman represents that each correspondence to the Court took him 0.4-0.5 hours and required a prior file review of 0.3 to 0.5 hours. Defendants respectfully request that this Court disallow the file reviews. | | | |
| 320 | 11/7/2008 | Review of file; 0.4 hours Correspondence to the Court, 0.5 hours | SIP.4  1.0 | 0.90 | $425 | $382.50 remaining 0.25 hours. | Defendants acknowledge 0.5 hours may, in certain cases, be an appropriate amount of time for Mr. Ackerman to bill for his correspondence to the Court. In other cases, it is an excessive amount of time. As Mr. Ackerman does not specify the nature of the correspondence that he sent to the Court on each occasion, Defendant respectfully requests that this Court allow 0.25 hours for each correspondence and disallow the | $360 | 0.25 | 0 |
| 321 | 2/23/2009 | Review of file to prepare for hearing, 2.0 hours | SIP | 2.00 | $425 | $850.00 Excessive. | | $360 | 0.50 | 0 |
| 322 | 2/24/2009 | Attendance to hearing, 0.5 hours | 1 | 0.50 | $425 | $212.50 | | $360 | 0.15 | 0 |
| 323 | 4/6/2009 | Receipt and review of Order of Consolidation; 0.3 hours | 2 | 0.15 | $425 | $63.75 | | $360 | 0.15 | 0 |
| 324 | 7/15/2009 | Receipt and review of Defendant's Answers to Interrogatories | | 1.15 | $425 | $488.75 | | $360 | 1.15 | 0 |
| 325 | 7/18/2009 | Receipt and review of discovery propounded upon Plaintiff | | 0.35 | $425 | $148.75 | | $360 | 0.35 | 0 |

Access 4 All, Inc., et al. v. Boardwalk Regency Corporation, Case No. 1-08-cv-03817-RMB-JS

Itemization of billed attorney hours and costs Defendant's objection(s) thereto, if any, and Defendant's proposed hourly rate for the work performed.

19

| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants | Reduc Hours Propo Defen |
|---|---|---|---|---|---|---|---|---|---|---|
| 326 | 8/3/2009 | Review of file. 0.4 hours Correspondence to the Court, 0.5 hours | O | 0.45 | $425 | $191.25 | Mr. Ackerman represents that each correspondence to the Court took him 0.4-0.5 hours and required a prior file review of 0.3 to 0.5 hours. Defendants respectfully request that this Court disallow the file reviews.  Defendants acknowledge 0.5 hours may, in certain cases, be an appropriate amount of time for Mr. Ackerman to bill for his correspondence to the Court. In other cases, it is an excessive amount of time. As Mr. Ackerman does not specify the nature of the correspondence that he sent to the Court on each occasion, Defendant respectfully requests that this Court allow 0.25 hours for each correspondence and disallow the remaining 0.25 hours. | $360 | 0.125 | 0 |
| 327 | 8/3/2009 | Receipt and review of Lichtenstein's letter to the Court. 0.4 hours | | 0.45 | $425 | $191.25 | | $360 | 0.45 | 0 |
| 328 | 8/4/2009 | Receipt and review of Defendants' Interrogatories propounded upon Plaintiff. 0.4 hours | O | 0.20 | $425 | $85.00 Duplicative | | $0 | 0.00 | 0 |
| 329 | 8/15/2009 | Receipt and review of correspondence from the Court. 0.3 hours | | 0.15 | $425 | $63.75 | | $360 | 0.15 | 0 |
| 330 | 9/17/2009 | Receipt and review of Valentino's letter to the Court | | 0.15 | $425 | $63.75 | | $360 | 0.15 | 0 |
| 331 | 9/24/2009 | Receipt and review of Plaintiff's Verified Request for Payment of Reasonable Expenses. 1.0 hour | S●.5 | 0.50 | $425 | $212.50 Unnecessary. | | $0 | 0.00 | 0 |
| 332 | 10/5/2009 | Receipt and review of motion to admit Lawrence A. Fuller, Esq. pro hac vice in the matter of Access 4 All, Inc. et. als. v Boardwalk Regency and attendance to filing same with the Court. 1.0 hour | SIP.5 | 1.00 | $425 | $425.00 | Attorney hours related to the admission, and electronic noticing, of pro hac vice counsel | $0 | 0.00 | 1 |
| 333 | 10/9/2009 | Telephone communication with Lichtenstein; 0.3 hours. Telephone communication with Valentino; 0.3 hours communication with co-counsel. 0.3 hours Correspondence to the Court, 0.3 hours | | 0.60 | $425 | $255.00 | | $360 | 0.60 | 0 |
| 334 | 10/15/2009 | Receipt and review of Amending Scheduling Order. 0.3 hours | | 0.15 | $425 | $63.75 | | $360 | 0.15 | 0 |

| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants | Reduction Hours Propos Defend |
|---|---|---|---|---|---|---|---|---|---|---|
| | | A | B | C | D | E | F | G | H | I | J |
| 335 | 10/21/2009 | Review of file, 0.3 hours Correspondence to the Court, 0.4 hours. | O | 0.35 | $425 | $148.75 | Lawrence A. Fuller spent 0.7 hours drafting this letter. Defendant respectfully submits that this Court should disallow the additional 0.4 hours that Mr. Ackerman billed for this letter Mr. Ackerman represents that each correspondence to the Court took him 0.4-0.5 hours and required a prior file review of 0.3 to 0.5 hours. Defendants respectfully request that this Court disallow the file reviews.

Defendants acknowledge 0.4 hours may, in certain cases, be an appropriate amount of time for Mr. Ackerman to bill for his correspondence to the Court. In other cases, it is an excessive amount of time. As Mr. Ackerman does not specify the nature of the correspondence that he sent to the Court on each occasion, Defendant respectfully requests that this Court allow 0.2 hours for each correspondence and disallow the remaining 0.2 hours | $0 | 0.00 | 0. |
| 336 | 10/30/2009 | Preparation of Request by Local Counsel for Pro Hac Vice Attorney, Lawrence A. Fuller, Esq., to Receive Electronic Notification and attendance to filing same, 0.3 hours | O | 0.15 | $425 | $63.75 | Attorney hours related to the admission, and electronic noticing, of pro hac vice counsel | $0 | 0.00 | 0. |
| 337 | 11/16/2009 | Correspondence to adversary, 0.3 hours | O | 0.15 | $425 | $63.75 | Insufficient description provided | $0 | 0.15 | 0. |
| 338 | 11/18/2009 | Telephone communication with co-counsel, 0.3 hours | I | 0.15 | $425 | $63.75 | | $360 | 0.15 | 0. |
| 339 | 11/19/2009 | Communication with Defendants' counsel concerning deposition 0.7 hours Telephone conference with co-counsel 0.3 hours | I | 0.50 | $425 | $212.50 | | $360 | 0.50 | 0. |
| 340 | 1/20/2010 | Receipt and review of correspondence fro Valentino to the Court, 0.3 hours | I | 0.15 | $425 | $63.75 | | $360 | 0.15 | 0. |
| 341 | 3/11/2010 | Telephone conference with co-counsel, 0.3 hours | I | 0.15 | $425 | $63.75 | | $360 | 0.15 | 0. |
| 342 | 5/11/2010 | Receipt and review of correspondence from Valentino to the Court, 0.3 hours | I | 0.15 | $425 | $63.75 | | $360 | 0.15 | 0 |
| 343 | 5/24/2010 | Receipt and review of correspondence from Valentino to the Court, 0.2 hours | I | 0.10 | $425 | $42.50 | | $360 | 0.10 | 0 |
| 344 | 8/16/2010 | Receipt and review of Plaintiff's Notice of Filing Supplemental Authority and its supporting documents, and attendance to filing same, 1.0 hour | O | 0.50 | $425 | $212.50 | Unnecessary | $0 | 0.00 | 0 |
| 345 | 2/11/2011 | Correspondence to Court, 0.4 hours | O | 0.10 | $425 | $42.50 | Insufficient description provided | $0 | 0.00 | 0 |
| 346 | 6/8/2011 | Correspondence to the Court, 0.3 hours | O | 0.15 | $425 | $63.75 | Insufficient description provided | $0 | 0.00 | 0 |
| 347 | 7/20/2011 | Correspondence to the Court, 0.3 hours | O | 0.15 | $425 | $63.75 | Insufficient description provided | $0 | 0.15 | 0 |
| 348 | | | | | | | | | | |

| Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants | Reduction Total Attorney Fee Defendant Proposed |
|---|---|---|---|---|---|---|---|---|---|
| | | | | **Total Attorney's Fee Proposed for Alan R. Ackerman, Esquire** | $8,181.25 | | | | |
| | | | | **Total Attorney's Fee Plaintiffs Propose** | $157,765.00 | | | | |
| **Paralegal** | | | | | | | | | |
| 11/14/2008 | Download cases, check each citation of brief on standing; prepare front pages including table of contents and authorities of brief on standing; prepare exhibits of brief on standing (time of 4.0 hours divided by 2 with case "Bally's") | ○ | 2.00 | $115 | $345.00 | Excessive. Drafting/exhibit preparation tasks could have been conducted by legal staff. | $75 | 0.50 | 1.50 |
| 10/20/2009 | Sent Plaintiff's Responses to Request for Production and Interrogatories to opposing counsel | / | 0.10 | $115 | $11.50 | | $75 | 0.10 | 0.00 |
| 3/3/2010 | Prepared and sent letter to Magistrate Schneider in response to opposing counsel's request for an extension of time to submit Defendant's expert report | / | 0.50 | $115 | $57.50 | | $75 | 0.50 | 0.00 |
| 3/11/2010 | Prepared and sent our correspondence to opposing counsel with the Supplemental Report of AccessSolution.com, Inc. | / | 0.25 | $115 | $28.75 | | $75 | 0.25 | 0.00 |
| 6/18/2010 | Prepared Court's form of Joint Final PT Order | / | 0.75 | $115 | $86.25 | | $75 | 0.75 | 0.00 |
| 6/18/2010 | Prepared as directed and electronically file Plaintiffs Notice of Pening Motion for Summary Judgment | / | 0.43 | $115 | $49.45 | | $75 | 0.43 | 0.00 |
| 6/21/2010 | Prepared as directed and e-mailed letter to both experts regarding deposition transcripts of any depositions they had both been a part of (time split with Bally's) | / | 0.25 | $115 | $28.75 | | $75 | 0.25 | 0.00 |
| 6/21/2010 | Finalized Court's form of Joint Final PT Order and sent to opposing counsel (time split with Bally's) | / | 0.50 | $115 | $57.50 | | $75 | 0.50 | 0.00 |
| 5/4/2011 | Coordinated conference call with opposing counsel; Russell Lichtenstein directly for finalization of JT Final PT Order | / | 0.20 | $115 | $23.00 | | $75 | 0.20 | 0.00 |
| 5/5/2011 | Telephone call left message to opposing counsel requesting a return call or e-mail to finalize JT Final PT Order | / | 0.20 | $115 | $23.00 | | $75 | 0.20 | 0.00 |
| 5/6/2011 | Telephone call left message to opposing counsel requesting a return call or e-mail to finalize JT Final PT Order | / | 0.20 | $115 | $23.00 | | $75 | 0.20 | 0.00 |
| 5/6/2011 | Telephone call or e-mail to finalize JT Final PT Order | / | 0.20 | $115 | $23.00 | | $75 | 0.20 | 0.00 |

| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs / Total Paralegal Fee Proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants | Total Pa. Fee Pro. by Def. / Reduction Hours Propos. Defend |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | |
| 366 | 7/23/2011 | Photo copy extra set of photos printed from the report of Gene C. Mattera of AccessSolution.com, Inc. for Plaintiffs counsel for Trial preparation, hole-punch and printed photos for Plaintiffs counsel original printed photos for Trial for Judge, and extra set of printed photos for Plaintiffs' counsel. | S&P 1.0 | 2.00 | $115 | $230.00 | Tasks could have been conducted by legal staff | $0 | 0.00 | 2.0 |
| 367 | 8/24/2011 | Phone call to mediator Seltzer and Phone call(s) with opposing counsel to try and arrange date and time for mediator (.6), Preparing note to mediator Seltzer (.3) | I | 0.90 | $115 | $103.50 | | $75 | 0.90 | 0. |
| 368 | 10/14/2011 | Gathering exhibits & scanning for presentation to Court (1.4); Preparing Index of Documents (.8); Preparing Table of Contents (.6) | O | 2.80 | $115 | $322.00 | Tasks could have been conducted by legal staff | $0 | 0.00 | 2. |
| 369 | | | | | | | | | | |
| 370 | | | | | | $1,389.20 | | | | |
| 371 | | | | | | | | | | |
| 372 | | | | | | | | | | |
| 373 | Costs | | | | | | | | | |
| 373 | | | | | | | | | | |
| 374 | | Fuller, Fuller & Associates | | | | | | | | |
| 375 | | | | | | | | | | |
| 376 | | | | | | | | | | |
| 377 | 4/30/2001 | Photocopies | ⟨mark⟩ | | | | $0.45 Undocumented. Excessive. Unnecessary to litigation. See Access 4 All, Inc. v. 135 W. Sunrise Realty Corp., 2008 U.S. Dist. LEXIS 91674, at *42-*43 (E.D.N.Y. Sept. 30. 2008) (unpublished opinion) (attached to Raatzs Certification as Exhibit O) | | | |
| 378 | 7/17/2008 | Open/Close File Charge | ✓ | | | $ 225.00 | Plaintiffs conducted a title search in each matter to ascertain the proper legal names of the corporate Defendants. Like other counsel licensed to practice in this Court, Mr. Ackerman should, and may, know that these names may be obtained through the New Jersey Business Gateway at a cost of $5 apiece. Furthermore, had Plaintiffs provided Defendants with notice of, | | | |
| 379 | 7/17/2008 | Title Search | ✓ | | | | $200.00 and an opportunity to remedy, any alleged ADA | | | |
| 380 | 7/17/2008 | Expert Fee - No charge | ✓ | | | | $1,500.00 Undocumented | | | |

| # | A Date | B Description of activity as contained in fee application (with typographical errors as in original). | C Footnote | D Hours billed | E Hourly rate proposed by Plaintiffs | F Fee proposed by Plaintiffs | G Basis for objection to specific entry | H Rate proposed by Defendants | I Hours Proposed by Defendants | J Reduct Hours Propos Defend |
|---|---|---|---|---|---|---|---|---|---|---|
| 381 | 7/19/2008 | Re-inspection Fee(s) to disability group | ✓ | | | $1,500.00 | Insufficient description provided. See Access 4 All, Inc. v. 135 W. Sunrise Realty Corp., 2008 U.S. Dist. LEXIS 91674, at *42-*43 (E.D.N.Y. Sept. 30, 2008) (unpublished opinion) (attached to Raatzs Certification as Exhibit O); Spalluto v. Trump International Hotel and Tower, 2008 U.S. Dist LEXIS 116424 (S.D.N.Y. August 29, 2008) (unpublished opinion) (attached to Raatzs Certification as Exhibit P) | | | |
| 382 | 7/21/2008 | Filing Fees - Civ. #15688 Filing Fees and Pro Hac Vice for John P Fuller | ✓ | | | $500.00 | Costs related to the admission, and electronic noticing of pro hac vice counsel | | | |
| 383 | 7/21/2008 | Federal Express Shipment | ✓ | | | $22.07 | Undocumented. Overhead | | | |
| 384 | 8/28/2008 | Photocopies | ✓ 0 | | | $0.90 | Undocumented. Overhead | | | |
| 385 | 9/24/2008 | Faxing Long-Distance Chrg. | 0 | | | $42.00 | Undocumented. Overhead. Excessive | | | |
| 386 | 10/10/2008 | Long Distance Calls | 0 | | | $3.00 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive | | | |
| 387 | 11/11/2008 | Long Distance Calls | ✓ 0 | | | $3.40 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive | | | |
| 388 | 11/26/2008 | airfare to attend initial scheduling conference | ✓ | | | $318.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel | | | |
| 389 | 11/26/2008 | rental car to attend initial scheduling conference | ✓ | | | $91.06 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel | | | |
| 390 | 11/30/2008 | Postage | 0 | | | $0.59 | Undocumented. Overhead | | | |
| 391 | 11/30/2008 | Photocopies | 0 | | | $45.35 | Undocumented. Overhead | | | |
| 392 | 12/9/2008 | Long Distance Calls | 0 | | | $7.00 | Undocumented | | | |
| 393 | 12/17/2008 | Expert Fee - No charge | ✓ | | | $1,000.00 | Undocumented. Overhead | | | |
| 394 | 12/31/2008 | Postage | 0 | | | $3.87 | Undocumented. Overhead | | | |
| 395 | 1/31/2009 | Postage | 0 | | | $5.32 | Undocumented. Overhead. Costs related to Plaintiffs' hire of foreign counsel. | | | |
| 396 | 2/13/2009 | Faxing Long-Distance Chrg | 0 | | | $6.00 | Undocumented. Overhead. Costs related to Plaintiffs' hire of foreign counsel. | | | |
| 397 | 2/26/2009 | Travel: Meal(s); A Tip(s), and Miscellaneous for Attorney to attend hearing (divided with Bally's) | ✓ | | | $205.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel | | | |
| 398 | 2/26/2009 | rental Car to attend hearing on protocol (divided with Bally's) | ✓ | | | $175.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel | | | |
| 399 | 2/26/2009 | Airfare for attorney Fuller to attend hearing (divided with Bally's) | ✓ | | | $225.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel | | | |
| 400 | 2/26/2009 | Hotel for John Fuler to attend hearing on protocol(divided with Bally's) | ✓ | | | $175.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel | | | |
| 401 | 2/28/2009 | Postage | 0 0 | | | $0.59 | Undocumented. Overhead | | | |
| 402 | 3/31/2009 | Photocopies | 0 0 | | | $7.65 | Undocumented. Overhead | | | |
| 403 | 4/2/2009 | Bally's Airfare for John Fuller to attend 4/2/2009 hearing on protocol(divided with | ✓ | | | $175.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel | | | |

Access 4 All, Inc. et al. v. Boardwalk Regency Corporation, Case No. 1:08-cv-03817-RMB-JS

Itemization of billed attorney hours and costs Defendant's objection(s) thereto, if any, and Defendant's proposed hourly rate for the work performed

24

| | A | B | C | D | E | F | G | H | I | J |
|---|---|---|---|---|---|---|---|---|---|---|
| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants | Reduction Hours Proposed Defenda |
| 404 | 4/2/2009 | Hotel Room for John Fuller to attend 4/2/09 hearing (divided with Bally's | ✓ | | | $225.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel | | | |
| 405 | 4/9/2009 | Long Distance Calls | O | | | $1.00 | Undocumented. Overhead. Costs related to Plaintiffs' hire of foreign counsel. | | | |
| 406 | 5/31/2009 | Photocopies | O | | | $10.80 | Undocumented. Overhead. | | | |
| 407 | 6/23/2009 | Travel: Lodging, Meal(s) & Tip(s), Airfare, Car Rental, Gasoline, Airport Parking (to attend status conference (divided with Bally's) | O | | | $600.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel | | | |
| 408 | 6/30/2009 | Photocopies | O✓ | | | $92.70 | Undocumented. Overhead. Excessive | | | |
| 409 | 7/31/2009 | Photocopies | O✓ | | | $35.55 | Undocumented. Overhead. Excessive | | | |
| 410 | 8/11/2009 | Long Distance Calls | ✓O | | | $23.00 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive | | | |
| 411 | 8/17/2009 | Travel: Airfare for Attorney to attend inspection divided with Bally's | ✓O | | | $225.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel | | | |
| 412 | 8/17/2009 | Travel: Lodging, Meal(s) & Tip(s), Rental car (divided with Bally's) for Attorney to attend inspection. | ✓ | | | $350.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel | | | |
| 413 | 8/30/2009 | Travel: Lodging, Meal(s) & Tip(s), Airfare, Rental Car for ally to meet with client for Preparation for deposition Charged solely to Caesars) | ✓ | | | $406.61 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel | | | |
| 414 | 8/31/2009 | Photocopies | ✓ | | | $51.30 | Undocumented. Overhead. Excessive | | | |
| 415 | 9/10/2009 | Long Distance Calls | ✓ | | | $57.00 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive | | | |
| 416 | 9/24/2009 | Filing Fees - Ck. #16607 Pro Hac Vice for John P. Fuller | O✓ | | | $150.00 | Costs related to the admission, and electronic noticing, of pro hac vice counsel | | | |
| 417 | 9/30/2009 | Postage | O | | | $1.83 | Undocumented. Overhead. | | | |
| 418 | 9/30/2009 | Long Distance Calls | O | | | $78.20 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive | | | |
| 419 | 10/1/2009 | Faxing Long Distance Chrg. | O | | | $4.00 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive | | | |
| 420 | 10/18/2009 | Travel: Airfare for Attorney to return from inspection (divided with Bally's | ✓ | | | $250.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel | | | |
| 421 | 10/18/2009 | Travel: Lodging, Meal(s) & Tip(s), Rental Car for Attorney to attend Inspection Split with Bally's | ✓ | | | $750.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel | | | |

| Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants | Reduction Proposed Defendant |
|---|---|---|---|---|---|---|---|---|---|
| 10/22/2009 | Federal Express Shipment | 0 | | | $12.52 | Undocumented. Overhead. | | | |
| 10/31/2009 | Postage | 0 | | | $2.75 | Undocumented. Overhead. | | | |
| 10/31/2009 | Photocopies | ✓ | | | $221.40 | Undocumented. Overhead. Excessive. | | | |
| 11/11/2009 | Long Distance Calls | 0 | | | $20.00 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive. | | | |
| 11/24/2009 | Expert Fee(s) AccesSolutions.com Researching & Reviewing Rule 34 @ | #5 | | | $3,600.00 | Costs set forth within invoices of Plaintiffs' expert. | | | |
| 11/30/2009 | Ceaser's Boardwalk | ✓ | | | $137.25 | Undocumented. Overhead. Excessive. | | | |
| 12/1/2009 | Photocopies | ✓ | | | $570.18 | Undocumented. Overhead. | | | |
| 12/1/2009 | Expert Fee(s) Access-Ability Consultants, Ins Invoice No. #184 | ✓ | | | $106.60 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive. | | | |
| 12/17/2009 | Travel (Lodging, Meals) & Tip(s), Airfare by Attorney to attend deposition (split with Bally's) | ✓ | | | $602.57 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel | | | |
| 12/17/2009 | Photocopies | I | | | $20.70 | Undocumented. Overhead. Excessive. | | | |
| 12/31/2009 | Photocopies | I 0 | | | $296.70 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive. | | | |
| 1/20/2010 | Court Reporter for copy of depo of Plaintiff Moore | ✓ | | | $106.40 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive. | | | |
| 1/31/2010 | Long Distance Calls | ✓ | | | $24.00 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive. | | | |
| 3/3/2010 | Faxing Long-Distance Chrg. | 0 | | | $17.80 | Undocumented. Costs related to Plaintiff's hire of foreign counsel. Overhead. Excessive. | | | |
| 3/10/2010 | Long Distance Calls | 0 | | | $18.45 | Undocumented. Overhead. Excessive. | | | |
| 3/31/2010 | Photocopies | 0 | | | $0.78 | Undocumented. Overhead. | | | |
| 4/30/2010 | Postage-April | 0 | | | $17.60 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive. | | | |
| 5/7/2010 | Long Distance Calls | 0 | | | $1.05 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive. | | | |
| 5/31/2010 | Postage | 0 | | | $16.65 | Undocumented. Overhead. | | | |
| 5/31/2010 | Photocopies | 0 | | | $4.80 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. | | | |
| 6/10/2010 | Long Distance Calls | ✓ 0 | | | $2.75 | Undocumented. Overhead. | | | |
| 6/30/2010 | Postage for June | ✓ 0 | | | $124.70 | Undocumented. Overhead. Excessive. | | | |
| 6/30/2010 | Photocopies | ✓ | | | $59.80 | Undocumented. Overhead. Costs related to Plaintiff's hire of foreign counsel. | | | |
| 7/15/2010 | Long Distance Calls | ✓ | | | $1.90 | Undocumented. Overhead. | | | |
| 8/31/2010 | Postage | 0 0 | | | $24.85 | Undocumented. Overhead. | | | |
| 3/17/2011 | Federal Express Shipment | 0 0 | | | $39.60 | Undocumented. Overhead. Excessive. | | | |
| 5/9/2011 | Federal Express Shipment | 0 0 | | | $17.50 | Undocumented. Overhead. Costs related to | | | |
| 5/31/2011 | Photocopies | 0 | | | $14.00 | Plaintiff's hire of foreign counsel. Excessive. | | | |
| 5/31/2011 | Telephone Charges | ✓ 0 | | | $16.00 | Undocumented. Overhead. | | | |
| 5/31/2011 | Postage | ✓ 0 | | | $165.76 | Undocumented. Overhead. Excessive. | | | |
| 7/25/2011 | Federal Express Shipment | 0 | | | $45.00 | Undocumented. Overhead. Excessive. | | | |
| 7/25/2011 | Office Depot (for trial exhibits, binders, dividers, notebooks x briefcase) | 0 | | | $17.00 | Undocumented. Overhead. Costs related to | | | |
| 7/25/2011 | Photocopies | 0 | | | | | | | |
| 7/25/2011 | Telephone Charges | | | | $17.00 | Plaintiffs' hire of foreign counsel. Excessive. | | | |

Access 4 All Inc. et al. v. Boardwalk Regency Corporation. Case No. 1:08-cv-03817-RMB-JS

Itemization of billed attorney hours and costs Defendant's objection(s) thereto, if any, and Defendant's proposed hourly rate for the work performed.

27

| | A | B | C | D | E | F | G | H | I | J |
|---|---|---|---|---|---|---|---|---|---|---|
| | Date | Description of activity as contained in fee application. (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants | Reductio Hours Proposed Defendar |
| 454 | 9/13/2011 | Photocopies | | | | | | | | |
| 455 | | | 0 | | | $32.00 | Undocumented.  Overhead.  Excessive | | | |
| 456 | | | | | Total Costs to Fuller, Fuller & Associates Proposed by Plaintiffs | $44,109.00 | | | | Total Cos Fuller, Ful Associa Propose Defenda |
| 457 | | | | | | | | | | |
| 458 | | | | | | | | | | |

| Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Hourly rate proposed by Plaintiffs | Fee proposed by Plaintiffs | Basis for objection to specific entry | Rate proposed by Defendants | Hours Proposed by Defendants | Reducti... Hours Propos... Defend... |
|---|---|---|---|---|---|---|---|---|---|
| | Law Office of Alan R. Ackerman: | | | | | | | | |
| | | | | | | | | | |
| | Miscellaneous office expenses including telephone, xerox, facsimile, postage, parking and tolls. | ✓ | | | $264.50 | Undocumented, Overhead, Excessive. | | | |
| | Fee to file Complaint | ✓ | | | $700.00 | Undocumented | | | |
| | Fee to process server | ✓ | | | $182.14 | Undocumented | | | |
| | Fee to file pro hac vice motions | ✓ | | | $600.00 | Costs related to the admission, and electronic noticing, of pro hac vice counsel | | | |
| | | | | | Total Costs to Law Office of Alan R. Ackerman Proposed by Plaintiffs | | | | Total C... Alan... Propos... Defen... |
| | | | | | Total Costs Proposed by Alan R. Ackerman Proposed by Plaintiffs $1,746.64 | | | | Total... Propo... Defen... |
| | | | | | Total Costs Proposed by Plaintiffs $45,855.64 | | | | Total C... Propo... Defen... |
| | | | | | Total Costs and Fees Proposed by Plaintiffs | | | | Total C... Fees P... by Defe... |
| | | | | | $205,009.84 | | | | |
| | | | | | | | | | |
| | Those of Mr. Ackerman's attorney hours where it is unclear whether the attorney hours have been billed to the Caesars or Bally's matter are listed under the Caesars matter | | | | | | | | |
| | Beginning with this entry, Defendants divide Mr. Ackerman's attorney hours across the two files. | | | | | | | | |
| | These photocopies were made thirty-nine (39) months before Plaintiffs commenced their action against Caesars. | | | | | | | | |

# APPENDIX 2

# Access 4 All, Inc., et. al. v. Bally's Park Place,

# Case No. 1:08-cv-04679-JHR-JS

# Itemization of Attorney Hours and Costs Billed to Plaintiffs, Defendant's Objections Thereto, and Defendant's Proposed Hourly Rates for the Work Performed

COOPER LEVENSON APRIL
NIEDELMAN & WAGENHEIM, P.A.

By: Kurt David Raatzs, Esquire (KR1140)
1125 Atlantic Avenue
Third Floor
Atlantic City, NJ 08401
(609) 344-3161
File Nos. 52228.72 and 52226.108
Attorneys for Defendants

| A | B | C | D | G |
|---|---|---|---|---|
| Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
| **John P. Fuller, Esquire** | | | | |
| 8/7/2008 | Conference with Mr. Spalluto | O | 2.00 | Because initial Plaintiff Spalluto died during the litigation, this conduct is immaterial to these actions. |
| 8/22/2008 | Reviewed initial report from Herb Neff & Assoc. | | | 1.50 | Insufficient description provided |
| 8/29/2008 | Phone call(s) with mr. Neff | O | 0.30 | Insufficient description provided |
| 9/2/2008 | Researching ownership and reviewing on-line articles about Bally's/Harrahs | O | 1.00 | Excessive - research could have been conducted through New Jersey Business Gateway. |
| 9/5/2008 | Preparing Complaint and Summons | O | | Because initial Plaintiff Spalluto died during the litigation, this conduct is immaterial to this actions. The time spent on these tasks is excessive. Complaint is form complaint. As of 2007, Plaintiff Access 4 All had filed in excess of 350 ADA actions across the United States |
| 9/5/2008 | Preparing pacer search | S | 2.50 | |
| 9/5/2008 | Preparing letter to Neff & Assoc | SlP.1 | 0.20 | Insufficient description provided |
| 9/8/2008 | Traveling to and from and attendance with Mr. DiPalma to discuss Complaint | T.9 | 0.30 | Insufficient description provided |
| 9/8/2008 | Preparing letter to Mr. Ackerman | SlP.3 | 1.80 | Insufficient description provided |
| 9/16/2008 | Reviewing letter from Mr. Ackerman | O | 0.60 | Insufficient description provided |
| 9/24/2008 | Reviewed defendants answer and affirmative defenses | | 0.10 | Insufficient description provided |
| 10/24/2008 | Preparing Motion to strike Jury Demand and proposed Order | | 1.00 | |
| 10/25/2008 | Reviewing Defendant's 12 page Motion to Dismiss or in the alternative, Motion for More Definite Statement | I | 1.00 | |
| 11/4/2008 | | I | 1.50 | |
| 11/11/2008 | Preparing Plaintiff's Response to Defendant's Motion to Dismiss. | O | 3.20 | Attorney hours responding to Defendants' standing-based dispositive motions. |

| A | B | C | D | G | Ra... |
| --- | --- | --- | --- | --- | --- |
| Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry | pr... De... |
| 11/26/2008 | Travel to and from initial scheduling conference (divided with Caesar's) | T2.5 | 5.00 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel | |
| 11/26/2008 | Attendance at initial conference before Judge Schneider divided with Caesar's s | / | 1.00 | | |
| 11/26/2008 | Prepared notes to file concerning court's instructions at hearing and matters discussed (divided with Caesar's) | / | 0.50 | | |
| 11/26/2008 | Phone call(s) with Peter Spalluto regarding results of initial scheduling hearing and court's request for written protocol for Rule 34 inspection (divided with Caesar's) | 0 | 0.40 | Because initial Plaintiff Spalluto died during the litigation, this conduct is immaterial to these actions. | |
| 11/26/2008 | Phone call(s) with Gino Mattera concerning assistance in Preparation of Rule 34 property inspection (divided with Caesar's) | / | 0.40 | | |
| 11/26/2008 | Reviewed file, prepare letter to Judge Schneider regarding postponing scheduling conference and to follow same protocol as in the Boardwalk Regency case | | 0.40 | | |
| 12/15/2008 | Preparing Rule 26(a)(1) Disclosure | | 0.30 | | |
| 12/18/2008 | Preparing Rule 7.1 Disclosure | | 0.10 | | |
| 1/12/2009 | Conference with client to update as to status of case | 0 | 0.90 | Because initial Plaintiff Spalluto died during the litigation, this conduct is immaterial to these actions. Excessive. | |
| 1/15/2009 | Reviewed scheduling order and instructed staff to task entries | / | 0.40 | | |
| 1/15/2009 | Prepared interrogatories, request for production and request for admissions | / | 0.50 | | |
| 1/15/2009 | Reviewed report of expert as to proposed protocol for Bally's and map of facility | 0 | 0.50 | Excessive. | |
| 1/15/2009 | Prepared proposed inspection protocol as required by the Court's Scheduling Order | 0 | 1.50 | Excessive. | |
| 2/6/2009 | Reviewed file in preparation of scheduling conference set for 2/26/09 | - | 0.50 | | |

| A | B | C | D | G |
|---|---|---|---|---|
| Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
| 2/17/2009 | Reviewed letter order of Judge Schneider re new date for Defendant to file objection to Plaintiff's proposed protocol and other general matters | 1 | 0.30 | |
| 2/19/2009 | Reviewed protocol in preparation of hearing on protocol for rule 34 inspection | 1 | 0.70 | |
| 2/25/2009 | Travel to hearing set for 2/25/09 (divided with Caesar's) | T 2.0 | 4.00 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 2/26/2009 | Attendance at hearing on protocol (announced death of Peter Spaliuto) - divided with Caesar's | 1 | 0.50 | |
| 2/26/2009 2/26/09 | Local travel time to attendance at hearing on protocol for inspection (divided with Caesar's - Broadway Regency Corp.) hearing held on | 1 | 1.00 | |
| 2/27/2009 | Reviewed orders of court in regard to Death of Co-Plaintiff, Spalluto | — | 0.30 | |
| 3/3/2009 | Conference with Peter DiPalma of Access 4 All concerning Ronald Moore and the issue of his stepping forward on behalf of the association in pending litigation in New Jersey at facilities where he goes and has standing | O | | Immaterial to actions as then constituted |
| 3/3/2009 | Reviewed correspondence from Ronald Moore concerning his stay at Caesar's | O | 0.90 | Immaterial to actions as then constituted |
| 3/28/2009 | Phone conversation with Mr. Dipalma re: Moore's visit at Caesar's | O | 0.30 | Immaterial to actions as then constituted |
| 3/28/2009 | Reviewed protocol in preparation for hearing on protocol of case filed by Dempsey-hearing on April 2, 2009 | O | 0.30 | Immaterial to actions as then constituted |
| 4/1/2009 | Conference with Ron Moore at his home in New Jersey to discuss compliance issues at Bally's and other facilities (time apportioned between facilities) | O | 1.00 | Immaterial to action. |
| 4/1/2009 | Local travel time to attend 2nd hearin gon protocol - divided with | O | 0.40 | Immaterial to actions as then constituted |
| 4/2/2009 | Boardwalk Regency Corp. (2 hours divided by 2 files = 1 hour) | T.5 | 1.00 | Immaterial to action. |

clear
clear

| A | B | C | D | G |
|---|---|---|---|---|
| Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
| 4/2/2009 | Attendance at hearing on issues concerning protocol-hearing held in conjunction with attorneys for Lee Dempsey cases-divided in half with Boardwalk Regency Corp. | O | 0.50 | Immaterial to action. |
| 4/6/2009 | Phone conversation with Robert Mirel concerning protocol for inspection as per order of Judge Schneider | O | 0.20 | Immaterial to action. |
| 4/6/2009 | Prepared email to Robert Mirel with Access 4 All protocol | O | 0.20 | Immaterial to action. |
| 4/7/2009 | Reviewed settlement proposal forwarded by Robert Mirel, attorney for Dempsey | O | 0.30 | Immaterial to action. |
| 4/15/2009 | Preparation for hearing on Court ordered status conference (divided with 3968) | | 0.50 | |
| 4/15/2009 | Reviewed comments of Mr. Moore concerning treatment at Bally's | O | 0.30 | Immaterial to action as then constituted |
| 4/16/2009 | Attendance at Court ordered status conference (.60 divided by 2 fiels (Boardwalk Regency)) | | 0.30 | |
| 4/21/2009 | Review letter of Robert Mirel with proposed protocol | O | 0.20 | Immaterial to action. |
| 4/21/2009 | Prepared notes to file re proposed protocol of Plaintiff, Dempsey | O | 0.20 | Immaterial to action. |
| 5/12/2009 | Preparing supplemental complaint for review by Mr. Moore | SIP I.D | 2.20 | The time spent on these tasks is excessive. Complaint is form complaint. As of 2007, Plaintiff Access 4 All had filed in excess of 350 ADA actions across the United States |
| 5/12/2009 | Phone conversation with Ronald Moore concerning proposed supplemental complaint | O | 0.30 | Immaterial to action as then constituted. |
| 6/10/2009 | Prepared letter to Russell Lichtenstein concerning change of inspectors and information concerning rule 26 disclosure | | 0.20 | |
| 6/10/2009 | Received phone call from Robert Mirel concerning protocol for inspection | O | 0.20 | Immaterial to action. |
| 6/23/2009 | Reviewed file in preparation of hearing before the court on protocol for inspection on 6/25/09 (split with Caesars) | | 0.80 | |

| | A | B | C | D | G |
|---|---|---|---|---|---|
| 1 | **Date** | **Description of activity as contained in fee application (with typographical errors as in original).** | **Footnote** | **Hours billed** | **Basis for objection to specific entry** |
| 59 | 6/25/2009 | Local travel time to and from court hearing on protocol for inspection (divided by 2 with Boardwalk Regency) (4.0 hours divided by 2 files = 2.0 hours) | T1.0 | 2.00 | Excessive. |
| 60 | 6/25/2009 | Attendance at court hearing on establishing protocol for inspection (divided with 3968) | 1 | 2.50 | |
| 61 | 7/10/2009 | Reviewed and tasked scheduled dates per court's scheduling order for property inspection, discovery, settlemetn proposals, etc. | 1 | 0.30 | |
| 62 | 7/15/2009 | Reviewing Defendant's answer and affirmative defenses to supplemenal complaint | 1 | 0.40 | |
| 63 | 7/20/2009 | Reviewed initial request for production and interrogatories addressed to Plaintiffs | 0 | 1.00 | Excessive. |
| 64 | 7/21/2009 | Reviewing e-mail from Mr. Lichtenstein to John P. Fuller dated 7/20/09 (.2), phone call(s) with opposing counsel (left message) (.1), phone call(s) with Mr. Ackerman (.2) | 1 | 0.50 | |
| 65 | 7/25/2009 | Reviewed email from Russell Lichtenstein re occupancy of facility (div w/Caesars) | 1 | 0.20 | |
| 66 | 7/25/2009 | Prepared response to Mr. Lichtenstein concerning occupancy of facilities and demand to follow the protocol approved by the Court (divided with Bally's) | 1 | 0.20 | |
| 67 | 7/26/2009 | Reviewed further email from Mr. Lichtenstein re refusal to lock out rooms (divided with Bally's) | 1 | 0.10 | |
| 68 | 7/28/2009 | Prepared email to Larry Fuller to verify deadline for filing Motion to Compel (divided with Bally's) | S | 0.20 | Unnecessary to action. |
| 69 | 7/28/2009 | Prepared email to Russell Lichtenstein replying to his email suggesting all disabled rooms occupied, and set forth proposal to commence room inspection through provision of inspecting representative samples of rooms by category | 1 | 0.30 | |

| A | B | C | D | G |
|---|---|---|---|---|
| Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
| 7/29/2009 | Prepared email to Larry Fuller to prepare letter requesting court intervention in view of lack of cooperation from opposing counsel (divided with Caesar's) | 0 | 0.20 | |
| 8/10/2009 | Prepared email to Russell Lichtenstein requesting a list of disabled rooms by category (divided with Caesars) | 1 | 0.30 | Unnecessary to action. |
| 8/10/2009 | Reviewed responsive email from Russell Lichtenstein advising that he has requested disbursement list from client (divided with Caesars) | 1 | 0.10 | |
| 8/13/2009 | Reviewed protocol in preparation for upcoming property inspection | 1 | 0.80 | |
| 8/13/2009 | Phone conversation with Gene Mattera concerning protocol and plans for property inspection | 1 | 0.40 | |
| 8/16/2009 | Travel to Atlantic City to attend inspection (divided with Boardwalk Regency) | 1.9 | 1.80 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 8/16/2009 | Reviewed file in preparation of property inspection | 1 | 0.60 | |
| 8/17/2009 | Attendance at property inspection (divided with Boardwalk Regency) | 1 | 4.75 | |
| 8/17/2009 | Local travel time to attend and return from inspection (divided with Boardwalk Regency) | 1.4 | 0.80 | There are numerous hotels in Atlantic City at which John P. Fuller could have stayed, minimizing the travel time required to attend and return from the inspections of Defendants' properties. |
| 8/17/2009 | Reviewed file with expert Mattera to map out plan for tomorrow's inspection for subject property | 1 | 0.70 | |
| 8/18/2009 | Local travel time to attend and return from inspection (divided with Boardwalk Regency) | 1.4 | 0.80 | There are numerous hotels in Atlantic City at which John P. Fuller could have stayed, minimizing the travel time required to attend and return from the inspections of Defendants properties. |
| 8/18/2009 | Attendance at property inspection (divided with Boardwalk Regency) | 1 | 4.75 | |
| 8/18/2009 | Conference with expert Mattera to discuss protocol for tomorrow's inspection for subject property | 1 | 0.70 | |

| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
|---|---|---|---|---|---|
| 83 | 8/19/2009 | Local travel time to attend and return from inspection (divided with Boardwalk Regency) | 7.35 | 0.70 | There are numerous hotels in Atlantic City at which John P. Fuller could have stayed, minimizing the travel time required to attend and return from the inspections of Defendants' properties. |
| 84 | 8/19/2009 | Attendance at property inspection (divided with Boardwalk Regency) | — | 4.75 | |
| 85 | 8/19/2009 | Conference with expert Mattera to prepare protocol for tomorrow's inspection re subject property | — | 0.70 | |
| 86 | 8/20/2009 | Local travel time to attend inspection and return from inspection (divided with Boardwalk Regency) | 7.35 | 0.70 | There are numerous hotels in Atlantic City at which John P. Fuller could have stayed, minimizing the travel time required to attend and return from the inspections of Defendants' properties. |
| 87 | 8/20/2009 | Attendance at property inspection (divided with Boardwalk Regency) | — | 4.75 | |
| 88 | 8/20/2009 | Conference with Gene Mattera to review matters covered and develop plan for tomorrow's inspection | — | 0.70 | |
| 89 | 8/21/2009 | Local travel time to attend property inspection and return from inspection (divided with Boardwalk Regency) | 7.35 | 0.70 | There are numerous hotels in Atlantic City at which John P. Fuller could have stayed, minimizing the travel time required to attend and return from the inspections of Defendants' properties. |
| 90 | 8/21/2009 | Attendance at property inspection (divided with Boardwalk Regency) | — | 4.75 | |
| 91 | 8/21/2009 | Post inspection conference with Gene Mattera for general review of inspection and discuss areas including rooms unable to inspect | — | 0.40 | |
| 92 | 8/22/2009 | Travel from Atlantic City to Ft. Lauderdale, Fla (divided with Boardwalk Regency) | 7.9 | 1.80 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 93 | 8/23/2009 | Reviewed notes of inspections as part of analyzing further action and in regard to preparation of letter to Judge Schneider for extension of time to submit expert report | — | 1.50 | |

Itemization of attorney hours and

| | A | B | C | D | G |
|---|---|---|---|---|---|
| 1 | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
| 94 | 8/23/2009 | Reviewed notes in analysis of number and type of exiting disabled rooms and compared to answers to interrogatories and ADAAG | | 0.80 | |
| 95 | 8/26/2009 | Reviewed interrogatories in order to prepare letter to Mr. Lichtenstein to compel better answers to interrogatories | $P .75 | 1.50 | Excessive. |
| 96 | 8/26/2009 | Reviewed responses to request for production to prepare letter to Mr. Lichtenstein concerning better responses | 0 | 0.70 | Excessive. |
| 97 | 8/26/2009 | Phone call to Russell Lichtenstein (left message) re: arranging to review documents, continuing inspection, add'l time to produce expert report | 1 | 0.10 | |
| 98 | 8/26/2009 | Prepared comprehensive email to Russell Lichtenstein requesting better answers to interrogatories with supporting reasoning (divided with caesars) | 0 | 1.40 | Excessive. |
| 99 | 8/27/2009 | Further review of Defendants responses to request for production and preparation of email to Russell Lichtenstein, Esq. requesting better responses to request for production with supporting explanation why the requested information I slikely to lead to th | 0 | 1.10 | Excessive. |
| 00 | 8/27/2009 | Further Review of Defendants Interrogatories to Plaintiffs, and request for production | 0 | 0.60 | Excessive. |
| 01 | 8/27/2009 | Commence preparing outline to discuss with Ronald Moore for responding to defs interrogatories and request for production | 0 | 0.50 | Excessive |
| 02 | 8/27/2009 | Reviewing Federal Rules of Civil Procedure in regard to responding to def's request for production and interrogatories (divided with Boardwalk Regency) | S.4 | 0.40 | Unnecessary to action. |
| 03 | 8/28/2009 | Phone conversation with Nancy Valentino concerning Defs response for consent to extend time for the submission of expert report, to set time for review of documents in response to request for production, and for permission to complete inspection (divided | 1 | 0.40 | |
| 104 | 8/30/2009 | Initial preparation of extensive letter to Judge Schneider concerning request for extension of time etc. (divided with Boardwalk Regency) | $P .5 | 1.50 | Excessive. |

| | A | B | C | D | G |
|---|---|---|---|---|---|
| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
| 5 | 9/1/2009 | Further prep of letter on various issues (divided with Boardwalk Regency) | SIP. 5 | 1.50 | Excessive. |
| 6 | 9/2/2009 | Further prep of letter - very complex (divided with Boardwalk Regency) | SIP.5 | 1.50 | Excessive. |
| 7 | 9/3/2009 | Further work on gather in documents for responses to request for production | D | 2.00 | Excessive |
| 8 | 9/16/2009 | Review Court Order of 9/16/09 | — | 0.20 | |
| 9 | 9/16/2009 | Phone conversation with Nancy Valentino re court order to confer | — | 0.30 | |
| 10 | 9/23/2009 | Initial preparation of request for payment of reasonable fees (divided with Boardwalk Regency) | F | 2.50 | Attorney hours devoted to fee application. |
| 11 | 9/23/2009 | Further preparation of request for reasonable fees (divided with | F | 1.70 | Attorney hours devoted to fee application. |
| 12 | 9/24/2009 | Reviewing New Jersey Business entity status report (.6) | SIP.5 | 0.60 | Excessive. |
| 13 | 10/27/2009 | Reviewed amended scheduling order re hearing on nov 12, 2009 | — | 0.30 | |
| 14 | 12/7/2009 | Preparing questions in preparation for upcoming deposition of Mr. Moore | — | 1.00 | |
| 15 | 6/1/2010 | Reviewed Defendant's Motion for Summary Judgment | O 5 | 1.50 | Attorney hours responding to Defendants' standing-based dispositive motions. |
| 16 | 6/1/2010 | Reviewed answers to interrogatories by Mr. Moore in the City of Atlantic City case in conjunction with responding to Def's Motion for Summary Judgment in the subject case | O | 0.40 | Attorney hours responding to Defendants' standing-based dispositive motions. |
| 17 | 6/1/2010 | Initial preparation of Affidavit of Peter DiPalma | O | 0.80 | Attorney hours responding to Defendants' standing-based dispositive motions. |
| 18 | 6/1/2010 | Investigated prior cases which were dropped by Access 4 All for lack of standing | O | 0.80 | Attorney hours researching standing of Plaintiffs. |
| 19 | 6/1/2010 | Reviewed local rules regarding responding to motion for summary judgment | SIP. 3 | 0.40 | Attorney hours related to the admission, and electronic noticing, of pro hac vice counsel |
| 20 | 6/1/2010 | Reviewing dep to analyze Def's Statement of material facts | O | 2.20 | Attorney hours responding to Defendants' standing-based dispositive motions. |

Access 4 All, Inc. et. al. v. Bally's Park Place, Case No. 1:08-cv
Itemization of attorney hours and costs billed to Plaintiffs, Defendant's objection(s) thereto, if any, and C

9

Itemization of attorney hours and

| A | B | C | D | G |
|---|---|---|---|---|
| **Date** | **Description of activity as contained in fee application (with typographical errors as in original).** | **Footnote** | **Hours billed** | **Basis for objection to specific entry** |
| 2/1/2011 | Further research on issue of single act of discrimination sufficient to create rights under Title III | O | 1.60 | Attorney hours researching standing of Plaintiffs. |
| 2/1/2011 | Reviewed and outline cases of Salmen v. New Jersey Board of Medical Examiners and Clark v. McDonalds | O | 0.90 | Attorney hours researching standing of Plaintiffs. |
| 2/3/2011 | Initial preparation of brief for purposes of preparation of evidentiary hearing | | 2.50 | |
| 2/4/2011 | Further preparation of brief in preparation for evidentiary hearing including reviewing case law and law review article on the limits of Article III standing | O | 2.00 | Attorney hours researching standing of Plaintiffs. |
| 2/8/2011 | Further preparation of memorandum in support of standing in preparation of evidentiary hearing | | 1.80 | |
| 2/11/2011 | Further final preparation of memo to support of plaintiffs standing to seek injunctive relief in preparation for evidentiary hearing | | 1.30 | |
| 2/16/2011 | Further preparation for evidentiary hearing and preparation of brief | | 2.30 | |
| 2/16/2011 | Further preparation for evidentiary hearing including preparing exhibits, organizing questions | | 1.00 | |
| 2/21/2011 | Further preparation for Evidentiary hearing, further review of cases cited by the court and re-review court order | O | 2.50 | Attorney hours researching standing of Plaintiffs. |
| 2/21/2011 | Review of cases granting tester standing | O | 1.50 | Attorney hours researching standing of Plaintiffs. |
| 2/23/2011 | Travel from Fla to NJ to attend evidentiary hearing | S1P3.0 | 6.00 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 2/23/2011 | Further preparation for evidentiary hearing | | 2.00 | Attorney hours resulting from long distance |
| 2/23/2011 | Conference with Ronald Moore and Lawrence Fuller | | 2.00 | |
| 2/24/2011 | Attending evidentiary hearing on 2/24/11 | | 2.00 | |
| 2/24/2011 | Return travel from New Jersey to Fla after hearing | T3.0 | 6.00 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 3/3/2011 | Review of transcript from evidentiary hearing | | 1.00 | |
| 3/8/2011 | Further preparation of Plaintiffs Supplemental Response to Defendant's Motion for Summary Judgment | S | 3.00 | Attorney hours responding to Defendants' standing-based dispositive motions. |

Access 4 All, Inc. et. al. v. Bally's Park Place, Case No. 1:08-cv
Itemization of attorney hours and costs billed to Plaintiffs, Defendant's objection(s) thereto, if any, and C
10

Itemization of attorney hours and
Itemization of attorney hours and costs billed to Plaintiffs, Defendant's objection(s) thereto, if any, and C

| | A | B | C | D | G |
|---|---|---|---|---|---|
| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
| 738 | 3/8/2011 | Reviewed Defendants letter to Court - Defendant's submission in support of its motion for summary judgment | S | 0.80 | Attorney hours responding to Defendants' standing-based dispositive motions. |
| 739 | 3/9/2011 | Further preparation of supplemental submission to court in opposition to motion for summary judgment | S | 4.30 | Attorney hours responding to Defendants' standing-based dispositive motions. |
| 740 | 3/10/2011 | Further preparation of supplemental response to Defendant's Motion for Summary Judgment | S | 4.00 | Attorney hours responding to Defendants' standing-based dispositive motions. |
| 741 | 3/12/2011 | Further preparation of Supplemental response to Defendant's motion for summary judgment | S | 3.20 | Attorney hours responding to Defendants' standing-based dispositive motions. |
| 742 | 3/28/2011 | Reviewed Court Order denying Defendant's motion for summary judgment | / | 0.30 | |
| 743 | 3/28/2011 | Phone conversation with Ronald Moore concerning court order denying Def's motion for summary judgment | / | 0.20 | |
| 744 | 3/28/2011 | Phone conversation with Peter Dipalma concerning court order denying Defendant's Motion for summary Judgment | / | 0.20 | |
| 745 | 4/1/2011 | Phone conversation with Gene Mattera concerning required documents concerning distinguishing between pre 1992 and post 1992 construction | / | 0.40 | |
| 746 | 4/4/2011 | Prepare letter to US Attorneys office concerning justice department investigation into casinos in Atlantic City | O | 0.30 | Immaterial to action. |
| 747 | 4/4/2011 | Phone conversation with David Dauenheimer, US Attorney re DOJ Investigation into Atlantic City casinos and status of investigation | O | 0.30 | Immaterial to action. |
| 748 | 4/4/2011 | Reviewed instructions and directions for the assistance of counsel in preparing the joint final pretrial order | S|P. 2 | 0.40 | |
| 749 | 4/5/2011 | Initial preparation fo proposed joint pretrial order | / | 3.50 | |
| 750 | 4/5/2011 | Phone conversation with Ashley Skotarczak of DOJ in Washington concerning DOJ investigation with Caesars regarding ADA compliance | / | 0.30 | Immaterial to action. |
| 751 | 4/5/2011 | Prepared note to file re status of doj investigation regarding Caesars | / | 0.20 | Immaterial to action. |
| 752 | 4/5/2011 | Further preparation of proposed final pre-trial order | / | 2.00 | |
| 753 | 4/6/2011 | Further preparation of proposed joint pretrial order | / | 3.50 | |

| A | B | C | D | G |
|---|---|---|---|---|
| | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
| Date | | | | |
| 54 | 4/7/2011 | Further preparation of proposed Joint pretrial order | | 2.40 | |
| 55 | 4/8/2011 | Conference with expert Mattera to mark and identify all photographs and exhibits for purposes of final pretrial order | S1P2.35 | 4.70 | Task could have been conducted by legal staff. |
| 56 | 4/8/2011 | Prepared letter to Jim DiLuigi for information required by 26a2 disclosure | | 0.30 | |
| 57 | 4/11/2011 | Reviewed email from Jim DiLuigi concerning prior deposition and trial testimony for last 4 years | | 0.20 | |
| 58 | 4/22/2011 | Reviewed Defendant's Proposed Joint Final Pretrial Order | | 3.00 | |
| 59 | 4/25/2011 | Research on applicability of barrier removal obligation for casino tables | | 1.30 | |
| 60 | 4/25/2011 | Phone conversation with Jim DiLuigi, expert concerning substance of testimony | | 0.30 | |
| 61 | 4/25/2011 | Conference with Lawrence Fuller to review Defendant's proposed revisions to pre trial order | | 2.20 | |
| 62 | 4/25/2011 | Research law on issue of qualification of ADA consultant to testify as to barriers and ADAAG Guidelines | | 1.60 | |
| 63 | 4/25/2011 | Conference with Lawrence Fuller to discuss defendant's proposed changes to pretrial stipulations | | 1.50 | |
| 64 | 4/26/2011 | Research law on applicability of barrier removal defense when economic issues are waived | | 0.80 | |
| 65 | 4/26/2011 | Research law on requirement for gaming establishment to provide compliant gaming tables | | 0.80 | |
| 66 | 5/23/2011 | Prepared email to Ron Moore concerning logistics of attending trial | S.2 | 0.20 | Task could have been conducted by legal staff. |
| 67 | 5/31/2011 | Conference with Lawrence Fuller & Gino Mattera for trial preparation | O | 4.00 | Immaterial to action. Matter never tried. |
| 68 | 6/27/2011 | Reviewed plaintiffs expert reports in preparation for trial | O | 3.00 | Immaterial to action. Matter never tried. |
| 69 | 7/10/2011 | reviewing deposition of ronald moore | O | 1.10 | Immaterial to action. Trial preparation. Matter never tried. |
| 70 | 7/16/2011 | Reviewing deposition testimony of Ronald Moore | O | 3.50 | Immaterial to action. Trial preparation. Matter never tried. |

| | A | B | C | D | G |
|---|---|---|---|---|---|
| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
| 171 | 7/27/2011 | Legal Research on 42usc&2000a-3(b) as cited in Defendant's proposed settlement agreement on issue of right to attorney's fees | 0 | 0.40 | Attorney hours devoted to fee application. |
| 172 | 10/6/2011 | Explaining services performed by attorneys and results obtained | F | 1.50 | Attorney hours devoted to fee application. |
| 173 | | | | | |
| 174 | | | | | |
| 175 | | | | | |
| 176 | | | | | |
| 177 | Lawrence A. Fuller, Esquire | | | | |
| 178 | | | | | |
| 179 | 10/13/2009 | Travel to Atlantic City for Rule 34 Inspection (6.0 hours divided by 2 = 3.0); Conference with Mr. Mattera | T2.0 | 4.00 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel |

Itemization of attorney hours an

|  | A | B | C | D | G |
|---|---|---|---|---|---|
|  | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
| 380 | 10/14/2009 | Inspection of Bally's (Regency Boardwalk's inspection on 10/14/09; Bally's inspection on 10/14/09) | O | 8.00 | Unnecessary. See Association for Disabled Americans, Inc. v. Integra Resort Management, 385 F. Supp. 2d 1272, 1298, 1300-01 (M.D. Fla. 2005) (noting that the plaintiffs' expert in that matter was "a registered sex offender who has been convicted of attempted sexual battery on a victim under age of 12" and deducting all time that plaintiffs' attorney had billed to the inspection of the defendant premises, holding that "[h]ad [counsel] used a competent expert who was not a felon, there would have been no reason for a [counsel] to drive . . . to personally observe the alleged violations.") (emphasis added). |
| 381 | 10/15/2009 | Returning to Airport and return flight to Florida (6.0 hours divided by 2 files) | T1.5 | 3.00 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 382 | 10/20/2009 | Phone call(s) with Mr. Moore | — | 0.50 |  |
| 383 | 10/20/2009 | Phone call(s) with Mr. Ackerman | — | 0.30 | Insufficient description provided. |
| 384 | 10/21/2009 | Preparing status letter to be sent by Mr. Ackerman to Court | S1P.2 | 0.70 | Insufficient description provided. |
| 385 | 10/29/2009 | Conference with Mr. Moore and Mr. Ackerman (2.0 hours divided by 2 files) | — | 1.00 |  |
| 386 | 11/4/2009 | Reviewing Defendant's Bally's More Specific Answers to Interrogatories | — | 0.50 |  |
| 387 | 11/6/2009 | Continuing review of Defendant Bally's updated responses to discovery | — | 1.10 |  |
| 388 | 11/11/2009 | (.7) Phone call(s) with Mr. Matter (.4) Phone call(s) with Mr. Mattera (.4) | O | 0.40 | Insufficient description provided. |
| 389 | 11/11/2009 | Reviewing file in Preparation for telephonic status conference set for 11/12/09 | S1P.5 | 1.00 | Excessive. |
| 390 | 11/12/2009 | Telephonic status conference (.6 divided with Boardwalk Regency) | — | 0.30 |  |

| A | Date | B Description of activity as contained in fee application (with typographical errors as in original). | C Footnote | D Hours billed | G Basis for objection to specific entry |
|---|---|---|---|---|---|
| 791 | 11/12/2009 | Preparing letter to Mr. DiLuigi | | 0.60 | Insufficient description provided |
| 792 | 11/13/2009 | Reviewing Amended Scheduling Order | S|P.3 | 0.40 | Excessive. |
| 793 | 11/23/2009 | Phone call(s) with Mr. DiLuigi (.3); Reviewing letter from opposing counsel dated 11/23/0* (.3); Preparing letter to client to advise of time, date and location of his deposition (.4) | S|P.4 | 1.00 | Insufficient description of Phone call(s) with Mr. DeLuigi provided. Letter to client advising of time, date and location of deposition could have been performed by legal staff |
| 794 | 11/30/2009 | Phone call(s) with client (.3); reviewing letter from opposing counsel dated 11/23/09 (.2) | — | 0.50 | |
| 795 | 12/2/2009 | Phone call(s) with opposing counsel (.2); Conference with Mr. Mattera to discuss his expert report, its findings and recommendations (1.5) | — | 1.70 | |
| 796 | 12/3/2009 | Reviewing 192 page report of expert Gene Mattera regarding Bally's Hotel | O | 3.60 | Excessive. |
| 797 | 12/14/2009 | Attending Conference with client | — | 0.40 | |
| 798 | 12/17/2009 | Conference with client | — | 0.50 | |
| 799 | 12/17/2009 | Travel to Atlantic City for deposition of plaintiff (5 hours divided by 2 files = 2.5 hours). | T|.25 | 2.50 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 800 | 12/18/2009 | Predeposition conference with client (.5); Attending deposition of client (8.0); Post deposition conference with client (.5); Return flight from New Jersey to Florida (8.0); (17 total hours divided by 2 = 8.5 hours per file) | S|P4.0 | 8.50 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 801 | 12/24/2009 | Preparing letter to Mr. Mattera (.6); Phone call(s) with Mr. Mattera (.4) | O | 1.00 | Insufficient description provided. |
| 802 | 12/28/2009 | Preparing letter to opposing counsel regarding depositions of experts | O | 0.60 | Excessive. |
| 803 | 1/18/2010 | Phone call(s) with opposing counsel | | 0.40 | |
| 804 | 1/23/2010 | Reviewing letter from opposing counsel dated 1/20/10 | | 0.20 | |
| 805 | 1/25/2010 | Reviewing file on Preparing for hearing set for 1/26/10 | O | 0.80 | Excessive. |
| 806 | 1/26/2010 | Telephone conference with Court (time divided with Boardwalk case) | / | 0.30 | |
| 807 | 1/28/2010 | Starting to prepare proposed Consent Decree (addressing Transportation Center and Bally's Parking Garage and Bally's Valet Parking) | — | 3.20 | |

Access 4 All, Inc. et. al v. Bally's Park Place; Case No. 1:08-cv
Itemization of attorney hours and costs billed to Plaintiffs, Defendant's objection(s) thereto, if any, and C
15
Itemization of attorney hours and

| A | B | C | D | G |
|---|---|---|---|---|
| Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
| 1/29/2010 | Continuing preparation of Plaintiff's proposed Consent Decree (focusing on Path of Travel and Common Areas ans Restrooms) | 1 | 2.80 | |
| 1/29/2010 | Phone call(s) with Mr. Mattera about his recommendation for correcting ADA violations at Bally's (.6) | 1 | 0.60 | |
| 1/29/2010 | Continuing to prepare proposed Consent Decree (addressing Casino Floor areas, restaurants, and Palace Theatre and restrooms, and Bally's Poker Room) | 1 | 2.60 | |
| 1/31/2010 | Continuing to put together Plaintiff's proposed Consent Decree (discussing guestroom accessibility issues and Claridge's Casino, Pool and Spa and Claridge's Parking Garage) | 1 | 2.50 | |
| 2/2/2010 | Preparing letter to opposing counsel (.4); preparing final draft to proposed Consent Decree (1.6); preparing proposed Stipulation and Final Order (.2) | 1 | 2.20 | |
| 2/2/2010 | Phone call(s) with Mr. Moore about proposed Consent Decree (.3); | 1 | 0.50 | |
| 2/5/2010 | Phone call(s) with Mr. DiPalma about proposed Consent Decree (.2) | 1 | 1.30 | |
| 2/12/2010 | Reviewing transcript of deposition of Mr. Moore (139 pages) | 1 | 0.40 | |
| 2/15/2010 | Phone call(s) with opposing counsel to suggest settlement conference | | | |
| 2/16/2010 | Reviewing letter from opposing counsel to Court (.3); preparing letter to Court (.7) | SIP.5 | 1.00 | Insufficient description provided. |
| 3/3/2010 | Reviewing file (.2); Phone call(s) with opposing counsel (left message for opposing counsel to call me regarding depositions of experts) | 1 | 0.30 | Insufficient description provided. |
| 4/1/2010 | Phone call(s) with opposing counsel (.4); reviewing letter from opposing counsel dated 4/20/10 (.3); Notice to Produce to experts (1.5); Preparing letter to Mr. Mattera and Mr. DiLuigi (.8) | SIP 1.2 | 3.00 | Insufficient description of letter to Mr. Matter and Mr. DeLuigi provided |
| 4/27/2010 | Preparing Notice to Produce (.7); Preparing letter to opposing counsel (.4) | SIP.55 | 1.10 | Task could have been conducted by legal staff. |
| 4/28/2010 | Reviewing letter from opposing counsel dated 4/30/10 along with Mr. Salmen's 2 page response to report of Mr. Mattera regarding Bally's | 1 | 0.40 | |

Access 4 All, Inc. et. al. v. Bally's Park Place, Case No. 1:08-c...
Itemization of attorney hours and costs billed to Plaintiffs, Defendant's objection(s) thereto, if any, and t

Itemization of attorney hours and

| | A Date | B Description of activity as contained in fee application (with typographical errors as in original). | C Footnote | D Hours billed | G Basis for objection to specific entry |
|---|---|---|---|---|---|
| 221 | 5/1/2010 | Reviewing 73 page report of expert John Salmen regarding Bally's Hotel (3.8); Comparing Salmen's report to Mattera's report (1.2) | O | 5.00 | Excessive. |
| 222 | 5/10/2010 | Phone call(s) with opposing counsel (.5); preparing letter to opposing counsel (.7); preparing modified proposed Consent Decree (.7); Phone call(s) with client to discuss suggested compromise | | 2.50 | |
| 223 | 5/13/2010 | Preparing response to Defendant's Letter Requesting Extensio of Time | 51P.5 | 1.00 | Excessive. |
| 224 | 5/14/2010 | Reviewing Text Order of 5/14/10 | | 0.20 | |
| 225 | 5/21/2010 | Preparing Response to Notice to Produce of Expert | | 0.80 | |
| 226 | 5/24/2010 | Reviewing letter from opposing counsel dated 5/21/10 | | 0.30 | |
| 227 | 5/25/2010 | Comparing report of Mr. Salmen with 141 pages of photographs by Mr. Salmen | O | 2.50 | Excessive. |
| 228 | 5/31/2010 | Reviewing Defendant's Motion for Summary Judgment and Statement of Facts (4.0); Reviewing deposition testimony of Moore cited in Exhibit A and B (.7); Reviewing Exhibits C, D, E, and F to Motion for Summary Judgment (.3); Reading cases of Dempsey, 539 Abs | | 3.30 | |
| 229 | 6/1/2010 | Reviewing 17 cases cited in Defendant's Motion for Summary Judgment (4.8) (NOTE: Total time is 4.8, which has been divided by 2 files Bally's Park Place and Caesars Hotel and Casino) | | 2.40 | |
| 230 | 6/2/2010 | Legal research into issue of standing and review of decisions of Access v. Trump; and Disabled in Action v. Trump (2.2) (NOTE: Total time is 2.2, which has been divided by 2 files Bally's Park Place and Caesars Hotel and Casino | O | 1.10 | Attorney hours researching standing of Plaintiffs. |
| 231 | 6/3/2010 | Reviewing Pickern decision (.5); Reviewing Steger decision (.6); Reviewing Parr decision (.4); Reviewing D'Lil decision (.5) (NOTE: Total time is 2.0, which has been divided by 2 files Bally's Park Place and Caesars Hotel and Casino | O | 1.00 | Attorney hours researching standing of Plaintiffs. |
| 232 | 6/4/2010 | Starting to prepare Plaintiff's Response to Motion for Summary Judgment (4.4) (NOTE: Total time is 4.4, which has been divided by 2 files Bally's Park Place and Caesars Hotel and Casino | | 2.20 | |

Itemization of attorney hours and costs billed to Plaintiffs, Defendant's objection(s) thereto, if any, and D

Itemization of attorney hours and

| Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
|---|---|---|---|---|
| 6/5/2010 | Continuing preparation of Response to Motion for Summary Judgment (3.2) (NOTE: Total time is 3.2, which has been divided by 2 files Bally's Park Place and Caesars Hotel and Casino | / | 1.60 | |
| 6/7/2010 | Phone call(s) with Mr. Moore (.5); Preparing Affidavit of Mr. Moore (2.1) (NOTE: Total time is 2.6, which has been divided by 2 files Bally's Park Place and Caesars Hotel and Casino | ) | 1.30 | |
| 6/8/2010 | Phone call(s) with Mr. DiPalma (.5); Preparing Affidavit of Mr. DiPalma (.7) (NOTE: Total time is 1.2, which has been divided by 2 files Bally's Park Place and Caesars Hotel and Casino | | 0.60 | |
| 6/9/2010 | Preparing Plaintiffs' Responsive Statement of Material Facts (2.8); Preparing Supplemental Statement of Disputed Facts in Opposition to Motion for Summary Judgment (3.2) (NOTE: Total time is 6.0, which has been divided by 2 files Bally's Park Place and C | | 3.00 | |
| 6/12/2010 | Continuing to prepare responsive brief and distinguish cases cited by Defendant (1.8) (NOTE: Total time is 1.8, which has been divided by 2 files Bally's Park Place and Caesars Hotel and Casino | { | 0.90 | |
| 6/14/2010 | Preparing proposed Order Denying Summary Judgment (.60); Making final revisions to Response to Motion for Summary Judgment (2.4) ((NOTE: Total time is 3.0, which has been divided by 2 files Bally's Park Place and Caesars Hotel and Casino | \ | 1.50 | |
| 6/16/2010 | Starting to prepare proposed Joint Final Pretrial Order (4.6) (NOTE: Total time is 4.6, which has been divided by 2 files Bally's Park Place and Caesars Hotel and Casino | | 2.30 | |
| 6/16/2010 | Reading 30 page Betancourt decision (2.00); Preparing Notice of Filing Supplemental Authority (.8) | | 2.80 | |
| 6/17/2010 | Continuing to prepare proposed Joint Final Pretrial Order (including witness and exhibit list) (2.2) (NOTE: Total time is 2.2, which has been divided by 2 files Bally's Park Place and Caesars Hotel and Casino | { | 1.10 | |

| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
|---|---|---|---|---|---|
| 242 | 6/18/2010 | Reviewing letter from opposing counsel to Court dated 6/17/10 (3); Reviewing text Order of 6/17/10 (.1); Reviewing letter from opposing counsel dated 6/14/10 regarding expert discovery (.2); Phone call(s) with opposing counsel regarding expert discovery ( | \| | 0.80 | |
| 243 | 6/21/2010 | Preparing letter to experts (.5) | \| | 0.50 | Insufficient description provided. |
| 244 | 6/21/2010 | Place and Caesars Hotel and Casino (NOTE: Total time is 2.0, which has been divided by 2 files Bally's Park | \| | 1.00 | |
| 245 | 6/22/2010 | Reviewing Defendant's Brief in Reply to Plaintiffs Opposition to Motion for Summary Judgment (3.0) | O | 3.00 | Excessive. |
| 246 | 10/19/2010 | Reviewing letter from opposing counsel dated from court dated 10/19/10 | \| | 0.20 | |
| 247 | 10/21/2010 10/21/10 | Reviewing letter from opposing counsel dated from court datedd | \| | 0.20 | |
| 248 | 11/1/2010 on 11/31/10 | Reviewing letter from opposing counsel dated in preparation for hearing | O | 3.50 | Excessive. |
| 249 | 11/1/2010 | Reviewing cases cited in Motion for Summary Judgment | O | 1.50 | Attorney hours researching standing of Plaintiffs. |
| 250 | 11/2/2010 | Travel from Fla to Atlantic City for hearing on 11/3/10 | S1P2.0 | 4.00 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 251 | 11/3/2010 | Hearing Oral Arguments before Court | | 2.00 | |
| 252 | 11/3/2010 | Travel from Atlantic City to Florida | S1P2.0 | 4.00 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 253 | 11/3/2010 | Phone call(s) with Mr. Moore to discuss oral argument on 11/3/10 | \| | 0.30 | |
| 254 | 11/4/2010 | Phone call(s) with Mr. DiPalma to discuss oral argument on 11/3/10 | \| | 0.30 | |
| 255 | 1/17/2011 | Preparing note to client (.2); reviewing depo testimony of client (.8) | \| | 1.00 | |
| 256 | 1/18/2011 | Review note from client (.2) | \| | 0.20 | |
| 257 | 1/20/2011 | Reviewing Judge Bumb's decision and dep testimony of Moore in preparation for upcoming hearing (3.3); preparing outline of dep testimony of Moore (.9) | \| | 4.20 | |

| | A | B | C | D | G |
|---|---|---|---|---|---|
| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
| 258 | 1/21/2011 | Preparing direct exam of Moore for 2/24/11 hg (3.2); Phone call(s) with client (.4) | ✓ | 3.60 | |
| 259 | 1/22/2011 | Reviewing D'Lil decision (.4); reviewing Lujan decision (.7); reviewing Friends of the Earth decision regarding standing (.6) | O | 1.70 | Attorney hours researching standing of Plaintiffs. |
| 260 | 2/18/2011 | Conference with client to prepare for hearing set for 2/24/11 | O | 2.00 | Attendance of both attorneys Fuller excessive |
| 261 | 2/23/2011 | Travel from Fla to NJ to attend hearing | SIP 3.0 | 6.00 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel. |
| 262 | 2/23/2011 | Conference with client and Larry Fuller and John Fuller | O | 2.00 | Attendance of both attorneys Fuller excessive. |
| 263 | 2/23/2011 | Preparation for evidentiary hearing | O | 3.20 | Attendance of both attorneys Fuller excessive. |
| 264 | 2/24/2011 | Attending evidentiary hearing on 2/24/11 | O | 2.00 | Attendance of both attorneys Fuller excessive. |
| 265 | 2/24/2011 | Return travel from NJ to FL after evidentiary hearing | T3.0 | 6.00 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel. Attendance of both attorneys Fuller excessive. |
| 266 | 3/3/2011 | Reading cases of Meyer, Harris & Kramer (cited in court opinion of 11/23/10) (2,3); Continuing preparation of supplemental response to def's motion for summary judgment incorporating facts at hearing with def's motion for summary judgment supporting case law (6.8) | O 7 | 9.10 | Attorney hours researching standing of Plaintiffs. |
| 267 | 3/8/2011 | Preparing proposed order on def's motion for summary judgment | \| | 0.70 | |
| 268 | 3/28/2011 | Reviewing Order of 3/28/11 | \| | 0.30 | |
| 269 | 3/30/2011 | Reviewing Amended Scheduling Order | \| | 0.30 | |
| 270 | 4/11/2011 | Phone call(s) with attorney Brady (.6); Phone call(s) with Mr. Ackerman (.2); Preparing letter to Court (.4); Phone call(s) with Mr. Moore to advise of status of case (.4) | O | 1.60 | The telephone calls with Attorney Brady took place five months before the parties to these matters entered into a consent decree and, as such, are unrelated to the Certification that Mr. Brady submitted in support of Plaintiffs' application. |

| A | B | C | D | G |
|---|---|---|---|---|
| **Date** | **Description of activity as contained in fee application (with typographical errors as in original).** | **Footnote** | **Hours billed** | **Basis for objection to specific entry** |
| 4/23/2011 | Reviewing Defendant's proposed revision to Joint Final Pretrial Order (1.0); Reviewing Defendant's experts (Mr. Salmen) 73 pages of findings and comparing them with photographs of Boardwalk (3.1); Reviewing Defendant's expert (Mr. Salmen) 88 pages of find | O | 7.60 | Insufficient description provided |
| 4/25/2011 | Conference with John Fuller to discuss Defendant's proposed changes to pretrial stipulations (1.5); Phone call(s) with Mr. DiLuigi (.3) | I | 1.80 | |
| 4/26/2011 | Making changes to defendant's proposed pretrial stipulations | I | 1.60 | |
| 5/4/2011 | Preparing for tel conference with opposing counsel (.4); Phone call(s) with opposing counsel to try & reach agreement as to final pretrial order (.2) | I | 0.60 | |
| 5/12/2011 | Preparing for pretrial conference (1.0); traveling to, and from, Florida to New Jersey for pretrial conference (3.5x2=7 hours); attending pretrial conference (1.0) | SIP 3.5 | 9.00 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel. |
| 5/13/2011 | Reviewing Amended Scheduling Order of 5/12/11 (.3); Reviewing Order Setting Trial (.3); Phone call(s) with client to advise of trial date (.2); Preparing letter to client | I | 1.10 | |
| 5/13/2011 | Preparing letter to opposing counsel | O | 0.40 | Insufficient description provided. |
| 5/31/2011 | Conference with John Fuller and expert Mattera to plan for trial presentation | O | 4.00 | Immaterial to action. Trial preparation. Matter never tried. |
| 6/2/2011 | Phone call(s) with opposing counsel (left message with secretary) (.1); Preparing letter to Mag. Judge (.8); Reviewing letter from opposing counsel to Court dated 6/2/11 (.4) | O | 1.30 | Trial preparation immaterial to action. Matter never tried. |
| 6/9/2011 | Preparing letter to opposing counsel containing modified settlement terms | O | 1.00 | |
| 6/29/2011 | Phone call(s) with opposing counsel (.3); telephone conference with Court and opposing counsel (.6); Phone call(s) with expert Mattera concerning trial preparations (.8); Phone call(s) with client (.5); Reviewing note from opposing counsel dated 6/29/11 (.1) | O | 2.30 | Trial preparation immaterial to action. Matter never tried. |

| | A | B | C | D | G |
|---|---|---|---|---|---|
| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
| 282 | 6/29/2011 | Further preparation of direct examination of plaintiff at trial (2.8); Preparing note to Mr. Moore and Mr. Mattera (.5) | | 3.30 | Immaterial to action. Matter never tried |
| 283 | 6/30/2011 | Preparing letter to opposing counsel concerning depositions of Defendant's corporate representatives | | 0.50 | |
| 284 | 7/6/2011 | Preparing proposed Final Order in Bally's | | 3.30 | |
| 285 | 7/7/2011 | Phone call(s) with opposing counsel's secretary (.2); Reviewing Order Entering Joint Final Pretrial Order (.4); Phone call(s) with opposing counsel's secretary to try and agree on date and time for depositions (.3) | | 0.90 | |
| 286 | 7/7/2011 | Continuing to prepare proposed Final Order in Bally's | | 4.80 | |
| 287 | 7/15/2011 | Phone call(s) with Mr. Mattera (.4); Continuing to make changes to proposed Final Order (2.5); Reviewing letter from opposing counsel dated 7/15/11 (.3); Phone call(s) with Mr. DiPalma (.4) | | 3.60 | |
| 288 | 7/29/2011 | Preparing letter to opposing counsel containing list of potential mediators to select from | | 0.80 | |
| 289 | 9/14/2011 | Legal Research of NJ case law regarding reasonable attorney fees and hourly award for attorney fees (2.6 hrs/2 files=1.3hrs) | SIP.3 | 1.30 | Attorney hours devoted to fee application. |
| 290 | 9/15/2011 | 9/15/2011 Reviewing file in preparation for settlement conference on 9/23/11 (.7); Phone call(s) with client (.3) (1.0hrs/2 files=.5) | | 0.50 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 291 | 9/15/2011 | 9/23/2011 Travel time to get from Florida to Atlantic City (4.0hrs/2 files=2 hrs) | T1.0 | 2.00 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 292 | 9/23/2011 | Attending Settlement Conference (4.0hrs/2 files=2.0 hrs) | | 2.00 | |
| 293 | 9/23/2011 | Travel time to return to Florida from after Settlement Conference on 9/23/11 | T1.0 | 2.00 | Attorney hours resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 294 | 9/25/2011 | Starting to prepare Statement of Facts for fee application (2hrs/2 files=1 0 hr) | F | 1.00 | Attorney hours devoted to fee application. |
| 295 | 9/26/2011 | Reviewing Lanni v. State of NJ; Reviewing Truesdell v. The Philadelphia Housing Authority (2.0hrs/2 files=1.0) | F | 1.00 | Attorney hours devoted to fee application. |

| Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
|---|---|---|---|---|
| 9/28/2011 | Reviewing Ellis v. Ethicon; Reviewing Illinois National v. Wyndham (1.6hrs/2 files= 8) | F | 0.80 | Attorney hours devoted to fee application. |
| 9/29/2011 | Reviewing Wade v. State Trooper; Reviewing Public Interest Research v. Windall (1.0hr/2 files=.5) | F | 0.50 | Attorney hours devoted to fee application. |
| 9/30/2011 | Preparing discussions in fee application concerning corrective maesures to be undertaken (2.0hrs/2 files=1.0) | F | 1.00 | Attorney hours devoted to fee application. |
| 10/3/2011 | Continuing to prepare Fee Application (4.0hrs/2 files=2.0) | F | 2.00 | Attorney hours devoted to fee application. |
| 10/4/2011 | Phone calls with expert Jonathan Alpert (.3); Preparing discussion in brief and demonstrate time required in consolidated dates (1.1) (1.4hrs/2 files=.7) | F | 0.70 | Attorney hours devoted to fee application. |
| 10/5/2011 | Preparing discussions in fee application concerning time & labor required; Reviewing Prandini v. National Tea Company (2.0hrs/2 files=1.0) | F | 1.00 | Attorney hours devoted to fee application. |
| 10/10/2011 | Conference with expert Mr. Alpert (2.0); Phone call(s) with Mr.Brady (.5); Preparing Certificate of Mr. Brady (.7) (3.2hrs/2 files=1.6hrs) | F | 1.60 | Attorney hours devoted to fee application. |
| 10/11/2011 | Preparing listing of injunction relief obtained at Caesars Hotel & Casino; Preparing listing of injunction relief obtained at Bally's Hotel & Casino (6.0hrs/2 files=3.0) | F | 3.00 | Attorney hours devoted to fee application. |
| 10/12/2011 | Making final revisions to fee application (3.8hrs/2 files=1.9) | F | 1.90 | Attorney hours devoted to fee application. |
| 10/13/2011 | Conference with expert Mattera for discussions regarding expert services rendered (1.6hrs/2=.8) | F | 0.80 | Attorney hours devoted to fee application. |
| 10/13/2011 | Phone call(s) with Mr. Alpert (.4hrs/2=.2) | F | 0.20 | Attorney hours devoted to fee application. |
| 10/14/2011 | Making final revisions to application for fees and costs (3.0hrs/2=1.5) | F | 1.50 | Attorney hours devoted to fee application. |

| A | B | C | D | G |
|---|---|---|---|---|
| Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
| 309 | | | | |
| 310 | | | | |
| 311 | | | | |
| 312 Alan R. Ackerman, Esquire | | | | |
| 313 | | | | |
| 314 9/18/2008 | Receipt and review of Complaint against Bally's Park Place, Inc. and supporting documents: 1.0 hour | O | 1.00 | Unnecessary. |
| 315 9/25/2008 | Correspondence to process server on Defendant Bally's Park Place, Inc.'s registered agent to serve Summons, Complaint and pro hac vice motion. 0.4 hours | S.4 | 0.40 | Task could have been conducted by legal staff. |
| 316 10/7/2008 | Receipt and review of Return of Service on Defendant Bally's Park Place, Inc. and attendance to filing same with the Court: 0.3 hours; Review of pleadings and attendance to filing motion to admit John P. Fuller, Esq., pro hac vice and supporting documents with the Court: 0.5 hours | S.P.4 | 0.80 | Attorney hours related to the admission, and electronic noticing, of pro hac vice counsel |
| 317 10/29/2008 | Receipt and review of Court Order permitting John P. Fuller, Esq. to appear pro hac vice in the matter of Access 4 All, Inc. et Als. V. Bally's Park Place, Inc.: 0.3 hours | S.P. 2 | 0.30 | Attorney hours related to the admission, and electronic noticing, of pro hac vice counsel |

| | A Date | B Description of activity as contained in fee application (with typographical errors as in original). | C Footnote | D Hours billed | G Basis for objection to specific entry |
|---|---|---|---|---|---|
| 18 | 11/6/2008 | Preparation of Request by Local Counsel for Pro Hac Vice Attorney, John P. Fuller, Esq., to Receive Electronic Notification on Access 4 All, Inc. et. als. v. Bally's Park Place, Inc. and attendance to filing same, 0.3 hours | SP.15 | 0.30 | Attorney hours related to the admission, and electronic noticing, of pro hac vice counsel. Task could have been conducted by legal staff. |
| 19 | 1/23/2009 | Receipt and review of Bally's response to Plaintiff's Admissions, 0.5 hours | 1 | 0.50 | |
| 20 | 4/6/2009 | Receipt and review of Order of Consolidation; 0.3 hours | 1 | 0.15 | |
| 21 | 7/15/2009 | Receipt and review of Defendant's Answers to Interrogatories | 1 | 1.15 | |
| 22 | 7/18/2009 | Receipt and review of discovery propounded upon Plaintiff | 1 | 0.35 | Mr. Ackerman represents that each correspondence to the Court took him 0.4-0.5 hours and required a prior file review of 0.3 to 0.5 hours. Defendants respectfully request that this Court disallow the file reviews. |
| 23 | 8/3/2009 | Review of file: 0.4 hours Correspondence to the Court: 0.5 hours | 0 | 0.45 | Defendants acknowledge 0.5 hours may, in certain cases, be an appropriate amount of time for Mr. Ackerman to bill for his correspondence to the Court. In other cases, it is an excessive amount of time. As Mr. Ackerman does not specify the nature of the correspondence that he sent to the Court on each occasion, Defendant respectfully requests that this Court allow 0.25 hours for each correspondence and disallow the remaining 0.25 hours. |
| 24 | 8/4/2009 | Receipt and review of Lichtenstein's letter to the Court: 0.4 hours Receipt and review of correspondence from the Court: 0.5 hours | 1 | 0.45 | |
| 25 | 8/4/2009 | Receipt and review of Defendants' Interrogatories porpounded upon Plaintiff: 0.4 hours | 1 | 0.20 | |

| A | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
|---|---|---|---|---|
| Date | | | | |
| 9/15/2009 | Receipt and review of correspondence from the Court; 0.3 hours | 1 | 0.15 | |
| 9/17/2009 | Receipt and review of Valentino's letter to the Court | 1 | 0.15 | |
| 9/24/2009 | Receipt and review of Plaintiff's Verified Request for Payment of Reasonable Expenses; 1.0 hour | 5.5 | 0.50 | Unnecessary. |
| 10/5/2009 | Receipt and review of motion to admit Lawrence A. Fuller, Esq. pro hac vice in the matter of Access 4 All, Inc. et. als. v. Boardwalk Regency and attendance to filing same with the Court; 1.0 hour | 5 if . 25 | 0.50 | Attorney hours related to the admission, and electronic noticing, of pro hac vice counsel |
| 10/8/2009 | Receipt and review of motion to admit Lawrence A. Fuller, Esq. pro hac vice in the matter of Access 4 All, Inc. et. als. v. Bally's Park place and supporting documents with the Court; 1.0 hour | 5 if . 5 | 1.00 | Attorney hours related to the admission, and electronic noticing, of pro hac vice counsel |
| 10/9/2009 | Telephone communication with Lichtenstein; 0.3 hours. Telephone communication with Valentino; 0.3 hours communication with co-counsel; 0.3 hours Correspondence to the Court; 0.3 hours | 1 | 0.60 | |
| 10/15/2009 | Receipt and review of Amending Scheduling Order; 0.3 hours | 1 | 0.15 | |

| A | B | C | D | G |
|---|---|---|---|---|
| Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
| 333. 10/21/2009 | Review of file: 0.3 hours Correspondence to the Court: 0.4 hours | O | 0.35 | Lawrence A. Fuller spent 0.7 hours drafting this letter.  Defendant respectfully submits that this Court should disallow the additional 0.4 hours that Mr. Ackerman billed for this letter. Mr. Ackerman represents that each correspondence to the Court took him 0.4-0.5 hours and required a prior file review of 0.3 to 0.5 hours.  Defendants respectfully request that this Court disallow the file reviews.<br><br>Defendants acknowledge 0.4 hours may, in certain cases, be an appropriate amount of time for Mr. Ackerman to bill for his correspondence to the Court.  In other cases, it is an excessive amount of time.  As Mr. Ackerman does not specify the nature of the correspondence that he sent to the Court on each occasion, Defendant respectfully requests that this Court allow 0.2 hours for each correspondence and disallow the remaining 0.2 hours. |
| 334. 10/30/2009 | Preparation of Request by Local Counsel for Pro Hac Vice Attorney, Lawrence A. Fuller, Esq., to Receive Electronic Notification and attendance to filing same: 0.3 hours | O | 0.15 | Attorney hours related to the admission, and electronic noticing, of pro hac vice counsel.  Task could have been conducted by legal staff. |
| 335. 11/16/2009 | Correspondence to adversary: 0.3 hours | O | 0.15 | Insufficient description provided. |
| 336. 11/18/2009 | Telephone communication with co-counsel: 0.3 hours | / | 0.15 | |
| 337. 11/19/2009 | Communication with Defendants' counsel concerning deposition 0.7 hours Telephone conference with co-counsel 0.3 hours | / | 0.50 | |
| 338. 1/20/2010 | Receipt and review of correspondence fro Valentino to the Court: 0.3 hours | \ | 0.15 | |

| A | B | C | D | G |
|---|---|---|---|---|
| Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
| 3/11/2010 | Telephone conference with co-counsel: 0.3 hours | ) | 0.15 | |
| 5/11/2010 | Receipt and review of correspondence from Valentino to the Court: 0.3 hours | ─ | 0.15 | |
| 5/24/2010 | Receipt and review of correspondence from Valentino to the Court: 0.2 hours | ─ | 0.10 | |
| 8/16/2010 | Receipt and review of Plaintiff's Notice of Filing Supplemental Authority and its supporting documents, and attendance to filing same: 1.0 hour | SIP. 4 | 0.50 | Review unnecessary. Excessive. |
| 2/11/2011 | Correspondence to Court: 0.4 hours | ─ | 0.10 | |
| 6/8/2011 | Correspondence to the Court: 0.3 hours | ─ | 0.15 | |
| 7/20/2011 | Correspondence to the Court: 0.3 hours | ─ | 0.15 | |
| Paralegal: | | | | |

| | A Date | B Description of activity as contained in fee application (with typographical errors as in original). | C Footnote | D Hours billed | G Basis for objection to specific entry |
|---|---|---|---|---|---|
| 353 | 11/14/2008 | Download cases, check each citation of brief on standing; prepare front pages including table of contents and authorities of brief on standing; prepare exhibits of brief on standing (time of 4.0 hours divided by 2 with case "Caesar's") | O | 2.00 | Excessive. Drafting/exhibit preparation tasks could have been conducted by legal staff. |
| 354 | 10/22/2009 | Preparing letter to Client, Ronald Moore with attachments. | | 0.25 | |
| 355 | 3/3/2010 | Prepared and sent letter to Magistrate Schneider in response to opposing counsel's request for an extension of time to submit Defendant's expert report. | | 0.50 | |
| 356 | 6/14/2010 | Download cases, check each citation of brief on standing; prepare front pages including table of contents and authorities of brief on standing; prepare exhibits of brief on standing | O | 3.00 | Excessive. Drafting/exhibit preparation tasks could have been conducted by legal staff |
| 357 | 6/18/2010 | Prepared Court's form of Joint Final PT Order. | | 0.75 | |
| 358 | 6/18/2010 | Prepared as directed and electronically file Plaintiffs' Notice of Pending Motion for Summary Judgment. | | 0.43 | |
| 359 | 6/21/2010 | Prepared as directed and e-mailed letter to both experts regarding deposition transcripts of any depositions they had both been a part of. (time split with Caesar's) | | 0.25 | |
| 360 | 6/21/2010 | Finalized Court's form of Joint Final PT Order and sent to opposing counsel to insert Defendant's portion. (time split with Caesar's). | | 0.50 | |
| 361 | 6/28/2010 | Spoke to expert James DiLuigi's office regarding follow-up if ever deposed. Referred to an attorney Mr. DiLuigi dealt with on another case but after calling, confirmed Mr. DiLuigi had not been deposed in the past two years. | | 0.50 | |

| A | B | C | D | G |
|---|---|---|---|---|
| Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
| 5/3/2011 | Enlarge (photos 1-90 of Bally's Parking Garage from the report prepared by Gene C. Mattera of AccesSolution.com, Inc. dated 11/24/09, pages 73-87; photos 1-62 of Claridge Parking Garage from the report prepared by Gene C. Mattera of AccesSolution.com, Inc. dated 11/24/09, pages 88-100; photos 1-14 of Bally's Transportation Center from the report prepared by Gene C. Mattera of AccesSolution.com, Inc. dated 11/24/09, pages 101-103; photos 1-18 of Bally's Valet Parking from the report prepared by Gene C. Mattera of AccesSolution.com, Inc. dated 11/24/09, pages 104-107; and photos 1-11 of Exterior Path of Travel and Entrances to Bally's and Claridge from the report prepared by Gene C. Mattera of AccesSolution.com, Inc. dated 11/24/09, pages 108-115) from 2"x 2" to 8-1/2" x 11", caption photos and print photos for Trial preparation. | S\P 3.4 | 6.75 | Task could have been conducted by legal staff. Excessive. |
| 6/30/2011 | Setting deposition of Defendant's corporate representatives | 0 | 0.50 | Task could have been conducted by legal staff. Excessive. |
| 7/3/2011 | Enlarge (photos 12-57 of Exterior Path of Travel and Entrances to Bally's and Claridge from the report prepared by Gene C. Mattera of AccesSolution.com, Inc. dated 11/24/09, pages 108-115; photos 1-57 of Bally's and Claridge Interior Path of Travel and Common Areas from the report prepared by Gene C. Mattera of AccesSolution.com, Inc. dated 11/24/09, pages 116-122; and photos 1-5 of Claridge Casino Floor Areas from the report prepared by Gene C. Mattera of AccesSolution.com, Inc. dated 11/24/09, pages 123-128) from 2 "x 2" to 8-1/2" x 11", caption photos and print photos for Trial preparation. | S\P 1.8 | 3.75 | Task could have been conducted by legal staff. Excessive. |

Access 4 All, Inc. et. al. v. Bally's Park Place, Case No. 1:08-cv
Itemization of attorney hours and costs billed to Plaintiffs, Defendant's objection(s) thereto, if any, and [
30

Itemization of attorney hours and

| A | B | C | D | G |
|---|---|---|---|---|
| Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
| 7/10/2011 | Enlarge (photos 6-26 of Claridge Casino Floor Areas from the report prepared by Gene C. Mattera of AccesSolution.com, Inc. dated 11/24/09, pages 123-128; photos 1-60 of Wild West Casino Floor Areas from the report prepared by Gene C. Mattera of AccesSolution.com, Inc. dated 11/24/09, pages 129-137; photos 1-67 of Bally's Transportation Center from the report prepared by Gene C. Mattera of AccesSolution.com, Inc. dated 11/24/09, pages 138-148; photos 1-6 of Bally's Poker and Racebook from the report prepared by Gene C. Mattera of AccesSolution.com, Inc. dated 11/24/09, pages 149-150; photos 1-13 of Palace Theatre from the report prepared by Gene C. Mattera of AccesSolution.com, Inc. dated 11/24/09, pages 151-153; and photos 1-35 of Claridge Pool and Spa from the report prepared by Gene C. Mattera of AccesSolution.com, Inc. dated 11/24/09, pages 154-159) from 2"x 2" to 8-1/2" x 11", caption photos and print photos for Trial preparation. | SIP 3.5 | 7.00 | Task could have been conducted by legal staff. Excessive. |
| 7/16/2011 | Enlarge (photo 36 of Claridge Pool and Spa from the report prepared by Gene C. Mattera of AccesSolution.com, Inc. dated 11/24/09, page 159; photos 1-68 of Bally's Pool and to Restaurants in Bally's from the report prepared by Gene C. Mattera ofAccesSolution.com, Inc. dated 11/24/09, pages 160-171; photos 1-38 of Access Spa from the report prepared by Gene C. Mattera of AccesSolution.com, Inc. dated 11/24/09, pages 172-176; and photos 1-95 of Bally's Guest Rooms from the report prepared by Gene C. Mattera of AccesSolution.com, Inc. dated 11/24/09, pages 177-188) from 2" x 2" to 8-1/2" x 11", caption photos and print photos for Trial preparation. | SIP 3.5 | 7 | Task could have been conducted by legal staff. Excessive. |

Access 4 All, Inc. et al. v. Bally's Park Place, Case No. 1:08-cv
Itemization of attorney hours and costs billed to Plaintiffs, Defendant's objection(s) thereto, if any, and D
31

Itemization of attorney hours and

| A | B | C | D | G |
|---|---|---|---|---|
| Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
| 7/23/2011 | Photo copy extra set of photos printed from the report of Gene C. Mattera of AccessSolution.com. Inc. for Plaintiffs' counsel for Trial preparation.: hole-punch and prepare in binders, original printed photos for Trial for Judge, and extra set of printed photos for Plaintiffs' counsel | $1.0 | 2.00 | Task could have been conducted by legal staff. Excessive. |
| 10/14/2011 | Gathering exhibits & scanning for presentation to Court (1.4); Preparing Index of Documents (.8); Preparing Table of Contents (.6) | 0 | 2.80 | Task could have been conducted by legal staff. Excessive. |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
| Costs: |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
| Fuller, Fuller & Associates |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
| 9/9/2008 | Open/Close File Charge | S | 225.00 | Unnecessary to litigation. See Access 4 All, Inc. v. 135 W. Sunrise Realty Corp., 2008 U.S. Dist. LEXIS 91674, at *42-*43 (E.D.N.Y. Sept. 30, 2008) (unpublished opinion) (attached to Raatzs Certification as Exhibit O) |

| A | B | C | D | G |
|---|---|---|---|---|
| Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
| | | | | Undocumented. Defendants assume that Plaintiffs conducted a title search in each matter to ascertain the proper legal names of the corporate Defendants. Like other counsel licensed to practice in this Court, Mr. Ackerman should, and may, know that these names may be obtained through the New Jersey Business Gateway at a cost of $5 apiece. Furthermore, had Plaintiffs provided Defendants with notice of, and an opportunity to remedy, any alleged ADA violations before instituting these actions, they could have obtained the proper legal names of the Defendants from the Defendants themselves. Defendants respectfully request that this Court disallow the title search charges altogether or, in the alternative, permit Plaintiffs to recover only $5 for each title search conducted. |
| 9/9/2008 | Title Search | 5 | 200.00 | Insufficient description provided. See Access 4 All, Inc. v. 135 W. Sunrise Realty Corp., 2008 U.S. Dist. LEXIS 91674, at *42-*43 (E.D.N.Y. Sept. 30, 2008) (unpublished opinion) (attached to Raatzs Certification as Exhibit O); Spallute v. Trump International Hotel and Tower, 2008 U.S. Dist LEXIS 116424 (S.D.N.Y. August 29, 2008) (unpublished opinion) (attached to Raatzs Certification as Exhibit P) |
| 9/9/2008 | Re-Inspection Fee | 5 | 1500.00 | |

| | A Date | B Description of activity as contained in fee application (with typographical errors as in original). | C Footnote | D Hours billed | G Basis for objection to specific entry |
|---|---|---|---|---|---|
| 380 | 9/11/2008 | Filing fee - Ck # 15966 Filing Fees $350.00; Pro Hac Vice for John P. Fuller ($150.00); Service of process (100.00) | 5 | 600.00 | Costs related to the admission, and electronic noticing, of pro hac vice counsel |
| 381 | 9/11/2008 | Expert Neff & Assoc. Initial presuit investigation and report - check #15967 | 5 | 1000.00 | Undocumented. |
| 382 | 9/16/2008 | Federal Express Shipment | 5 | 15.21 | Undocumented. Overhead. |
| 383 | 9/30/2008 | Photocopies | 0 | 33.40 | Undocumented. Overhead. Excessive. |
| 384 | 11/30/2008 | Photocopies | 0 | 33.85 | Undocumented. Overhead. Excessive. |
| 385 | 12/9/2008 | Long Distance Calls | 0 | | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive. |
| 386 | 12/17/2008 | Expert Neff & Assoc. further collaboration & conferences with counsel | 5 | 5.80 | Undocumented. |
| 387 | 1/5/2009 | Federal Express Shipment | 5 | 1000.00 | Undocumented. |
| 388 | 1/31/2009 | Postage | 0 | 19.37 | Undocumented. Overhead. |
| 389 | 2/24/2009 | Long Distance Calls | 0 | .34 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive. |
| 390 | 2/26/2009 | Meals and Tip(s), miscellaneous expenses (divided with Boardwal Regency) (for attorneys to attend hearing on protocol) | 5 | 4.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel. Undocumented |
| 391 | 2/26/2009 | Rental car to attend hearing on protocol (divided with Boardwalk Regency) | 5 | 205.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel. Undocumented |
| 392 | 2/26/2009 | Hotel for John Fuller to attend hearing on protocol (divided with Boardwalk Regency) | 5 | 175.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel. Undocumented |
| 393 | 2/26/2009 | Airfare for John Fuller to attend hearing on protocol (divided with Boardwalk Regency) | 5 | 205.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel. Undocumented |
| 394 | 4/2/2009 | Airfare for attorney Fuller to fly for 4/2/09 hearing on protocol (divided with Boardwalk Regency) | 5 | 175.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel. Undocumented |
| 395 | 4/2/2009 | Hotel Room for stay in NJ for Attorney Fuller to attend 4/2/09 court hearing (divided with Boardwalk Regency) | 5 | 205.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel. Undocumented |
| 396 | 4/16/2009 | Telephone charges Conference Call | 0 | 12.46 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive. |

Access 4 All, Inc. et. al. v. Bally's Park Place, Case No. 1:08-c

Itemization of attorney hours and costs billed to Plaintiffs, Defendant's objection(s) thereto, if any, and I

34

Itemization of attorney hours and

| A | Date | B<br>Description of activity as contained in fee application<br>(with typographical errors as in original). | C<br>Footnote | D<br>Hours billed | G<br>Basis for objection to specific entry |
|---|---|---|---|---|---|
| 397 | 5/11/2009 | Long Distance Calls | O | 1.40 | Undocumented. Overhead. Costs related to Plaintiffs' hire of foreign counsel. |
| 398 | 6/3/2009 | Long Distance Calls | O | 2.40 | Undocumented. Overhead. Costs related to Plaintiffs' hire of foreign counsel. |
| 399 | 6/3/2009 | Travel: Lodging, Meal(s) & Tip(s), Airfare, Car Rental, Gasoline, Airport Parking (for attorney to attend status conference) (Divided with Boardwalk Regency) | ✓ | 600.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 400 | 7/31/2009 | Photocopies | ✓ | 58.95 | Undocumented. Overhead. Excessive. |
| 401 | 8/11/2009 | Long Distance Calls | O | 14.00 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive. |
| 402 | 8/17/2009 | Travel: Lodging, Meal(s) & Tip(s), Rental Car (divided with Boardwalk Regency) for Attorney to attend inspection | ✓ | 350.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 403 | 8/17/2009 | Travel: Airfare for Attorney to attend inspection divided with Bally's | ✓ | 225.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 404 | 9/24/2009 | Filing Fees - Ck. #16608 Pro Hac Vice for Lawrence A. Fuller | O | 150.00 | Costs related to the admission, and electronic noticing, of pro hac vice counsel |
| 405 | 9/30/2009 | Photocopies | ✓ | 481.55 | Undocumented. Overhead. Excessive. |
| 406 | 9/30/2009 | Expert - Expert Access - Ability Consultants | ✓ | 1000.00 | Undocumented. |
| 407 | 10/18/2009 | Travel: Lodging, Meal(s) & Tip(s), Rental Car for attorney to attend inspection (Split with Boardwalk Regency) | ✓ | 750.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 408 | 10/18/2009 | Travel: Airfare for Attorney to return from inspection (divided with Boardwalk Regency) | ✓ | 250.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 409 | 10/22/2009 | Federal Express Shipment | O | 12.53 | Undocumented. Overhead. |
| 410 | 10/31/2009 | Postage | O | 2.58 | Undocumented. Overhead. |
| 411 | 10/31/2009 | Photocopies | ✓ | 158.40 | Undocumented. Overhead. Excessive. |
| 412 | 11/24/2009 | Expert Fee(s) AccessSolutions.com - Attending Rule 34 inspection and preparing report | ✓ | 35,800.00 | Costs set forth within invoices of Plaintiffs' expert |
| 413 | 11/30/2009 | Postage | O | 1.73 | Undocumented. Overhead. Excessive. |
| 414 | 11/30/2009 | Photocopies | O | 4.85 | Undocumented. Overhead. |

Itemization of attorney hours and costs billed to Plaintiffs

Itemization of attorney hours and

| | A | B | C | D | G |
|---|---|---|---|---|---|
| 1 | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
| 15 | 12/1/2009 | Expert Fee(s) Access-Ability Consultants, Inc. | 5 | 831.76 | Undocumented. Overhead. |
| 16 | 12/17/2009 | Travel: Lodging, Meal(s) & Tip(s), Airfare by Attorney to attend deposition (split with Caesars) | 5 | 602.57 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 17 | 12/31/2009 | Photocopies | 5 | 68.85 | Undocumented. Overhead. Excessive. |
| 18 | 1/14/2010 | Long Distance Calls | 0 | 3.00 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive. |
| 19 | 1/20/2010 | Court Reporter for deposition of Plaintiff Moore | 0, 8 | 656.50 | Undocumented. |
| 20 | 1/31/2010 | Long Distance Calls | 0 | 5.60 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive. |
| 21 | 3/31/2010 | Photocopies | 0 | 2.70 | Undocumented. Overhead. |

| Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
|---|---|---|---|---|
| 4/8/2010 | Long Distance Calls | O | 2.60 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive. |
| 5/7/2010 | Long Distance Calls | O | 2.40 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive. |
| 5/31/2010 | Photocopies | O | 45.00 | Undocumented. Overhead. Excessive. |
| 6/10/2010 | Long Distance Calls | S | 85.80 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive. |
| 6/16/2010 | Federal Express Shipment | O | 28.65 | Undocumented. Overhead. |
| 6/30/2010 | Postage for June | O | 2.75 | Undocumented. Overhead. |
| 6/30/2010 | Photocopies | O,S | 216.90 | Undocumented. Overhead. Excessive. |
| 7/15/2010 | Long Distance Calls | O | 13.60 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive. |
| 8/16/2010 | Long Distance Calls July Telephone | O | 1.60 | Undocumented. Overhead. Costs related to Plaintiffs' hire of foreign counsel. |
| 8/31/2010 | Postage | O | 1.90 | Undocumented. Overhead. |
| 11/5/2010 | Travel: Airport parking fee, airfare; food & misc expenses; incurred by attorney for attending hearing on 11/3/10 | S | 600.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel. Undocumented. |
| 2/15/2011 | Dinner conference with Ron Moore | S | 50.00 | Unnecessary to litigation. |
| 2/23/2011 | Airfare from Fla to NJ to confer with client and attend evidentiary hearing on 2/24/11 | S,8 | 378.80 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 2/23/2011 | Rental Car to meet client and attend evidentiary hearing on 2/24/11 | O,8 | 215.40 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 2/23/2011 | Hotel room to meet client and attend evidentiary hearing on 2/24/11 | S | 155.48 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 2/24/2011 2/24/11 | Overnight parking in conjunction with attending evidentiary hearing on | S | 30.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 2/24/2011 | Food in conjunction with attending evidentiary hearing on 2/24/11 | S | 200.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel |

| | Date | Description of activity as contained in fee application (with typographical errors as in original). | Footnote | Hours billed | Basis for objection to specific entry |
|---|---|---|---|---|---|
| 439 | 2/24/2011 | Fuel in conjunction with attending evidentiary hearing on 2/24/11 | 10 | 38.25 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 440 | 2/25/2011 | Airport snack re attendance at evidentiary hearing on 2/24/11 | 10 | 14.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 441 | 3/2/2011 | Outside Photocopying Service - Ck #17540 to Theodore Formaroli for hearing transcript | 10 8 | 170.28 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 442 | 5/12/2011 | Taxis to & from airport & court for hearing on 5/12/11 | 5 | 95.95 | Plaintiffs' pro hac vice counsel |
| 443 | 5/12/2011 | Airport parking 5/12/11 | 10 | 15.00 | Costs resulting from long distance travel of Plaintiffs' pro hac vice counsel |
| 444 | 5/30/2011 | Photocopies | 6 | 16.00 | Undocumented. Overhead. Excessive. |
| 445 | 5/30/2011 | Telephone charges | 10 | 4.50 | Undocumented. Costs related to Plaintiffs' hire of foreign counsel. Overhead. Excessive. |
| 446 | 10/17/2011 | Photocopies | 5 | 28.00 | Undocumented. Overhead. Excessive. |

Itemization of attorney hours and costs billed to Plaintiffs, Defendant's objection(s) thereto, if any, and C

Itemization of attorney hours an

| | A | B | C | D | G |
|---|---|---|---|---|---|
| | Date | Description of activity as contained in fee application (with typographical errors as in in original). | Footnote | Hours billed | Basis for objection to specific entry |
| 447 | 10/17/2011 | Telephone charges | | | Undocumented. Overhead. Costs related to Plaintiffs' hire of foreign counsel. Excessive |
| 448 | | | 0 | 32.00 | |
| 449 | | | | 50,191.06 | |
| 450 | | | | | |
| 451 | | | | 50,191.06 | |
| 452 | | | | | |
| 453 | | | | 242,701.26 | |
| 454 | | | | | |
| 455 | 1 Beginning with this entry, Defendants divide Mr. Ackerman's attorney hours across the two files. | | | | |

Access 4 All, Inc. et al. v. Bally's Park Place, Case No. 1:08-cv
Itemization of attorney hours and costs billed to Plaintiffs, Defendant's objection(s) thereto, if any, and C
39

Itemization of attorney hours and

# APPENDIX 3

Fuller, Fuller & Associates, P.A.
12000 Biscayne Boulevard, Suite 609
North Miami, FL  33181


Invoice submitted to:
Boardwalk Regency Corp


December 19, 2011

In Reference To:   Caesars Hotel and Casino
                   Boardwalk
                   Atlantic City, NJ

Invoice #11852

        Professional Services

|  | Hours | Amount |
|---|---|---|
| JPF |  |  |
| 6/25/2008 conference with Peter Spalluto to discuss matter of ADA violations at Caesar's Hotel | 1.30 | 487.50 |
| 7/5/2008 Reviewed initial reports from Herb Neff & Assoc. | 1.20 | 450.00 |
| 7/16/2008 Research into ownership of facility with accunit, and general internet search and property search | 1.20 | 450.00 |
| 7/17/2008 Reviewed agreement between Boardwalk Regency and Ceaser's Atlantic City as part of researching ownership of facility | 1.30 | 487.50 |
| 7/18/2008 prepared complaint and summons | 2.80 | 1,050.00 |
| Prepared letter to Mr. Dipalma with proposed complaint, fee agreement, statement of client's rights | 0.40 | 150.00 |
| prepared letter to Mr. Spalluto with proposed complaint, fee agreement, statement of client's rights | 0.40 | 150.00 |
| 7/21/2008 prepared letter to Mr. Ackerman with proposed documents for review and execution | 0.30 | 112.50 |
| 8/20/2008 reviewed emails from Mr. Ackerman's office in conjunction with Def's request for 60 day extension, responded thereto | 0.20 | 65.00 |
| phone call to Laureen of Cooper Levenson (left message) for attorney to call me | 0.10 | 37.50 |



EXHIBIT

3-1

Boardwalk Regency Corp

Page    19

| | | Hours | Amount |
|---|---|---|---|
| ~~10/14/2011 Making final revisions to application for fees and costs (3.0hrs/2=1.5)~~ | | ~~1.50~~ | ~~637.50~~ |
| 11/18/2011 | Phone call(s) with opposing counsel (.3); Reviewing letter from opposing counsel to Court | 0.50 | 212.50 |
| 12/1/2011 | Reviewing 90 page Brief of Defendant's | 5.60 | 2,380.00 — F |
| 12/2/2011 | Reviewing cases cited in Defendant's Brief (Paige v. Philadelphia Housing)(W.G. Nichols v. Ferguson)(Pirg v. Powell) | 2.60 | 1,105.00 – F |
| | Reviewing Defendant's Document 120-2 regarding Defendant's Objections to rates charged regarding Boardwalk | 2.80 | 1,190.00 – F |
| 12/3/2011 | Starting to prepare reply to Defendant's Brief | 5.60 | 2,380.00 - F |
| | Preparing Motion to Strike | 1.00 | 425.00 - F |
| 12/4/2011 | Preparing response to Defendant's argument that Plaintiff's are not entitled to reimbursement for preparing for and attending evidentiary hearing on standing issue (1.5); Preparing response to Defendant's argument that Plaintiffs' should not be reimbursed for long distance travel (1.0); Preparing response to Defendant's claim that hourly rates are too high (2.5) | 5.00 | 2,125.00 – F |
| 12/8/2011 | Reviewing Order of 12/8/11 (.3) | 0.30 | 127.50 -SI P.2 |
| 12/13/2011 | Reviewing Defendant's revised Brief in Opposition for Fees (received 12/12/11) and preparing response to Defendant's claim  that excessive attorney fees were billed | 3.10 | 1,317.50 – F |
| | Reading 24 page case of Blakey v. Continental, and 15 page case of Arc of NJ v. Township (cited in Defendant's Brief) | 0.80 | 340.00 - F |
| 12/14/2011 | Preparing reply to Defendant's argument that excessive time was expended responding to Motions, and that excessive time spent by paralegals. | 2.00 | 850.00 - F |
| 12/17/2011 | Making final revisions to Reply to Defendant's Brief | 1.80 | 765.00 - F |
| 1/12/2012 | Anticipated time for traveling to and from Ft. Lauderdale to Camden and attending the fee hearing set for January 12, 2012 (time split between 2 files)(9.0 hrs/2 files= 4.5 hrs) | 4.50 | 1,912.50 - F |
| | SUBTOTAL: | [ 204.10 | 86,742.50] |
| | Z-Paralegal | | |
| ~~11/14/2008~~ | ~~Download cases, check each citation of brief on standing; prepare front pages including table of contents and authorities of brief on standing; prepare exhibits of brief on standing (time of 4.0 hours divided by 2 with case "Bally's")~~ | ~~2.00~~ | ~~230.00~~ |

Boardwalk Regency Corp

Page 25

| | | Amount |
|---|---|---|
| 10/19/2011 Photocopies (costs split between Bally's and Caesar's) (318 pages) | | 71.10 |
| 10/20/2011 Photocopies - Color copies of exhibits/reports (165 pages) | | 165.00 |
| 12/1/2011 Photocopies (4 sets of working copies of Defendant's 90 page Brief and 400 pages of exhibits-1960 pages)(Cost split between Bally's and Caesar's) | | 441.00 |
| 12/2/2011 Photocopies (130 pages - copies of case law cited in Defendant's Brief)(costs split between Bally's and Caesar's) | | 29.25 |
| 12/12/2011 Photocopies - (4 sets of working copies of Defendant's 60 page Brief-240 pages) (Cost split between Bally's and Caesar's) | | 54.00 |

SUBTOTAL:                                                    [   44,868.90]

Total additional charges                                     $44,868.90

Total amount of this bill                                    $218,758.10

# APPENDIX 4

Fuller, Fuller & Associates, P.A.
12000 Biscayne Boulevard, Suite 609
North Miami, FL  33181

Invoice submitted to:
Bally's Park Place, Inc.
a Foreign Corporation

December 19, 2011

In Reference To:   dba Atlantic City Bally's and Claridge Casino Hotel, Atlantic City, NJ
Invoice #11853

Professional Services

| | Hours | Amount |
|---|---|---|
| _JPF_ | | |
| 8/7/2008  Conference with Mr Spalluto | 2.00 | 750.00 |
| 8/22/2008  Reviewed initial report from Herb Neff & Assoc | 1.50 | 562.50 |
| 8/29/2008  Phone call(s) with Mr Neff | 0.30 | 112.50 |
| 9/2/2008  Researching ownership and reviewing on-line articles about Bally's / Harrahs | 1.00 | 375.00 |
| 9/5/2008  Preparing Complaint and Summons | 2.50 | 937.50 |
| preparing pacer search | 0.20 | 75.00 |
| 9/8/2008  Preparing letter to Neff & Assoc | 0.30 | 112.50 |
| Traveling to and from and attendance with Mr DiPalma to discuss Complaint | 1.80 | 675.00 |
| 9/16/2008  Preparing letter to Mr Ackerman | 0.60 | 225.00 |
| 9/24/2008  Reviewing letter from Mr Ackerman | 0.10 | 37.50 |
| 10/24/2008  reviewed defendants answer and affirmative defenses | 1.00 | 375.00 |
| 10/25/2008  Preparing Motion to strike Jury Demand and proposed Order | 1.00 | 375.00 |
| 11/4/2008  Reviewing Defendant's 12 page Motion to Dismiss or in the alternative, Motion for More Definite Statement | 1.50 | 562.50 |



EXHIBIT
3-2

Bally's Park Place, Inc.

Page    10

| | | Hours | Amount |
|---|---|---|---|
| 10/6/2011 | Explaining services performed by attorneys and results obtained | ~~1.50~~ | ~~637.50~~ |
| 12/2/2011 | reviewed defendant's responsive motion to Plaintiff's motion for attorney's fees | 3.50 | 1,487.50 |
| 12/5/2011 | Reseach on requirement to provide notice | 0.40 | 170.00 |
| | preparing rough draft of Response to def's section on excssive munber of prior lawsuits | 2.60 | 1,105.00 |
| 12/6/2011 | further preparation of responsive brief on issue of pre-suit notice and serial litigator and reviewing case law on pre-suit notice and on circumstances where cannot reduce fees under fee shifting statue | 5.50 | 2,337.50 |
| 12/7/2011 | further analysis and preparation of Plaintiff's response to Defendant's Objection to Plaintiffs' Fee Award | 3.00 | 1,275.00 |
| 12/8/2011 | Further preparation of brief on issues of pre suit notice and vexatious litigant and research on issues of vexatious litigants, pre-suit notice, prevailing plaintiff | 2.70 | 1,147.50 |
| 12/9/2011 | further review of Defendant's response to Plaintiffs Fee Application and responded to argument concerning necessissity of work on standing and issue of amount of work done after certified plaintiffs case is meritorius | 3.50 | 1,487.50 |
| 12/12/2011 | reviewing segment on expert fees, initial draft of response on issue of expert fees | 2.30 | 977.50 |
| | further preparation of response as to reasons litigation was protracted, further preparation on issue of validity of hours incurred when Spalluto was alive | 1.00 | 425.00 |
| 12/15/2011 | research law of court's right to deny fees to prevailing expert | 1.00 | 425.00 |
| | SUBTOTAL: | [ 242.85 | 96,908.75] |
| | LAF | | |
| 10/13/2009 | Travel to Atlantic City for Rule 34 Inspection (6.0  hours divided by 2 = 3.0); Conference with Mr Mattera (1.0) | 4.00 | 1,700.00 |
| 10/14/2009 | Inspection of Ballys (Regency Boardwalk's inspection on 10/15/09; Ballys inspection on 10/14/09) | 8.00 | 3,400.00 |
| 10/15/2009 | Returning to Airport and return flight to Florida (6.0 hours divided by 2 files) | 3.00 | 1,275.00 |
| 10/20/2009 | Phone call(s) with Mr Moore | 0.50 | 212.50 |
| | Phone call(s) with Mr Ackerman | 0.30 | 127.50 |
| 10/21/2009 | Preparing  status letter to be sent by Mr Ackerman to Court | 0.70 | 297.50 |
| 10/29/2009 | Conference with Mr Moore and Mr Ackerman (2.0 hours divided by 2 files) | 1.00 | 425.00 |

Bally's Park Place, Inc.

Page    18

| | Hours | Amount |
|---|---|---|
| ~~10/12/2011 Making final revisions to fee application (3.8hrs/2 files=1.9)~~ | ~~1.90~~ | ~~807.50~~ |
| ~~10/13/2011 Conference with expert Mattera for discussions regarding expert services rendered (1.6hrs/2=.8)~~ | ~~0.80~~ | ~~340.00~~ |
| ~~Phone call(s) with Mr. Alpert (.4hrs/2=.2)~~ | ~~0.20~~ | ~~85.00~~ |
| ~~10/14/2011 Making final revisions to application for fees and costs (3.0hrs/2=1.5)~~ | ~~1.50~~ | ~~637.50~~ |
| 12/2/2011 Reviewing Defendant's Document 120-3 regarding Defendant's Objections to Rates charged regarding Bally's | 2.20 | 935.00 |
| 1/12/2012 Anticipated time for traveling to and from Ft. Lauderdale to Camden and attending the fee hearing set for January 12, 2012 (time split between 2 files)(9.0 hrs/2 files= 4.5 hrs) | 4.50 | 1,912.50 |
| SUBTOTAL: | [ 247.50 | 105,187.50] |

Z-Paralegal

| | | Hours | Amount |
|---|---|---|---|
| 11/14/2008 | Download cases; check each citation of brief on standing; prepare front pages including table of contents and authorities of brief on standing; prepare exhibits of brief on standing (time of 4.0 hours divided by 2 with case "Caesar's") | 2.00 | 230.00 |
| 10/22/2009 | Preparing letter to Client, Ronald Moore with attachments. | 0.25 | 28.75 |
| 3/3/2010 | Prepared and sent letter to Magistrate Schneider in response to opposing counsel's request for an extension of time to submit Defendant's expert report. | 0.50 | 57.50 |
| 6/14/2010 | Download cases; check each citation of brief on standing; prepare front pages including table of contents and authorities of brief on standing; prepare exhibits of brief on standing | 3.00 | 345.00 |
| 6/18/2010 | Prepared Court's form of Joint Final PT Order. | 0.75 | 86.25 |
| | Prepared as directed and electronically file Plaintiffs' Notice of Pending Motion for Summary Judgment. | 0.43 | 49.45 |
| 6/21/2010 | Prepared as directed and e-mailed letter to both experts regarding deposition transcripts of any depositions they had both been a part of. (time split with Caesar's) | 0.25 | 28.75 |
| | Finalized Court's form of Joint Final PT Order and sent to opposing counsel to insert Defendant's portion. (time split with Caesar's) | 0.50 | 57.50 |
| 6/28/2010 | Spoke to expert James DiLuigi's office regarding follow-up if ever deposed. Referred to an attorney Mr. DiLuigi dealt with on another case but after calling, confirmed Mr. DiLuigi had not been deposed in the past two years. | 0.50 | 57.50 |

Bally's Park Place, Inc.

Page    23

| | | Amount |
|---|---|---|
| 2/25/2011 | Airport snack re attendance at evidentiary hearing on 2/24/11 | 14.00 |
| 3/2/2011 | Outside Photocopying Service - Ck.#17540 to Theodore Formaroli for hearing transcript | 170.28 |
| 5/12/2011 | Taxis to & from airport & court for hearing on 5/12/11 | 95.95 |
| | Airport parking 5/12/11 | 15.00 |
| 5/30/2011 | Photocopies | 16.00 |
| | Telephone Charges | 14.50 |
| 10/17/2011 | Photocopies | 68.00 |
| | Telephone Charges | 32.00 |
| 10/19/2011 | Photocopies (316 copies - costs split between Bally's and Caesar's) | 71.10 |
| 10/20/2011 | Photocopies - Color copies of exhibits/reports (192 pages) | 192.00 |
| 12/1/2011 | Photocopies (4 sets of working copies of Defendant's 90 page Brief and 400 pages of exhibits-1960 copies)(Cost split between Bally's and Caesar's) | 441.00 |
| 12/2/2011 | Photocopies (130 pages - copies of case law cited in Defendant's Brief)(costs split between Bally's and Caesar's) | 29.25 |
| 12/12/2011 | Photocopies - (4 sets of working copies of Defendant's 60 page Brief-240 copies) (Cost split between Bally's and Caesar's) | 54.00 |

SUBTOTAL:                                                          [    49,978.41]

Total additional charges                                        $49,978.41

Total amount of this bill                                       $256,442.36

# APPENDIX 5

## APPENDIX 5
## NOTES

1.   The Court Ordered a joint protocol for all the inspections in the eight consolidated cases.  See Report and Recommendation at 2 n.2, infra.

2.   The Court is unable to determine how much time was spent conferring with Mr. Moore.

3.   It was necessary for plaintiffs to prepare for trial until such time as defendants confirmed the case settled.

4.   As to defendants' motion to dismiss filed on October 30, 2008 and responded to by plaintiffs on November 17, 2008 (see No. 08-3817, Doc. Nos. 11, 14; No. 08-4679, Doc. Nos. 8, 11), the Court determined that J. Fuller spent a total of 26.6 hours to research and respond to both motions.  The Court finds this is a reasonable expenditure of time given the complexity and importance of the issues.

5.   As to defendants' motion for summary judgment filed on May 28, 2010 [Doc. No. 56], the Court determined that plaintiffs spent a total of 26.9 hours to respond on June 15, 2010 [Doc. No. 57] and to do followup work and research.  The Court finds this is a reasonable expenditure of time given the complexity and importance of the issues.

6.   In connection with the evidentiary hearing before Judge Bumb on February 24, 2011, the Court determined that a total of 19.4 hours were spent by J. Fuller and L. Fuller to prepare for and attend the hearing.  The Court finds this is a reasonable expenditure of time given the complexity and importance of the issues.  The Court notes that the Fullers did not bill any hours to the Caesar's matter in February 2011.  This may account for what appears to be a relatively low number of hours spent on preparing for and attending the February 2011 hearing.

7.   As to standing research after the February 24, 2011 hearing (see Doc. No. 76), the Court determined that a total of 24.4 hours was spent.  The Court finds this amount excessive given the extensive research and briefing that had already taken place.  The Court will reduce this time by 15.3 hours (all of J. Fuller's time).

8.   Documentation of these expenses has been provided. (Plaintiffs provided a rental car receipt on January 21, 2011 for $228.65 that the Court could not locate on plaintiffs' bills.)  Since the rental location was Warwick, Rhode Island, and the return was to Boston, MA, the Court suspects the receipt was produced in error.